B 1 (Official Form 1) (1/08)

| **United States Bankruptcy Court**<br>**Eastern District of Virginia** | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Chesapeake Corporation** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all):<br>**54-0166880** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>**1021 East Cary Street, 22nd Floor**<br>**Richmond, Virginia**<br>       ZIP CODE **23219** | Street Address of Joint Debtor (No. and Street, City, and State):<br><br>       ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>**City of Richmond, Virginia** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>**P O Box 2350**<br>**Richmond, Virginia**<br>       ZIP CODE **23218** | Mailing Address of Joint Debtor (if different from street address):<br><br>       ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>       ZIP CODE | |

| **Type of Debtor**<br>(Form of Organization)<br>(Check one box.) | **Nature of Business**<br>(Check one box.) | **Chapter of Bankruptcy Code Under Which**<br>**the Petition is Filed** (Check one box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☑ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)<br>_____ | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☑ Other | ☐ Chapter 7   ☐ Chapter 15 Petition for<br>☐ Chapter 9      Recognition of a Foreign<br>☑ Chapter 11     Main Proceeding<br>☐ Chapter 12   ☐ Chapter 15 Petition for<br>☐ Chapter 13      Recognition of a Foreign<br>           Nonmain Proceeding |
| | **Tax-Exempt Entity**<br>(Check box, if applicable.)<br>☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code). | **Nature of Debts**<br>(Check one box.)<br>☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."   ☑ Debts are primarily business debts. |

| **Filing Fee** (Check one box.) | **Chapter 11 Debtors** |
|---|---|
| ☑ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☑ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| **Statistical/Administrative Information** | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☑ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Assets

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☑ | ☐ |

Estimated Liabilities

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☑ | ☐ |

B 1 (Official Form 1) (1/08)                                                                                              **Page 2**

| **Voluntary Petition**<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>Chesapeake Corporatiaon |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) |||
|---|---|---|
| Location<br>Where Filed: | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) |||
|---|---|---|
| Name of Debtor:<br>  See Rider 1 | Case Number: | Date Filed: |
| District:    Eastern District of Virginia | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br><br>☑  Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual<br>whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.  I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X  _____<br>   Signature of Attorney for Debtor(s)      (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐    Yes, and Exhibit C is attached and made a part of this petition.

☑    No.

---

**Exhibit D**

(To be completed by every individual debtor.  If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐    Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐    Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

---

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☑    Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐    There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐    Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

---

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐    Landlord has a judgment against the debtor for possession of debtor's residence.  (If box checked, complete the following.)

                                                           _____
                                                           (Name of landlord that obtained judgment)

                                                           _____
                                                           (Address of landlord)

☐    Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐    Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐    Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| B 1 (Official Form) 1 (1/08) | Page 3 |
|---|---|

| **Voluntary Petition**<br>*(This page must be completed and filed in every case.)* | **Name of Debtor(s):**<br>Chesapeake Corporatiaon |
|---|---|

**Signatures**

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (if not represented by attorney)

_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

### Signature of Attorney*

X /s/ _____
Signature of Attorney for Debtor(s)
Benjamin C. Ackerly
Printed Name of Attorney for Debtor(s)
Hunton & Williams LLP
Firm Name
951 East Byrd Street
Address  Richmond, Virginia 23219

(804) 788-8200
Telephone Number
12/29/08
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X /s/ _____
Signature of Authorized Individual
Andrew J. Kohut
Printed Name of Authorized Individual
President & Chief Executive Officer
Title of Authorized Individual
December 29, 2008
Date

## RIDER 1 – LIST OF FILING ENTITIES

Along with the Debtor, Chesapeake Corporation, the following affiliated debtors contemporaneously have filed chapter 11 petitions in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division:

1. Chesapeake Printing and Packaging Company
2. Chesapeake Pharmaceutical Packaging Company, Inc.
3. Chesapeake International Holding Company
4. WTM I Company
5. Sheffield, Inc.
6. Chesapeake Assets Company
7. Chesapeake Recycling Company
8. Chesapeake Display and Packaging Company
9. The Chesapeake Corporation of Virginia
10. Chesapeake Corporation (Wisconsin)
11. Chesapeake Corporation (Massachusetts)
12. Chesapeake Corporation (D.C.)
13. Chesapeake Corporation (Illinois)
14. Chesapeake Corporation (Louisiana)
15. Chesapeake Forest Products Company, LLC
16. Cary St. Company
17. Delmarva Properties, Inc.
18. Stonehouse Inc.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 08- _____ |
| | ) | |
| CHESAPEAKE CORPORATION, *et al.*, | ) | Chapter 11 |
| | ) | |
| Debtors.[1] | ) | |
| | ) | |
| | ) | |

**EXHIBIT A TO VOLUNTARY PETITION**

1.   If any of the Debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is 1-3203.

2.   The following financial data is the latest available information and refers to the Debtor's condition on September 28, 2008.

    a.   Total assets                                                    $ 936,600,000[2]

    b.   Total debts (including debts listed in 2.c., below)    $ 937,100,000[2]

    c.   Debt securities held by more than 500 holders.                          [3]
                                                                   (Approximate number

---

[1]   The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Chesapeake Corporation (6880), Chesapeake Printing and Packaging Company (9208), Chesapeake Pharmaceutical Packaging Company, Inc. (0010), Chesapeake International Holding Company (1532), WTM I Company (1080), Sheffield, Inc. (6314), Chesapeake Assets Company (5293), Chesapeake Recycling Company (9383), Chesapeake Display and Packaging Company (4207), The Chesapeake Corporation of Virginia (6783), Chesapeake Corporation (Wisconsin) (7682), Chesapeake Corporation (Massachusetts) (7686), Chesapeake Corporation (D.C.) (7684), Chesapeake Corporation (Illinois) (7685), Chesapeake Corporation (Louisiana) (7681), Chesapeake Forest Products Company, LLC (6880), Cary St. Company (9092), Delmarva Properties, Inc. (7160), and Stonehouse Inc. (2481).

[2]   The Debtor is the parent of a number of direct and indirect subsidiaries (collectively, with the Debtor, "Chesapeake"). Chesapeake files periodic consolidated reports under the Securities Exchange Act of 1934. The total assets and debts identified herein are derived from Chesapeake's most recent quarterly filing with the Securities and Exchange Commission. The actual value of the assets and debts of the Debtor will be more fully defined in the Statement of Financial Affairs, Schedules of Assets and Liabilities and the claims resolution process. Accordingly, final numbers may differ significantly from the numbers identified herein.

[3]   The Debtor is not aware of more than 500 holders of any of its debt securities. The Debtor, however, does not have complete information about the beneficial holders of its debt securities. The Debtor will update this response if it learns that there are more than 500 holders of any of its debt securities.

of holders)

| | | | |
|---|---|---|---|
| secured / / | unsecured / / | subordinated / / | $_____ |
| secured / / | unsecured / / | subordinated / / | $_____ |
| secured / / | unsecured / / | subordinated / / | $_____ |
| secured / / | unsecured / / | subordinated / / | $_____ |
| secured / / | unsecured / / | subordinated / / | $_____ |
| d. | Number of shares of preferred stock | | _____0____ |
| e. | Number of shares of common stock | | ____20,559,115____ |

Comments, if any:

Chesapeake Corporation's Certificate of Authorization (the "Certificate") authorizes the issuance of 60,000,000 shares of common stock. As of November 21, 2008, 20,559,115 shares of common stock are issued and outstanding. The Certificate also authorizes the issuance of 500,000 shares of preferred stock, and no shares are outstanding.

3. Brief description of the Debtor's business:

The Debtor, through its debtor and non-debtor subsidiaries located throughout North America, Europe and Asia, is a supplier of specialty paperboard packaging products and an international supplier of plastic packaging products to niche end-use markets.

4. List the name of any person who directly or indirectly owns, controls or holds, with power to vote, 5% or more of the voting securities of debtor:

Upon information and belief, each of the following persons directly or indirectly owns, controls, or holds, with power to vote, the approximate percentage of voting securities listed following such person's name: Edelmann GmbH & Co. KG and Joachim W. Dziallas, 13.5% beneficially owned as of September 19, 2008; Barclays Global Investors, NA: 6.72% as of December 31, 2007; Dimensional Fund Advisors LP: 7.98% as of December 31, 2007; T. Rowe Price Associates, Inc.: 8.4% as of December 31, 2007; Wells Fargo & Company: 14.71% as of December 31, 2007.

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 08-_____ |
| | ) | |
| CHESAPEAKE CORPORATION, *et al.*, | ) | Chapter 11 |
| | ) | |
| Debtors.[1] | ) | |
| | ) | |
| | ) | |

## CONSOLIDATED LIST OF CREDITORS
## <u>HOLDING THE 50 LARGEST UNSECURED CLAIMS</u>

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors") each filed a petition in the Court for relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (as amended, the "Bankruptcy Code"). The following is the consolidated list of the Debtors' creditors holding the 50 largest unsecured claims (the "Consolidated List") as estimated based on the Debtors' books and records as of approximately December 15, 2008 except as noted herein. The Consolidated List is prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for filing in these chapter 11 cases. The Consolidated List does not include (1) persons who come within the definition of "insider" set forth in section 101(31) of the Bankruptcy Code, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the Consolidated List of 50 largest unsecured claims. The information herein shall not constitute an admission of liability by, nor is it binding on, the Debtors. The information herein, including the failure of the Debtors to list any claim as contingent, unliquidated or disputed, does not constitute a waiver of the Debtors' right to contest the validity, priority or amount of any claim.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Chesapeake Corporation (6880), Chesapeake Printing and Packaging Company (9208), Chesapeake Pharmaceutical Packaging Company, Inc. (0010), Chesapeake International Holding Company (1532), WTM I Company (1080), Sheffield, Inc. (6314), Chesapeake Assets Company (5293), Chesapeake Recycling Company (9383), Chesapeake Display and Packaging Company (4207), The Chesapeake Corporation of Virginia (6783), Chesapeake Corporation (Wisconsin) (7682), Chesapeake Corporation (Massachusetts) (7686), Chesapeake Corporation (D.C.) (7684), Chesapeake Corporation (Illinois) (7685), Chesapeake Corporation (Louisiana) (7681), Chesapeake Forest Products Company, LLC (6880), Cary St. Company (9092), Delmarva Properties, Inc. (7160), and Stonehouse Inc. (2481).

Benjamin C. Ackerly (VSB No. 09120)
Jason W. Harbour (VSB No. 68220)
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
Telephone: (804) 788-8200
Telecopier: (804) 788-8218

Peter S. Partee (VSB No. 34140)
HUNTON & WILLIAMS LLP
200 Park Avenue, 53rd Floor
New York, New York 10166-0136
Telephone: (212) 309-1000
Telecopier: (212) 309-1100

*Proposed Attorneys for Debtors
and Debtors-in-Possession*

| (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|
| Name of creditor and complete mailing address including zip code | Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | Nature of claim (trade debt, bank loan, government contract, etc.) | Indicate if claim is contingent, unliquidated, disputed or subject to setoff | Amount of claim (if secured also state value of security) |
| U.S. Bank National Association Corporate Trust Services 1021 E. Cary Street, Suite 1850 Richmond, VA 23219 | U.S. Bank National Association Corporate Trust Services 1021 E. Cary Street, Suite 1850 Richmond, VA 23219 (P) (804) 343-1567 (F) (804) 343-1572 Attn: Stephanie Haysley | 7% Corporate Debenture | | $103,230,769[2] |
| Bank of New York Mellon 101 Barclay Street 4E New York, NY 10286 | Bank of New York Mellon 101 Barclay Street 4E New York, NY 10286 (P) (212) 495-1784 (F) (212) 495-2546 Attn: Vanessa Mack | 10.375% Corporate Debenture | | $70,838,009[3] |
| Bank of New York Mellon Global Corporate Trust Corporate Trust Muni Mid/Atl One Wall Street New York, NY 10286 | Bank of New York Mellon Global Corporate Trust Corporate Trust Muni Mid/Atl One Wall Street New York, NY 10286 (P) (973) 247-4742 (F) (973) 357-7840 Attn: Thomas Vlahakis | IDA Debenture | | $50,847,656[4] |
| Samuel Taylor 2900 Park Ridge Rd Midlothian, VA 23113 | Samuel Taylor 2900 Park Ridge Rd Midlothian, VA 23113 (P) (804) 330-4166 | Retirement Plan Participant | Unliquidated | $1,071,502[5] |

---

[2]    In Euros as of November 30, 2008.

[3]    In Sterling as of November 30, 2008.

[4]    Amount as of November 30, 2008.

[5]    Amount estimated as of September 30, 2007.

| | | | | |
|---|---|---|---|---|
| Thomas Johnson<br>P.O. Box 421549<br>Atlanta, GA<br>30342 | Thomas Johnson<br>P.O. Box 421549<br>Atlanta, GA<br>30342<br>(P) (770) 955-3483 | Retirement Plan<br>Participant | Unliquidated | $481,242[5] |
| William M. Noftsinger<br>4 North Moorland<br>Richmond, VA<br>23229 | William M. Noftsinger<br>4 North Moorland<br>Richmond, VA<br>23229<br>(P) (804) 740-1563 | Retirement Plan<br>Participant | Unliquidated | $417,629[5] |
| Robert Argabright<br>8011 River Road<br>Richmond, VA<br>23229 | Robert Argabright<br>8011 River Road<br>Richmond, VA<br>23229<br>(P) (804) 288-3287 | Retirement Plan<br>Participant | Unliquidated | $360,653[5] |
| Edwin Carlstrom<br>156 Rainbow Drive<br>Livingston, TX<br>77399-1056 | Edwin Carlstrom<br>156 Rainbow Drive<br>Livingston, TX<br>77399-1056<br>(P) (520) 465-1814 | Retirement Plan<br>Participant | Unliquidated | $359,517[5] |
| Bryce Adie<br>3040 Windfield, Drive<br>Neenah, WI<br>54956 | Bryce Adie<br>3040 Windfield, Drive<br>Neenah, WI<br>54956<br>(P) (920) 836-2337 | Retirement Plan<br>Participant | Unliquidated | $299,279[5] |
| Charles Cianciola<br>7759 S.E. 12th Circle<br>Ocala, FL<br>34480 | Charles Cianciola<br>7759 S.E. 12th Circle<br>Ocala, FL<br>34480<br>(P) (414) 725-5718 | Retirement Plan<br>Participant | Unliquidated | $292,728[5] |

3

| | | | | |
|---|---|---|---|---|
| Jack Creech<br>2291 Charleston Place<br>Richmond, IN<br>47374 | Jack Creech<br>2291 Charleston Place<br>Richmond, IN<br>47374<br>(P) (765) 966-4701 | Retirement Plan<br>Participant | Unliquidated | $291,195[5] |
| Joseph Viviano<br>4251 Gulf Shore Blvd. N.<br>Naples, FL<br>34103 | Joseph Viviano<br>4251 Gulf Shore Blvd. N.<br>Naples, FL<br>34103<br>(P) (239) 263-8110 | Retirement Plan<br>Participant | Unliquidated | $279,338[6] |
| Harry Warner<br>126 West Midland Trail<br>Lexington, VA<br>24450 | Harry Warner<br>126 West Midland Trail<br>Lexington, VA<br>24450<br>(P) (540) 463-2318 | Retirement Plan<br>Participant | Unliquidated | $279,338[6] |
| Pete Chiericozzi<br>2255 Oregon Road<br>Salvisa, KY<br>40372 | Pete Chiericozzi<br>2255 Oregon Road<br>Salvisa, KY<br>40372<br>(P) (859) 865-1114 | Retirement Plan<br>Participant | Unliquidated | $273,620[5] |
| Dr. Frank Royal<br>1122 North 25th Street<br>Richmond, VA<br>23223 | Dr. Frank Royal<br>1122 North 25th Street<br>Richmond, VA<br>23223<br>(P) (804) 358-7430 | Retirement Plan<br>Participant | Unliquidated | $265,013[6] |
| Shirley Olsson<br>P.O. Box 300<br>West Point, VA<br>23181 | Shirley Olsson<br>P.O. Box 300<br>West Point, VA<br>23181<br>(P) (804) 843-2358 | Retirement Plan<br>Participant | Unliquidated | $207,148[5] |

---

[6]       Amount estimated as of October 30, 2008.

| | | | | |
|---|---|---|---|---|
| Franklyn Scharf<br>8131 Olsen Rd NW<br>Roanoke, VA<br>24019 | Franklyn Scharf<br>8131 Olsen Rd NW<br>Roanoke, VA<br>24019<br>(P) (540) 366-8244 | Retirement Plan<br>Participant | Unliquidated | $196,901[5] |
| Richard Tilghman<br>SunTrust Bank, Mid-<br>Atlantic<br>P.O. Box 26665<br>Richmond, VA 23261 | Richard Tilghman<br>SunTrust Bank, Mid-<br>Atlantic<br>P.O. Box 26665<br>Richmond, VA 23261<br>(P) (804) 285-3211 | Retirement Plan<br>Participant | Unliquidated | $193,388[6] |
| Robert Brake<br>P.O. Box 552<br>West Point, VA<br>23181-0552 | Robert Brake<br>P.O. Box 552<br>West Point, VA<br>23181-0552<br>(P) (804) 843-2168 | Retirement Plan<br>Participant | Unliquidated | $176,509[5] |
| Louis Matherne<br>12416 Greenwich Drive<br>Glen Allen, VA<br>23059 | Louis Matherne<br>12416 Greenwich Drive<br>Glen Allen, VA<br>23059<br>(P) (804) 716-0215 | Retirement Plan<br>Participant | Unliquidated | $164,262[5] |
| Garland Edmonds<br>P.O. Box 895<br>West Point, VA<br>23181 | Garland Edmonds<br>P.O. Box 895<br>West Point, VA<br>23181<br>(P) (804) 843-2585 | Retirement Plan<br>Participant | Unliquidated | $136,158[5] |
| Wallace Stettinius<br>206 Dryden Lane<br>Richmond, VA<br>23229 | Wallace Stettinius<br>206 Dryden Lane<br>Richmond, VA<br>23229<br>(P) (804) 740-8477 | Retirement Plan<br>Participant | Unliquidated | $136,088[6] |

| | | | | |
|---|---|---|---|---|
| James Nagy<br>4103 Dover Road<br>Richmond, VA<br>23221 | James Nagy<br>4103 Dover Road<br>Richmond, VA<br>23221<br>(P) (804) 353-5964 | Retirement Plan<br>Participant | Unliquidated | $122,492[5] |
| Alvah Eubank<br>P.O. Box 139<br>Mattaponi, VA<br>23110 | Alvah Eubank<br>P.O. Box 139<br>Mattaponi, VA<br>23110<br>(P) (804) 785-7915 | Retirement Plan<br>Participant | Unliquidated | $111,142[5] |
| Duff & Phelps<br>55 East 52nd Street,<br>30th Floor<br>New York, NY<br>10022 | Duff & Phelps<br>55 East 52nd Street,<br>30th Floor<br>New York, NY<br>10022<br>(P) (212) 871-9775<br>(F) (212) 575-5175<br>Attn: Thomas Stringer | Consultant | | $110,930[7] |
| John Harper<br>4040 Dogwood Drive<br>West Point, VA<br>23181 | John Harper<br>4040 Dogwood Drive<br>West Point, VA<br>23181<br>(P) (804) 843-2455 | Retirement Plan<br>Participant | Unliquidated | $108,980[5] |
| Matrinez, Odell &<br>Calabria<br>P.O. Box 190998<br>Hato Rey, Puerto Rico<br>00919-0998 | Matrinez, Odell &<br>Calabria<br>P.O. Box 190998<br>Hato Rey, Puerto Rico<br>00919-0998<br>(P) (787) 753-8914<br>(F) (787) 753-8402<br>Attn: Frederick Martinez | Consultant | | $91,472[7] |
| Richard Harrison<br>1500 West Brook Court,<br>Apt. 3105<br>Richmond, VA<br>23227 | Richard Harrison<br>1500 West Brook Court,<br>Apt. 3105<br>Richmond, VA<br>23227<br>(P) (804) 200-1338 | Retirement Plan<br>Participant | Unliquidated | $74,857[5] |

---

[7]    Includes accrual amounts as of December 1, 2008.

| | | | | |
|---|---|---|---|---|
| Clifford Paper, Inc.<br>600 East Crescent<br>Avenue<br>Upper Saddle River, NJ<br>07458 | Clifford Paper, Inc.<br>600 East Crescent<br>Avenue<br>Upper Saddle River, NJ<br>07458<br>(P) (201) 934-5115<br>(F) (201) 934-5188<br>Attn: Brian O' Sullivan,<br>CFO | Trade | | $70,143[7] |
| Rae Ehlen<br>500 Pine Lane<br>West Point, VA<br>23181 | Rae Ehlen<br>500 Pine Lane<br>West Point, VA<br>23181<br>(P) (804) 843-3097 | Retirement Plan<br>Participant | Unliquidated | $66,187[5] |
| Mac Papers, Inc.<br>3300 Philips Highway<br>Jacksonville, FL<br>32207 | Mac Papers, Inc.<br>3300 Philips Highway<br>Jacksonville, FL<br>32207<br>(P) (904) 348-3300<br>(F) (904) 348-3340<br>Attn: John Brent, CFO | Trade | | $65,907[7] |
| Gloria Hintz<br>138 West Square Court<br>Richmond, VA<br>23233 | Gloria Hintz<br>138 West Square Court<br>Richmond, VA<br>23233<br>(P) (804) 784-2623 | Retirement Plan<br>Participant | Unliquidated | $64,463[6] |
| Internal Revenue Service<br>400 North 8th Street,<br>Box 76<br>Stop Room 898<br>Richmond, VA<br>23218 | Internal Revenue Service<br>400 North 8th Street,<br>Box 76<br>Stop Room 898<br>Richmond, VA<br>23218<br>(P) (804) 916-8272<br>(F) (804) 916-8198<br>Attn: Mark Shaughnessy | Taxing Authority | Contingent, Unliquidated,<br>Disputed | Unknown |
| Pension Benefit Guaranty<br>Corporation<br>Dept. of Insurance<br>Supervision and<br>Compliance<br>PBGC<br>1200 K Street, N.W.,<br>Suite 270<br>Washington, D.C.<br>20005-4026 | Pension Benefit Guaranty<br>Corporation<br>Dept. of Insurance<br>Supervision and<br>Compliance<br>PBGC<br>1200 K Street, N.W.,<br>Suite 270<br>Washington, D.C.<br>20005-4026<br>(P) (202) 326-4400<br>(F) (202) 326-4112<br>Attn: Charles E. F.<br>Millard | Pension | Contingent, Unliquidated,<br>Disputed | Unknown |

| | | | | |
|---|---|---|---|---|
| Wisconsin Department of Revenue 2135 Rimrock Road Madison, WI 53713 | Wisconsin Department of Revenue 2135 Rimrock Road Madison, WI 53713 (P) (608) 266-2772 (F) (608) 267-0834 Attn: Roger M. Ervin, Secretary | Taxing Authority | Contingent, Unliquidated, Disputed | Unknown |
| Neil Rylance 5 Park Avenue Shelley Park Shelley Huddersfield HD8 8JG UK | Neil Rylance 5 Park Avenue Shelley Park Shelley Huddersfield HD8 8JG UK (P) (011) 44 77 4096 1648 | Severance | Unliquidated, Disputed | Unknown |
| Twentieth Century Refuse Removal Company, Inc. 1818 E. Atlantic St, Philadelphia, PA 19314-2013 | Twentieth Century Refuse Removal Company, Inc. 1818 Atlantic St. Philadelphia, PA 19314-2013 (P) (215) 743-0836 (F) (215) 743-3926 Attn: James Anthony III, President | Environmental | Contingent, Unliquidated, Disputed | Unknown |
| Pennsauken Solid Waste Management Authority 9600 River Road Pennsauken, NJ 08110 | Pennsauken Solid Waste Management Authority 9600 River Road Pennsauken, NJ 08110 (P) (856) 663-2772 (F) (856) 665-8788 Attn: John Lourdes | Environmental | Contingent, Unliquidated, Disputed | Unknown |
| Pollution Control Financing Authority of Camden County 729 Hylton Road Pennsauken, NJ 08110 | Pollution Control Financing Authority of Camden County 729 Hylton Road Pennsauken, NJ 08110 (P) (856) 663-2772 (F) (856) 665-8788 Attn: John Lourdes | Environmental | Contingent, Unliquidated, Disputed | Unknown |
| Township of Pennsauken Public Works Department 6725 Wayne Ave. Pennsauken, NJ 08110 | Township of Pennsauken Public Works Department 6725 Wayne Ave. Pennsauken, NJ 08110 (P) (856) 663-0178 (F) (856) 662-9508 Attn: John Figueroa | Environmental | Contingent, Unliquidated, Disputed | Unknown |

| | | | | |
|---|---|---|---|---|
| A. Marianni's Sons, Inc.<br>2942 E. Tioga Street<br>Philadelphia, PA<br>19134-6106 | A. Marianni's Sons, Inc.<br>2942 E. Tioga Street<br>Philadelphia, PA<br>19134-6106<br>(P) (215) 634-8138<br>(F) (215) 634-5512<br>Attn: James Marianni | Environmental | Contingent, Unliquidated, Disputed | Unknown |
| New York State Department of Environmental Conservation<br>Dulles State Office Building<br>317 Washington St.<br>Watertown, NJ<br>13601 | New York State Department of Environmental Conservation<br>Dulles State Office Building<br>317 Washington St.<br>Watertown, NJ<br>13601<br>(P) (318) 785-2513<br>(F) (318) 785-2422<br>Attn: Lincoln B. Fancher | Environmental | Contingent, Unliquidated, Disputed | Unknown |
| United States Environmental Protection Agency<br>Region III<br>1650 Arch Street<br>Philadelphia, PA<br>19103-2029 | United States Environmental Protection Agency<br>Region III<br>1650 Arch Street<br>Philadelphia, PA<br>19103-2029<br>(P) (215) 814-5000<br>(F) (215) 814-2905<br>Attn: Samantha Beers, Director | Environmental | Contingent, Unliquidated, Disputed | Unknown |
| United States Environmental Protection Agency<br>Region V<br>Superfund Division (SR-6J)<br>77 W. Jackson Blvd.<br>Chicago, IL<br>60604 | United States Environmental Protection Agency<br>Region V<br>Superfund Division (SR-6J)<br>77 W. Jackson Blvd.<br>Chicago, IL<br>60604<br>(P) (312) 353-2000<br>(F) (312) 353-4135<br>Attn: James Hahnenberg | Environmental | Contingent, Unliquidated, Disputed | Unknown |
| Wisconsin Department of Natural Resources<br>WDNR Project Coordinator<br>101 S. Webster Street<br>Madison, WI<br>53703 | Wisconsin Department of Natural Resources<br>WDNR Project Coordinator<br>101 S. Webster Street<br>Madison, WI<br>53703<br>(P) (608) 267-9352 – G. Hill<br>(P) (608) 266-1902 – B. Baker<br>(F) (608) 267-2800- G. Hill<br>(F) (608) 267-2800 – B. Baker<br>Attn: Gregory Hill & Bruce Baker, Fox River Trustee Council | Environmental | Contingent, Unliquidated, Disputed | Unknown |

| | | | | |
|---|---|---|---|---|
| United States Department of the Interior U.S. Fish and Wildlife Service, Region 3 BHW Federal Building One Federal Drive Fort Snelling, MN 55111-4056 | United States Department of the Interior U.S. Fish and Wildlife Service, Region 3 BHW Federal Building One Federal Drive Fort Snelling, MN 55111-4056 (P) (612) 713-5360 (F) (612) 713-5280 Attn: Charlie Wooley, Fox River Trustee Council | Environmental | Contingent, Unliquidated, Disputed | Unknown |
| United States Department of Commerce National Oceanic and Atmospheric Administration 77 W. Jackson Blvd. Chicago, IL 60604 | United States Department of Commerce National Oceanic and Atmospheric Administration 77 W. Jackson Blvd. Chicago, IL 60604 (P) (312) 886-7527 (F) (312) 353-9281 Attn: Todd Goeks, Coastal Resource Director | Environmental | Contingent, Unliquidated, Disputed | Unknown |
| Menominee Indian Tribe of Wisconsin P.O. Box 910 Keshena, Wisconsin 54135 | Menominee Indian Tribe of Wisconsin P.O. Box 910 Keshena, Wisconsin 54135 (P) (715) 799-5100 (F) (715) 799-3672 Attn: Gary Besaw, Fox River Trustee Council | Environmental | Contingent, Unliquidated, Disputed | Unknown |
| State of Michigan Michigan Department of Attorney General 525 W. Ottawa Street G. Mennen Williams Building, 6th Floor Lansing, MI 48909 | State of Michigan Michigan Department of Attorney General 525 W. Ottawa Street G. Mennen Williams Building, 6th Floor Lansing, MI 48909 (P) (517) 373-7540 (F) (517) 373-3042 Attn: Kathleen Cavanaugh, Fox River Trustee Council | Environmental | Contingent, Unliquidated, Disputed | Unknown |
| Oneida Tribe of Indians of Wisconsin Oneida Tribe Norbert Hill Center N7210 Seminary Road Oneida, Wisconsin 54155 | Oneida Tribe of Indians of Wisconsin Oneida Tribe Norbert Hill Center N7210 Seminary Road Oneida, Wisconsin 54155 (P) (800) 236-2214 (F) (920) 869-4040 Attn: Paul Ninham, Fox River Trustee Council | Environmental | Contingent, Unliquidated, Disputed | Unknown |

**Declaration Under Penalty of Perjury**
**on Behalf of a Corporation or Partnership**

I, _Andrew J Kohut_ an officer of Chesapeake Corporation, the debtor in one of the above-caption cases, declare under penalty of perjury that I have read the foregoing schedule and that it is true and correct to the best of my information and belief.

_Chesapeake Corporation_                                             December _29_, 2008
                          Debtor                                     Date

/s/

Andrew J. Kohut
**President and Chief Executive Officer**

I, _Andrew J Kohut_ an officer of Chesapeake Printing and Packaging Company, the debtor in one of the above-captioned cases, declare under penalty of perjury that I have read the foregoing schedule and that it is true and correct to the best of my information and belief.

Chesapeake Printing and Packaging Company                           December _29_ 2008
                          Debtor                                     Date

/s/

Andrew J. Kohut
**Vice President**

I, _J P Causey Jr._, an officer of Chesapeake Pharmaceutical and Packaging Company, the debtor in one of the above-captioned cases, declare under penalty of perjury that I have read the foregoing schedule and that it is true and correct to the best of my information and belief.

Chesapeake Pharmaceutical Packaging Company, Inc.                   December _29_ 2008
                          Debtor                                     Date

/s/

J.P. Causey Jr.
**Vice President and Secretary**

11

I, *Andrew J Kohut* an officer of Chesapeake International Holding Company, the debtor in one of the above-captioned cases, declare under penalty of perjury that I have read the foregoing schedule and that it is true and correct to the best of my information and belief.

**Chesapeake International Holding Company**                    December 29, 2008
                          Debtor                                                    Date

/s/

Andrew J. Kohut
President

I, *J P Causey Jr* an officer of WTM I Company, the debtor in one of the above-captioned cases, declare under penalty of perjury that I have read the foregoing schedule and that it is true and correct to the best of my information and belief.

**WTM I Company**                                     December 29, 2008
          Debtor                                                 Date

/s/

J.P. Causey Jr.
**Vice President and Secretary**

I, *J P Causey Jr*, an officer of Sheffield, Incorporated, the debtor in one of the above-captioned cases, declare under penalty of perjury that I have read the foregoing schedule and that it is true and correct to the best of my information and belief.

**Sheffield, Inc.**                                      December 29, 2008
          Debtor                                                 Date

/s/

J.P. Causey Jr.
**President**

12

I, *JP Causey Jr* an officer of Chesapeake Assets Company, the debtor in one of the above-captioned cases, declare under penalty of perjury that I have read the foregoing schedule and that it is true and correct to the best of my information and belief.

| Chesapeake Assets Company | December 27, 2008 |
| Debtor | Date |

/s/ J.P. Causey Jr.
President

I, *JP Causey Jr* an officer of Chesapeake Recycling Company, the debtor in one of the above-captioned cases, declare under penalty of perjury that I have read the foregoing schedule and that it is true and correct to the best of my information and belief.

| Chesapeake Recycling Company | December 29 2008 |
| Debtor | Date |

/s/ J.P. Causey Jr.
President

I, *Andrew J Kohut* an officer of Chesapeake Display and Packaging Company, the debtor in one of the above-captioned cases, declare under penalty of perjury that I have read the foregoing schedule and that it is true and correct to the best of my information and belief.

| Chesapeake Display and Packaging Company | December 29 2008 |
| Debtor | Date |

/s/ Andrew J. Kohut
President

13

I, _JP Causey Jr_ an officer of The Chesapeake Corporation of Virginia, the debtor in one of the above-captioned cases, declare under penalty of perjury that I have read the foregoing schedule and that it is true and correct to the best of my information and belief.

The Chesapeake Corporation of Virginia                    December 29 2008
                    Debtor                                         Date

/s/ _____

                J.P. Causey Jr.
                President


I, _JP Causey Jr_, an officer of Chesapeake Corporation (Wisconsin), the debtor in one of the above-captioned cases, declare under penalty of perjury that I have read the foregoing schedule and that it is true and correct to the best of my information and belief.

Chesapeake Corporation (Wisconsin)                        December 29 2008
                    Debtor                                         Date

/s/ _____

                J.P. Causey Jr.
                President


I, _JP Causey Jr_, an officer of Chesapeake Corporation (Massachusetts), the debtor in one of the above-captioned cases, declare under penalty of perjury that I have read the foregoing schedule and that it is true and correct to the best of my information and belief.

Chesapeake Corporation (Massachusetts)                    December 29 2008
                    Debtor                                         Date

/s/ _____

                J.P. Causey Jr.
                President

14

I, *J P Causey Jr*, an officer of Chesapeake Corporation (D.C.), the debtor in one of the above-captioned cases, declare under penalty of perjury that I have read the foregoing schedule and that it is true and correct to the best of my information and belief.

Chesapeake Corporation (D.C.)
_____
Debtor

/s/ _____
J.P. Causey Jr.
President

December 29, 2008
_____
Date


I, *J P Causey Jr*, an officer of Chesapeake Corporation (Illinois), the debtor in one of the above-captioned cases, declare under penalty of perjury that I have read the foregoing schedule and that it is true and correct to the best of my information and belief.

Chesapeake Corporation (Illinois)
_____
Debtor

/s/ _____
J.P. Causey Jr.
President

December 29, 2008
_____
Date


I, *J P Causey Jr*, an officer of Chesapeake Corporation (Louisiana), the debtor in one of the above-captioned cases, declare under penalty of perjury that I have read the foregoing schedule and that it is true and correct to the best of my information and belief.

Chesapeake Corporation (Louisiana)
_____
Debtor

/s/ _____
J.P. Causey Jr.
President

December 29, 2008
_____
Date

15

I, *JP Causey Jr*, an officer of Chesapeake Forest Products Company, LLC, the debtor in one of the above-captioned cases, declare under penalty of perjury that I have read the foregoing schedule and that it is true and correct to the best of my information and belief.

Chesapeake Forest Products Company, LLC                 December 29, 2008
                    Debtor                                        Date

/s/

        J.P. Causey Jr.
    Vice President and Secretary

I, *Candace Formacek*, an officer of Cary St. Company, the debtor in one of the above-captioned cases, declare under penalty of perjury that I have read the foregoing schedule and that it is true and correct to the best of my information and belief.

        Cary St. Company                             December 29, 2008
                Debtor                                        Date

/s/

        Candace C. Formacek
            Vice President

I, *JP Causey Jr* an officer of Delmarva Properties, Incorporated, the debtor in one of the above-captioned cases, declare under penalty of perjury that I have read the foregoing schedule and that it is true and correct to the best of my information and belief.

        Delmarva Properties, Inc.                     December 29, 2008
                Debtor                                        Date

/s/

        J.P. Causey Jr.
    Vice President and Secretary

I, *JP Causey JR* an officer of Stonehouse Incorporated, the debtor in one of the above-captioned cases, declare under penalty of perjury that I have read the foregoing schedule and that it is true and correct to the best of my information and belief.

Stonehouse Inc.
Debtor

/s/

J.P. Causey Jr.
**Vice President and Secretary**

December 29 2008
Date

## RESOLUTIONS OF THE EXECUTIVE COMMITTEE OF
## THE BOARD OF DIRECTORS OF CHESAPEAKE CORPORATION

I, J.P. Causey Jr., the duly qualified and elected Secretary of CHESAPEAKE CORPORATION, a Virginia corporation (the "Company"), hereby certify that at a special meeting of the Executive Committee of the Board of Directors of the Company (the "Committee") duly called and held on December 28, 2008, the following resolutions (collectively, the "Resolutions") were adopted in accordance with the bylaws of the Company by the Executive Committee acting on behalf of the Board of Directors, and that said Resolutions have not been modified or rescinded and are still in full force and effect on the date hereof:

WHEREAS, the Board of Directors of Chesapeake Corporation has considered the Company's business activities and liquidity issues at numerous Board of Directors meetings, has evaluated the Company's alternatives in connection with a possible financial restructuring and has stated its support for the financial restructuring plan being considered by the Committee as set forth below, and

WHEREAS, in connection with the Company's consideration of possible financial restructurings, management has been in discussions with certain of the holders of its 7% Senior Subordinated Notes due 2014 and 10 3/8% Senior Subordinated Notes due 2011 (the "Bondholder Group"); and

WHEREAS, the Committee has reviewed (a) the proposed Asset Purchase Agreement, to be dated on or about December 29, 2008, by and between the Company, certain of its U.S. subsidiaries and the Bondholder Group (the "Purchase Agreement"), and related documentation, and (b) proposed bankruptcy and debtor-in-possession financing documentation to be dated on or about December 29, 2008, all which was distributed to the Committee prior to this meeting; and

WHEREAS, after consultation with the Company's management and its legal and financial advisors, as contemplated by Section 13.1-690 of the Virginia Stock Corporation Act, and its review of the applicable bankruptcy, debtor-in-possession financing and asset sale documentation, the Committee has determined that it is in the best interests of the Company to file a voluntary petition on behalf of the Company and certain of its subsidiaries for relief under chapter 11 of title 11 of the United States Code.

## BANKRUPTCY FILING AUTHORIZATION

NOW, THEREFORE, BE IT RESOLVED, that in the good faith business judgment of the Committee, it is in the best interest of the Company, its creditors, stakeholders and other interested parties, that a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), be filed in the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court"); and

BE IT RESOLVED FURTHER, that the officers of the Company or any one of them (the "Officers") be, and each hereby is, authorized, empowered and directed to execute and verify on behalf of and in the name of the Company, a voluntary petition for

relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court in such form and at such time as the Officer executing said petition on behalf of the Company shall determine; and

BE IT RESOLVED FURTHER, that the Officers, or any one of them, be, and each hereby is, authorized, directed and empowered, on behalf of and in the name of the Company, to execute, verify and/or file, or cause to be filed and/or executed or verified (or direct others to do so on their behalf as provided herein) all necessary documents, including, without limitation, a plan of reorganization and disclosure statement, and all petitions, affidavits, schedules, motions, lists, applications, pleadings, and other papers, and in that connection to employ and retain all assistance by legal counsel or other professionals and to take any and all actions which they deem necessary and proper in connection with the chapter 11 case contemplated hereby, with a view to the successful prosecution of such case; and

BE IT RESOLVED FURTHER, that all acts lawfully done or actions lawfully taken by any Officer to seek relief on behalf of the Company under chapter 11 of the Bankruptcy Code or in connection with the chapter 11 case, or matters related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company; and

BE IT RESOLVED FURTHER, that the Company shall be and hereby is authorized, empowered and directed to employ, on behalf of the Company, the law firm of Hunton & Williams LLP under a special retainer as general bankruptcy counsel to the Company and in other related matters on such terms and conditions as any Officer of the Company shall approve; and

BE IT RESOLVED FURTHER, that the Company shall be and hereby is authorized, empowered and directed to employ, on behalf of the Company, Alvarez and Marsal, as financial advisor to the Company on such terms and conditions as any Officer of the Company shall approve; and

BE IT RESOLVED FURTHER, that the Company shall be and hereby is authorized, empowered and directed to employ, on behalf of the Company, the law firm of Tavenner & Beran PLC under a special retainer as conflicts counsel to the Company and in other related matters on such terms and conditions as any Officer of the Company shall approve; and

BE IT RESOLVED FURTHER that the Company shall be and hereby is authorized, empowered and directed to employ, on behalf of the Company, Goldman Sachs & Co. as financial advisor for the Company on such terms and conditions as any Officer of the Company shall approve that are consistent with the Company's existing engagement letter with such firm; and

BE IT RESOLVED FURTHER, that the Company shall be and hereby is authorized, empowered and directed to employ, on behalf of the Company, Kurtzman Carson Consultants under a special retainer as claims, noticing, and balloting agent for

the Company on such terms and conditions as any Officer of the Company shall approve; and

BE IT RESOLVED FURTHER, that the Company shall be and hereby is authorized, empowered and directed to employ, on behalf of the Company, Hammonds LLP under a special retainer as special counsel for the Company on such terms and conditions as any Officer of the Company shall approve; and

BE IT RESOLVED FURTHER, that the Company shall be and hereby is authorized and empowered to employ, on behalf of the Company, such other counsel, financial advisors or other professionals as may be prudent and desirable in connection with the prosecution and/or administration of the restructuring of the Company under the Bankruptcy Code on such terms and conditions as any Officer of the Company shall approve; and

## DIP FACILITY AUTHORIZATION

BE IT RESOLVED FURTHER, that the Company be, and hereby is, authorized to enter into, execute and deliver the Third Amended and Restated Credit Agreement (including any amendments and amendments and restatements, the "DIP Credit Agreement"), and the transactions contemplated under the DIP Credit Agreement, by and among the Company, the subsidiaries of the Company signatory thereto as Borrowers, and various financial institutions and other persons from time to time parties thereto, providing for a credit facility of up to $37,100,000, in substantially the form of the draft DIP Credit Agreement dated as of December 30, 2008, with such changes as are deemed necessary, appropriate or desirable by the Officer executing the same, the execution thereof by such Officer to be conclusive evidence of such approval and determination (the DIP Credit Agreement and all of the agreements related thereto the "Transaction Documents"); and

BE IT RESOLVED FURTHER, that any Officer is, and each of them individually hereby are, authorized, in the name and on behalf of the Company, to execute and deliver the DIP Credit Agreement and all notes, guaranties, security agreements, pledge agreements, instruments or other documents or agreements related thereto or required thereby; all containing such terms and conditions, setting forth such rights and obligations and otherwise addressing or dealing with such subjects or matters determined to be necessary, appropriate or desirable by the Officer executing the same, the execution thereof by such Officer to be conclusive evidence of such determination, and to do all such other acts or deeds as are or as are deemed by such Officer to be necessary, appropriate or desirable to effectuate the intent of, or matters reasonably contemplated or implied by, this resolution and the foregoing resolutions; and

BE IT RESOLVED FURTHER, that the Company is authorized to perform fully its obligations under the DIP Credit Agreement, the Transaction Documents and any such other agreements, guaranties or amendments related thereto and to engage without limitation in such other transactions, arrangements or activities (collectively, the "Activities") as are reasonably related or incident to or which will serve to facilitate or

3

enhance for the benefit of the Company the transactions contemplated by these resolutions, including without limitation any modification, extension or expansion (collectively, the "Changes") of any of the Activities or of any other transactions, arrangements or activities resulting from any of the Changes and to enter into such other agreements or understandings as are necessary, appropriate or desirable to effectuate the intent of, or matters reasonably contemplated or implied by, this resolution and each of the foregoing resolutions; and

BE IT RESOLVED FURTHER, that any Officer be, and each of them hereby is, authorized and empowered to authorize the Administrative Agent or any collateral agent under the Transaction Documents to file any Uniform Commercial Code (the "UCC") financing statement necessary or convenient to perfect any lien or security interest granted under any Transaction Document for the benefit of the lenders party to the DIP Credit Agreement, including any such UCC financing statement containing a super-generic description of collateral, such as "all assets", "all property now or hereafter acquired" and other similar descriptions of like import and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Company and such other filing in respect of intellectual and other property of the Company, in each case as reasonably requested to perfect the security interests referred to in the Transaction Documents; and

BE IT RESOLVED FURTHER, that all actions heretofore taken consistent with the purpose and intent of the foregoing resolutions are hereby ratified, confirmed and approved in all respects as the acts and deeds of the Company; and

BE IT RESOLVED FURTHER, that in addition to the specific authorizations heretofore conferred upon the Officers, each of the Officers be, and they hereby are, authorized and directed to take or perform or cause to be taken or performed all such further actions, to execute and deliver or cause to be executed and delivered all such further certificates, agreements, instruments and documents in the name and on behalf of the Company, to incur and pay or cause to be paid all such fees and expenses as in their judgment shall be necessary or advisable in order to carry out fully the intent and purposes of the foregoing resolutions; and

BE IT RESOLVED FURTHER, that the omission from these resolutions of any agreement, document or other arrangement contemplated by any of the agreements, documents or instruments described in the foregoing resolutions or any action taken in accordance with any requirement of any of the agreements, documents or instruments described in the foregoing resolutions shall in no manner derogate from the authority of the Officer(s) to take all actions necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the transactions contemplated by, and intent and purposes of, the foregoing resolutions; and

## PURCHASE AGREEMENT AUTHORIZATION

BE IT RESOLVED FURTHER, that the Purchase Agreement and all of the transactions contemplated therein and incidental thereto, be, and hereby are, approved,

and the Officers are, and each hereby is, authorized and directed to negotiate the final form of the Purchase Agreement, and to execute and deliver the Purchase Agreement in substantially the form of the draft exhibited at this meeting, for and in the name of the Company, with such changes therein as such Officer shall approve, said approval to be conclusively evidenced by his execution and delivery of said Purchase Agreement; and

BE IT RESOLVED FURTHER, that each Officer be, and each such Officer hereby is, authorized to prepare, execute and file all applications, certificates or other documentation for any approvals required as a condition, or necessary or useful to effect or facilitate, the transactions contemplated by the Purchase Agreement; and

## MISCELLANEOUS

BE IT FURTHER RESOLVED, that in addition to and without limiting the foregoing, the appropriate Officers be, and each of them hereby is, authorized to take, or cause to be taken, such further action, and to negotiate, execute and deliver, or cause to be delivered, for and in the name and on behalf of the Company, all such instruments and documents (including any changes to the same) that such Officer may deem appropriate in order to effect the intent of the foregoing resolutions (as conclusively evidenced by the taking of such action or the execution and delivery of such instruments, as the case may be) and all actions heretofore taken by the Officers, the managers and agents of the Company in connection with the subject of the foregoing recitals and resolutions be, and hereby are, approved, ratified and confirmed in all respects as the acts and deeds of the Company.

BE IT RESOLVED FURTHER, that the effective date of the foregoing resolutions shall be December 29, 2008.

IN WITNESS WHEREOF, the undersigned has executed this certificate as of this 29th day of December, 2008.

By : _____
J.P. Causey Jr., Secretary

5

## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF VIRGINIA
_____Eastern_____ Division

**In re**    Chesapeake Corporation

|  |  |
|---|---|
| Debtor(s) | Case No.  08- |
| Plaintiff(s) | Chapter    11 |
| v. |  |
| Defendant(s) | Adversary No. |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to FRBP 1007(a)(1), or FRBP 7007.1(a) the undersigned counsel for the
following corporate entity:

  Chesapeake Corporation
_____

in the above captioned case or adversary proceeding certifies that the following
corporation(s), other than a governmental unit, directly or indirectly owns 10% or more
of any class of the corporation's equity interest, or states that there are no entities to
report under FRBP 1007(a)(1), or FRBP 7007.1(a):

Wells Fargo & Company
Edelmann GmbH & Co. KG  and  Joachim W Dziallas

☐ No entities to report under FRBP 1007(a)(1), or FRBP 7007.1(a) *[Check if applicable]*

December 29, 2008
_____
Date

_____
Signature of Debtor's Counsel or
Party in Adversary Proceeding

[cpownstm ver. 3/2004]

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

In re ___Chesapeake Corporation___

_____

Debtor(s)

Case No. 08-_____

Chapter 11 _____

# DECLARATION OF DIVISIONAL VENUE

The debtor's domicile, residence, principal place of business or principal assets were located for the greater part of the 180 days preceding the filing of the bankruptcy petition in the indicated city or county [check one box only]:

**ALEXANDRIA DIVISION**
**Cities:**
- ❑ Alexandria-510
- ❑ Fairfax-600
- ❑ Falls Church-610
- ❑ Manassas-683
- ❑ Manassas Park-685

**Counties:**
- ❑ Arlington-013
- ❑ Fairfax-059
- ❑ Fauquier-061
- ❑ Loudoun-107
- ❑ Prince William-153
- ❑ Stafford-179

**RICHMOND DIVISION**
**Cities:**
- ☒ Richmond (city)-760
- ❑ Colonial Heights-570
- ❑ Emporia-595
- ❑ Fredericksburg-630
- ❑ Hopewell-670
- ❑ Petersburg-730

**Counties:**
- ❑ Amelia-007
- ❑ Brunswick-025
- ❑ Caroline-033
- ❑ Charles City-036
- ❑ Chesterfield-041
- ❑ Dinwiddie-053
- ❑ Essex-057
- ❑ Goochland-075
- ❑ Greensville-081
- ❑ Hanover-085
- ❑ Henrico-087
- ❑ King and Queen-097
- ❑ King George-099
- ❑ King William-101
- ❑ Lancaster-103
- ❑ Lunenburg-111
- ❑ Mecklenburg-117
- ❑ Middlesex-119
- ❑ New Kent-127
- ❑ Northumberland-133
- ❑ Nottoway-135
- ❑ Powhatan-145
- ❑ Prince Edward-147
- ❑ Prince George-149
- ❑ Richmond(county)-159
- ❑ Spotsylvania-177
- ❑ Surry-181
- ❑ Sussex-183
- ❑ Westmoreland-193

**NORFOLK DIVISION**
**Cities:**
- ❑ Norfolk-710
- ❑ Cape Charles-535
- ❑ Chesapeake-550
- ❑ Franklin-620
- ❑ Portsmouth-740
- ❑ Suffolk-800
- ❑ Virginia Beach-810

**Counties:**
- ❑ Accomack-001
- ❑ Isle of Wight-093
- ❑ Northampton-131
- ❑ Southampton-175

**NEWPORT NEWS DIVISION**
**Cities:**
- ❑ Newport News-700
- ❑ Hampton-650
- ❑ Poquoson-735
- ❑ Williamsburg-830

**Counties:**
- ❑ Gloucester-073
- ❑ James City-095
- ❑ Mathews-115
- ❑ York-199

Date: December 29, 2008

_____
**Signature of Attorney or _Pro Se_ Debtor**

❑ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this Division.

_____
**Signature of Joint Debtor** (if case is a joint case and debtors are not represented by an attorney)

Ver. 8/22/00