# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 08-36642-DOT |
|  | ) |  |
| CANAL CORPORATION, *et al.*, | ) | Chapter 11 |
|  | ) |  |
| Debtors.[1] | ) | (Jointly Administered) |
|  | ) |  |
|  | ) |  |

**ORDER (I) APPROVING THE DISCLOSURE STATEMENT; (II) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT THE PLAN, INCLUDING (A) APPROVING FORM AND MANNER OF SOLICITATION PROCEDURES, (B) APPROVING FORM AND NOTICE OF THE CONFIRMATION HEARING, (C) ESTABLISHING RECORD DATE AND APPROVING PROCEDURES FOR DISTRIBUTION OF SOLICITATION PACKAGES, (D) APPROVING FORMS OF BALLOTS, (E) ESTABLISHING DEADLINE FOR RECEIPT OF BALLOTS AND (F) APPROVING PROCEDURES FOR VOTE TABULATIONS; (III) ESTABLISHING DEADLINE AND PROCEDURES FOR FILING OBJECTIONS (A)**

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Canal Corporation (f/k/a/ Chesapeake Corporation) (6880), Canal NC Company (f/k/a Chesapeake Printing and Packaging Company) (9208), Canal NY Company, Inc. (f/k/a Chesapeake Pharmaceutical Packaging Company, Inc.) (0010), Canal IH Company (f/k/a Chesapeake International Holding Company) (1532), WTM I Company (1080), Sheffield, Inc. (6314), Canal Resources Company (f/k/a Chesapeake Assets Company) (5293), Canal YR Company (f/k/a Chesapeake Recycling Company) (9383), Canal D&P Company (f/k/a Chesapeake Display and Packaging Company) (4207), Canal Virginia Company (f/k/a The Chesapeake Corporation of Virginia) (6783), Canal Corporation (Wisconsin) (f/k/a Chesapeake Corporation (Wisconsin)) (7682), Canal Corporation (Massachusetts) (f/k/a Chesapeake Corporation (Massachusetts)) (7686), Canal Corporation (D.C.) (f/k/a Chesapeake Corporation (D.C.)) (7684), Canal Corporation (Illinois) (f/k/a Chesapeake Corporation (Illinois)) (7685), Canal Corporation (Louisiana) (f/k/a Chesapeake Corporation (Louisiana)) (7681), Canal FP Company, LLC (f/k/a Chesapeake Forest Products Company, LLC) (6880), Canal DE Company (f/k/a Cary St. Company) (9092), Canal DP Company (f/k/a Delmarva Properties, Inc.) (7160), and Canal SH Company (f/k/a Stonehouse Inc.) (2481).

Benjamin C. Ackerly (VSB No. 09120)
Jason W. Harbour (VSB No. 68220)
Shannon E. Daily (VSB No. 79334)
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
Telephone: (804) 788-8200
Telecopier: (804) 788-8218

Peter S. Partee (VSB No. 34140)
HUNTON & WILLIAMS LLP
200 Park Avenue, 53rd Floor
New York, New York 10166-0136
Telephone: (212) 309-1000
Telecopier: (212) 309-1100

*Attorneys for Debtors and
Debtors-in-Possession*

**TO CONFIRMATION OF THE PLAN, AND (B) TO PROPOSED <u>CURE AMOUNTS; AND
(IV) GRANTING RELATED RELIEF</u>**

Upon the motion (the "<u>Motion</u>")[2] of the Plan Debtors for entry of an order pursuant to

sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules 2002, 3016, 3017 and 3020

and Local Rule 3016-1, (i) approving the Disclosure Statement as containing "adequate

information" as that term is defined in section 1125(a)(1) of the Bankruptcy Code; (ii) establishing

procedures for solicitation and tabulation of votes to accept or reject the Plan including (a)

approving the form and manner of the solicitation packages, (b) approving the form and manner of

notice of the confirmation hearing, (c) establishing a record date and approving procedures for

distributing solicitation packages, (d) approving the forms of ballots, (e) establishing the deadline

for the receipt of ballots and (f) approving procedures for tabulating acceptances and rejections of

the Plan; (iii) establishing the deadline and procedures for filing objections (a) to confirmation of

the Plan and (b) to proposed Cure Amounts; and (iv) granting related relief; and upon the *Second*

*Amended Joint Plan of Liquidation of Canal Corporation and Certain of Its Affiliated Debtors*

[Docket No. 1324] (including all exhibits thereto and as amended, modified or supplemented from

time to time, the "<u>Plan</u>") and the *Disclosure Statement With Respect to Second Amended Joint*

*Plan of Liquidation of Canal Corporation and Certain of Its Affiliated Debtors* [Docket No. 1325]

(including all exhibits thereto and as amended, modified or supplemented from time to time, the

"<u>Disclosure Statement</u>"); the Court finds that: (a) it has jurisdiction over the matters raised in the

Motion pursuant to 28 U.S.C. §§ 157 and 1334(b); (b) this is a core proceeding pursuant to 28

U.S.C. § 157(b)(2); (c) the relief requested in the Motion is in the best interests of the Debtors'

estates and creditors; (d) proper and adequate notice of the Motion and the hearing thereon has

---

[2] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Motion.

been given and no other or further notice is necessary; and (e) upon the record herein after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein.  Therefore,

**IT IS HEREBY ORDERED THAT:**

1.     The Motion is GRANTED.

2.     The Disclosure Statement is approved as containing adequate information within the meaning of section 1125 of the Bankruptcy Code, and any objections to the adequacy of the information contained in the Disclosure Statement not otherwise consensually resolved are overruled.

3.     The Plan Debtors shall mail or caused to be mailed to the Voting Parties no later than February 22, 2011, a solicitation package containing:  (i) written notice (the "<u>Confirmation Hearing Notice</u>"), substantially in the form annexed hereto as <u>Exhibit 1</u>, of (a) the Court's approval of the Disclosure Statement, (b) the deadline for voting on the Plan, (c) the date of the Confirmation Hearing, and (d) the deadline and procedures for filing objections to confirmation of the Plan, which Confirmation Hearing Notice is approved; (ii) the Plan (either by paper copy or in "pdf" format on a CD-Rom, at the Plan Debtors' discretion); (iii) the Disclosure Statement, substantially in the form approved by the Court (either by paper copy or in "pdf" format on a CD-Rom, at the Plan Debtors' discretion); (iv) the appropriate Ballot (substantially in the form annexed hereto as <u>Exhibits 3-a</u> through <u>3-d</u>) and ballot return envelope; (v) a letter from the Committee urging unsecured creditors to vote in favor of the Plan if the Committee agrees to provide such a letter; and (vi) such other information as the Court may direct or approve

(collectively, the "Solicitation Package").  The Solicitation Package and the manner of service of the Solicitation Package satisfies the requirements of Bankruptcy Rule 3017(d).

4.  The Plan Debtors shall mail or cause to be mailed to each of the known counterparties to the Assumed Executory Contracts and the Rejected Executory Contracts a Confirmation Hearing Notice as well as copies of the Disclosure Statement and the Plan (either by paper copy or in "pdf" format on a CD-Rom, at the Plan Debtors' discretion).

5.  The Plan Debtors are not required to transmit a Solicitation Package to the Non-Voting Parties.  By February 22, 2011, the Plan Debtors shall mail or cause to be mailed to each Non-Voting Party the Non-Voting Creditor Notice substantially in the form attached hereto as Exhibit 2.

6.  February 15, 2011, is established as the record date (the "Record Date") for the purposes of determining the Holders of Claims and Interests entitled to receive the Solicitation Package and to vote on the Plan, and for the purpose of determining the Holders of Claims and Interests entitled to receive the Non-Voting Creditor Notice.

7.  Kurtzman Carson Consultants, LLC ("KCC") shall tabulate the Ballots and certify to the Court the results of the balloting (in such capacity KCC shall be referred to as the "Solicitation Agent," the "Tabulation Agent" or the "Balloting Agent").

8.  The Plan Debtors are permitted to dispense with the mailing of Solicitation Packages or Non-Voting Creditor Notices to addresses and entities to which the notice of the Disclosure Statement Hearing was returned by the United States Postal Service as undeliverable, unless the Plan Debtors are provided with an accurate address.

9.     The Ballots, substantially in the form annexed hereto as <u>Exhibits 3-a</u> through <u>3-d</u>, are hereby approved.

10.     All Ballots must be properly executed, completed and delivered to the Balloting Agent at Canal Corporation (f/k/a Chesapeake Corporation) Ballots, c/o Kurtzman Carson Consultants, 2335 Alaska Ave., El Segundo, CA 90245, so that the Ballots are actually received on or before **March 22, 2011, at 5:00 p.m. (prevailing Pacific Time)** (the "<u>Voting Deadline</u>"), unless extended by the Plan Debtors.  Ballots cast by facsimile, email or other electronic transmission will not be counted unless approved in advance by the Plan Debtors in writing.

11.     For purposes of voting on the Plan, the amount of a Claim held by a creditor shall be determined pursuant to the following guidelines:

(a)     The amount of the Claim listed in a Plan Debtor's schedule of liabilities, provided that (i) such Claim is not scheduled as contingent, unliquidated, undetermined or disputed, and (ii) no proof of claim has been timely filed (or otherwise deemed timely filed by the Court under applicable law).

(b)     The noncontingent and liquidated amount specified in a proof of claim timely filed with the Court or KCC (or otherwise deemed timely filed by the Court under applicable law) to the extent the proof of claim is not the subject of an objection, or an objection by the Plan Debtors to a Claim amount solely for voting purposes, filed no later than February 15, 2011 (the "<u>Vote Objection Deadline</u>") (or, if such Claim has been resolved pursuant to a stipulation or order entered by the Court, or otherwise resolved by the Court, the amount set forth in such stipulation or order).

(c)     The amount temporarily allowed by the Court for voting purposes, pursuant to Bankruptcy Rule 3018(a), provided that a motion is brought, notice is provided and a hearing is held at or prior to the Confirmation Hearing, in accordance with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

(d)     Except as otherwise provided in subsection (c) hereof, with respect to Ballots cast by alleged creditors whose Claims (i) are not listed on a Plan Debtor's schedule of liabilities, or (ii) are listed as disputed, contingent and/ or unliquidated on a Plan Debtor's schedule of liabilities, but who have

timely filed proofs of claim in wholly unliquidated or unknown amounts that are not the subject of an objection filed before the Vote Objection Deadline, such Ballots shall be counted as votes in determining whether the numerosity requirement of section 1126(c) of the Bankruptcy Code has been met, and shall be counted as having a value of $1.00 for determining whether the aggregate Claim amount requirement has been met.

12.    If a creditor casts a Ballot and has timely filed a proof of claim (or has otherwise had a proof of claim deemed timely filed by the Court under applicable law), but the creditor's Claim is the subject of an objection (either generally to the applicable Claim, or solely for purposes of determining the amount of the applicable Claim for voting purposes) filed no later than the Vote Objection Deadline, then the creditor's Ballot shall not be counted, unless such Claim is temporarily allowed by the Court for voting purposes, pursuant to Bankruptcy Rule 3018(a), after a Claims Estimation Motion is brought by such creditor, notice is provided and a hearing is held at or prior to the Confirmation Hearing.  Notwithstanding the foregoing, if an objection to a Claim requests that such Claim be reclassified and/or allowed in a fixed, reduced amount, such claimant's Ballot shall be counted in such reduced amount and/or as the reclassified category.

13.    Creditors seeking to have a Claim temporarily allowed for purposes of voting to accept or reject the Plan pursuant to Bankruptcy Rule 3018(a) must file and serve notice of a hearing on, and a Claims Estimation Motion, no later than **March 8, 2011**.  The Court will schedule a hearing on such Claims Estimation Motion to be heard at or prior to the Confirmation Hearing.  If a Claims Estimation Motion is timely filed, the Plan Debtors shall be required to send a provisional Ballot to such claimant (unless such claimant has already been provided with a ballot).

14. The following voting procedures and standard assumptions shall be used in tabulating the Ballots:

(a) For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor in a particular Class will be aggregated as if such creditor held one Claim against the Plan Debtors in such Class, and the votes related to such Claims will be treated as a single vote to accept or reject the Plan.

(b) Creditors must vote all of their Claims within a particular Class either to accept or reject the Plan and may not split their vote. Accordingly, a Ballot (or multiple Ballots with respect to multiple Claims within a single Class) that partially rejects and partially accepts the Plan will not be counted.

(c) Ballots that fail to indicate an acceptance or rejection of the Plan or that indicate both acceptance and rejection of the Plan, but which are otherwise properly executed and received prior to the Voting Deadline, will not be counted.

(d) Only Ballots that are timely received with original signatures will be counted. Unsigned Ballots will not be counted.

(e) Ballots postmarked prior to the Voting Deadline, but received after the Voting Deadline, will not be counted.

(f) Ballots that are illegible, or contain insufficient information to permit the identification of the creditor, will not be counted.

(g) Whenever a creditor casts more than one Ballot voting the same Claim prior to the Voting Deadline, the last Ballot received prior to the Voting Deadline shall be deemed to reflect the voter's intent and supersede any prior Ballots.

(h) If a creditor simultaneously casts inconsistent duplicate Ballots, with respect to the same Claim, such Ballots shall not be counted.

(i) Each creditor shall be deemed to have voted the full amount of its Claim. Unless otherwise ordered by the Court, questions as to the validity, form, eligibility (including time of receipt), acceptance, and revocation or withdrawal of Ballots shall be determined by the Balloting Agent and the Plan Debtors, which determination shall be final and binding.

(j) With respect to the tabulation of Master Ballots and Ballots cast by Nominees and Beneficial Owners, the following additional rules shall apply: (a) Votes cast by Beneficial Owners through a Nominee will be

applied against the positions held by such entities in the securities as of the Record Date, as evidenced by the record and depository listings. Votes submitted by a Nominee, whether pursuant to a Master Ballot or pre-validated Ballots, will not be counted in excess of the amount of the Claim held on the Record Date (the "Record Amount") of such securities held by such Nominee; (b) to the extent that conflicting votes or "overvotes" are submitted by a Nominee, whether pursuant to a Master Ballot or pre-validated Ballots, the Balloting Agent will attempt to reconcile discrepancies with the Nominees; (c) to the extent that overvotes on a Master Ballot or pre-validated Ballots are not reconcilable prior to the preparation of the vote certification, the Balloting Agent will apply the votes to accept and to reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot or pre-validated Ballots that contained the overvote, but only to the extent of the Nominee's position in the security; and (d) for purposes of tabulating votes, each Beneficial Owner will be deemed to have voted the principal amount relating to such security, although the Balloting Agent may be asked to adjust such principal amount to reflect the claim amount.

15.    Any objection, comment or response to confirmation of the Plan (including any supporting memoranda) must be in writing, served on the parties identified below, and filed with the Court, together with proof of service, such that the foregoing are received by such parties and the Court on or before **March 22, 2011, at 4:00 p.m. (prevailing Eastern Time)**.  The Court shall consider only timely filed written objections.  All objections not timely filed and served in accordance with the provisions of this Motion are hereby deemed waived.  Objections to confirmation of the Plan should provide proposed language to remedy such objections and shall be served on the following parties (collectively, the "Notice Parties"):

The Plan Debtors:  Hunton & Williams LLP, Riverfront Plaza, East Tower, 951 East Byrd Street, Richmond, Virginia 23219-4074, Attn: Jason W. Harbour, Esq.

The Creditors Committee:  (i) Greenberg Traurig, LLP, 77 West Wacker Drive, Suite 3100, Chicago, Illinois 60601, Attn: Nancy A. Peterman, Esq., and (ii) Greenberg Traurig, LLP, 200 Park Avenue, New York, New York 10166, Attn: Alan J. Brody, Esq.

The Office of the United States Trustee:  701 E. Broad St., Suite 4304, Richmond, Virginia 23219-1888, Attn: Robert B. Van Arsdale, Esq.

16.    Any party supporting the Plan shall be afforded an opportunity to file a response to any objection to confirmation of the Plan, prior to the Confirmation Hearing.

17.    A hearing shall be held before this Court on **March 29, 2011, at 11:00 a.m. (prevailing Eastern Time)**, at the United States Bankruptcy Court for the Eastern District of Virginia, 701 East Broad Street, Room 5100, Richmond, Virginia 23219, or as soon thereafter as counsel may be heard, to consider confirmation of the Plan (the "Confirmation Hearing").

18.    The Confirmation Hearing may be adjourned from time to time without further notice to creditors and other parties-in-interest other than an announcement of the adjourned date at the Confirmation Hearing.

19.    The following procedures are approved for establishing the Cure Amounts for the Assumed Executory Contracts:

(a)    the Debtors will cause the *Notice of (I) Possible Assumption of Contracts and Leases, (II) Fixing of Cure Amounts, and (III) Deadline to Object Thereto* (the "Cure Notice"), in a form substantially similar to the form attached to this Order as Exhibit 4, to be served on the non-debtor parties to the Assumed Executory Contracts, if any, by February 22, 2011.  Among other things, the Cure Notice shall set forth the amount that the Plan Debtors believe must be paid in order to cure all monetary defaults under each of the Assumed Executory Contracts;

(b)    the non-debtor parties to the Assumed Executory Contracts shall have until **March 22, 2011 at 4:00 p.m. (prevailing Eastern Time)** (the "Cure Objection Deadline"), which deadline may be extended in the sole discretion of the Plan Debtors, to object (a "Cure Objection") to the (a) Cure Amounts listed by the Plan Debtors and to propose alternative cure amounts, and/or (b) proposed assumption or assumption and assignment of the Assumed Executory Contracts under the Plan; provided, however, that if the Plan Debtors amend the Cure Notice or any related pleading that lists the Assumed Executory Contracts to add a contract or lease or to reduce the Cure Amount thereof, except where such reduction was based upon the mutual agreement of the parties, the non-debtor party thereto shall have at least ten (10) calendar days after service of such amendment to object thereto or to propose alternative Cure Amounts;

(c)     any party objecting to the Cure Amounts, whether or not such party previously filed a proof of claim with respect to amounts due under the applicable Assumed Executory Contract, or objecting to the potential assumption or assumption and assignment of such Assumed Executory Contract, shall be required to file and serve a Cure Objection, in writing, setting forth with specificity any and all cure obligations that the objecting party asserts must be cured or satisfied in respect of the Assumed Executory Contract and/or any and all objections to the potential assumption or assumption and assignment of such Assumed Executory Contract, together with all documentation supporting such cure claim or objection, upon each of the Notice Parties so that the Cure Objection is actually received by them no later than the Cure Objection Deadline. If a Cure Objection is timely filed and the parties are unable to settle such Cure Objection, the Court shall determine the amount of any disputed Cure Amounts or objection to assumption or assumption and assignment at a hearing to be held at the time of the Confirmation Hearing or such other hearing date to which the parties may mutually agree. The Plan Debtors may, in their sole discretion, extend the Cure Objection Deadline without further notice, but are not obligated to do so; and

(d)     in the event that no Cure Objection is timely filed with respect to an Assumed Executory Contract, the counterparty to such Assumed Executory Contract shall be deemed to have consented to the assumption or assumption and assignment of the Assumed Executory Contract and the Cure Amount proposed by the Plan Debtors and shall be forever enjoined and barred from seeking any additional amount(s) on account of the Plan Debtors' cure obligations under section 365 of the Bankruptcy Code or otherwise from the Plan Debtors or their Estates. In addition, if no timely Cure Objection is filed with respect to an Assumed Executory Contract, upon the Effective Date of the Plan, the Plan Debtors or the assignee of such Assumed Executory Contract, and the counterparty to such Assumed Executory Contract shall enjoy all of the rights and benefits under the Assumed Executory Contract without the necessity of obtaining any party's written consent to the Plan Debtors' assumption or assumption and assignment of the Assumed Executory Contract, and such counterparty shall be deemed to have waived any right to object, consent, condition or otherwise restrict the Plan Debtors' assumption or assumption and assignment of the Assumed Executory Contract.

The inclusion of an Assumed Executory Contract in the Cure Notice is without prejudice to the

Plan Debtors' right to modify their election to assume, assume and assign or reject such Assumed

Executory Contract prior to the entry of a final, non-appealable order (which order may be the

order confirming the Plan) deeming any such Assumed Executory Contract assumed, assumed and assigned or rejected, and inclusion in the Cure Notice is <u>not</u> a final determination that any Assumed Executory Contract will, in fact, be assumed.  In addition, the inclusion of an Assumed Executory Contract in the Cure Notice does not constitute an admission by the Plan Debtors that the contract or lease is an executory contract or that the Plan Debtors have any liability thereunder.

20.     Prior to mailing the Disclosure Statement, Solicitation Packages, Non-Voting Creditor Notices, or the Cure Notice, the Plan Debtors may fill in any missing dates and other information, correct any typographical errors and make such other non-material, non-substantive changes as they deem appropriate.

21.     The Plan Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

22.   This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.


Dated:  Richmond, Virginia

_____, 2011

_____
United States Bankruptcy Judge

WE ASK FOR THIS:

HUNTON & WILLIAMS LLP

 _/s/  Jason W. Harbour_____
Benjamin C. Ackerly (VSB No. 09120)
Jason W. Harbour (VSB No. 68220)
Shannon E. Daily (VSB No. 79334)
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
Telephone:  (804) 788-8200
Telecopier:  (804) 788-8218

*and*

Peter S. Partee (VSB No. 34140)
200 Park Avenue, 53rd Floor
New York, New York  10166-0136
Telephone:  (212) 309-1000
Telecopier:  (212) 309-1100

*Attorneys for Debtors  and*
  *Debtors-in-Possession*

## LOCAL RULE 9022-1 CERTIFICATION

I, Jason W. Harbour, hereby certify that the foregoing proposed order was served on all necessary parties.

*/s/ Jason W. Harbour_____*

EXHIBIT 1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 08-36642-DOT |
| | ) | |
| CANAL CORPORATION, *et al.*, | ) | Chapter 11 |
| | ) | |
| Debtors.[3] | ) | (Jointly Administered) |
| | ) | |
| | ) | |

**NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT, (II) DEADLINE
FOR VOTING ON THE JOINT PLAN OF LIQUIDATION OF CANAL
CORPORATION AND CERTAIN OF ITS AFFILIATED DEBTORS, (III) HEARING
TO CONSIDER CONFIRMATION OF THE PLAN, AND (IV) LAST DATE AND
PROCEDURES FOR FILING OBJECTIONS TO CONFIRMATION OF THE PLAN**

TO:     ALL HOLDERS OF CLAIMS IN CLASSES 3A, 3B, 3C AND 4
        AND CERTAIN OTHER PARTIES

**PLEASE TAKE NOTICE THAT IF THIS NOTICE IS ACCOMPANIED BY A BALLOT, YOUR
VOTE IS BEING SOLICITED IN CONNECTION WITH THE SECOND AMENDED JOINT
PLAN OF LIQUIDATION OF CANAL CORPORATION AND CERTAIN OF ITS AFFILIATED
DEBTORS (AS AMENDED, THE "PLAN") FILED BY ALL OF THE ABOVE-CAPTIONED
DEBTORS AND DEBTORS-IN-POSSESSION EXCEPT WTM I COMPANY (COLLECTIVELY,
THE "PLAN DEBTORS").  YOU SHOULD CAREFULLY REVIEW THE MATERIAL SET
FORTH IN THE DISCLOSURE STATEMENT (AND IN THE EXHIBIT ATTACHED
THERETO) IN ORDER TO MAKE AN INDEPENDENT DETERMINATION AS TO
WHETHER TO VOTE TO ACCEPT OR REJECT THE PLAN.**

**THE PLAN DEBTORS RECOMMEND THAT YOU VOTE TO ACCEPT THE PLAN.**

---

[3]        The debtors and debtors-in-possession (collectively, the "Debtors") and the last four digits of their
respective taxpayer identification numbers are as follows:  Canal Corporation (f/k/a/ Chesapeake
Corporation) (6880), Canal NC Company (f/k/a Chesapeake Printing and Packaging Company) (9208),
Canal NY Company, Inc. (f/k/a Chesapeake Pharmaceutical Packaging Company, Inc.) (0010), Canal IH
Company (f/k/a Chesapeake International Holding Company) (1532), WTM I Company (1080), Sheffield,
Inc. (6314), Canal Resources Company (f/k/a Chesapeake Assets Company) (5293), Canal YR Company
(f/k/a Chesapeake Recycling Company) (9383), Canal D&P Company (f/k/a Chesapeake Display and
Packaging Company) (4207), Canal Virginia Company (f/k/a The Chesapeake Corporation of Virginia)
(6783), Canal Corporation (Wisconsin) (f/k/a Chesapeake Corporation (Wisconsin)) (7682), Canal
Corporation (Massachusetts) (f/k/a Chesapeake Corporation (Massachusetts)) (7686), Canal Corporation
(D.C.) (f/k/a Chesapeake Corporation (D.C.)) (7684), Canal Corporation (Illinois) (f/k/a Chesapeake
Corporation (Illinois)) (7685), Canal Corporation (Louisiana) (f/k/a Chesapeake Corporation (Louisiana))
(7681), Canal FP Company, LLC (f/k/a Chesapeake Forest Products Company, LLC) (6880), Canal DE
Company (f/k/a Cary St. Company) (9092), Canal DP Company (f/k/a Delmarva Properties, Inc.) (7160),
and Canal SH Company (f/k/a Stonehouse Inc.) (2481).

## APPROVAL OF DISCLOSURE STATEMENT

PLEASE TAKE FURTHER NOTICE that, by Order dated February __, 2011 (the "<u>Disclosure Statement Order</u>"), the United States Bankruptcy Court for the Eastern District of Virginia (the "<u>Court</u>") approved the *Disclosure Statement With Respect to the Second Amended Joint Plan of Liquidation of Canal Corporation and Certain of its Affiliated Debtors*, dated February 15, 2011 (as amended, the "<u>Disclosure Statement</u>"), as containing adequate information within the meaning of section 1125 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "<u>Bankruptcy Code</u>").

## DEADLINE FOR VOTING ON THE PLAN

PLEASE TAKE FURTHER NOTICE that, pursuant to the Disclosure Statement Order, the Court established **March 22, 2011, at 5:00 p.m. prevailing Pacific Time** (the "<u>Voting Deadline</u>") as the deadline by which Ballots[4] accepting or rejecting the Plan must be actually received. To be counted, your original signed Ballot (a Ballot to be completed by you may be enclosed herewith) must actually be <u>received</u> on or before the Voting Deadline by Kurtzman Carson Consultants, LLC (the "<u>Balloting Agent</u>") at Canal Corporation (f/k/a Chesapeake Corporation) Ballots, c/o Kurtzman Carson Consultants, 2335 Alaska Ave., El Segundo, CA 90245. <u>Ballots received by facsimile, e-mail or other means of electronic transmission will not be counted</u>.

## CONFIRMATION HEARING

PLEASE TAKE FURTHER NOTICE that on **March 29, 2011, at 11:00 a.m. prevailing Eastern Time** or as soon thereafter as counsel may be heard, a hearing will be held before Chief Judge Douglas O. Tice, Jr., at the United States Bankruptcy Court for the Eastern District of Virginia, 701 East Broad Street, Room 5100, Richmond, Virginia 23219 to consider confirmation of the Plan, as the same may be further amended or modified, and for such other and further relief as may be just and proper (the "<u>Confirmation Hearing</u>").

PLEASE TAKE FURTHER NOTICE that the Confirmation Hearing may be adjourned from time to time by the Court without further notice except for an announcement of the adjourned date made at the Confirmation Hearing. Additionally, the Plan may be modified in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and other applicable law, without further notice, prior to or as a result of the Confirmation Hearing.

## RELEASE, INJUNCTION AND EXCULPATION PROVISIONS CONTAINED IN PLAN

**PLEASE TAKE FURTHER NOTICE THAT THE PLAN CONTAINS CERTAIN RELEASE, INJUNCTION AND EXCULPATION PROVISIONS. YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, INJUNCTION AND EXCULPATION PROVISIONS, AS YOUR RIGHTS MAY BE AFFECTED.**

## DEADLINE AND PROCEDURES FOR OBJECTIONS TO CONFIRMATION OF THE PLAN

PLEASE TAKE FURTHER NOTICE that objections, if any, to confirmation of the Plan, including any supporting memoranda, must be in writing, must be filed with the Clerk of the United States Bankruptcy Court of the Eastern District of Virginia, 701 East Broad Street, Suite 4000, Richmond, Virginia 23219 together with proof of service, and shall state the name and address of the objector, all grounds for the objection and the amount of the Claim(s) or other Interest(s) held by the objector, and

---

[4] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Plan.

shall provide proposed language to remedy such objections. Any such objection must be filed with the Court and served so that it is actually received by the Court, the following parties, and all other parties requesting or entitled to receive notice in these cases, on or before **March 22, 2011, at 4:00 p.m. prevailing Eastern Time**:

> The Plan Debtors:  Hunton & Williams LLP, Riverfront Plaza, East Tower, 951 East Byrd Street, Richmond, Virginia 23219-4074, Attn: Jason W. Harbour, Esq.

> The Creditors Committee:  (i) Greenberg Traurig, LLP, 77 West Wacker Drive, Suite 3100, Chicago, Illinois 60601, Attn: Nancy A. Peterman, Esq., and (ii) Greenberg Traurig, LLP, 200 Park Avenue, New York, New York 10166, Attn: Alan J. Brody, Esq.

> The Office of the United States Trustee:  701 E. Broad St., Suite 4304, Richmond, Virginia 23219-1888, Attn: Robert B. Van Arsdale, Esq.

Any objection not filed and served as set forth above will be deemed waived and will not be considered by the Court.

### COPIES OF THE PLAN AND THE DISCLOSURE STATEMENT

PLEASE TAKE FURTHER NOTICE that to the extent not enclosed herewith, copies of the Plan and the Disclosure Statement have been filed with the Bankruptcy Court and may be viewed at no charge at www.kccllc.net/chesapeake or for a fee via PACER at http://www.vaeb.uscourts.gov/, or may be obtained at no charge by writing to Canal Corporation c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245.

Dated:  February 22, 2011

HUNTON & WILLIAMS LLP

| | |
|---|---|
| _/s/ Jason W. Harbour_ | Peter S. Partee (VSB No. 34140) |
| Benjamin C. Ackerly (VSB No. 09120) | 200 Park Avenue, 53rd Floor |
| Jason W. Harbour (VSB No. 68220) | New York, New York  10166-0136 |
| Shannon E. Daily (VSB No. 79334) | Telephone:  (212) 309-1000 |
| Riverfront Plaza, East Tower | Telecopier:  (212) 309-1100 |
| 951 East Byrd Street | |
| Richmond, Virginia 23219-4074 | |
| Telephone:  (804) 788-8200 | |
| Telecopier:  (804) 788-8218 | |

*Attorneys for the Debtors*

EXHIBIT 2

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 08-36642-DOT |
| | ) | |
| CANAL CORPORATION, *et al.*, | ) | Chapter 11 |
| | ) | |
| Debtors.[5] | ) | (Jointly Administered) |
| | ) | |
| | ) | |

### NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT, (II) HEARING TO CONSIDER CONFIRMATION OF THE PLAN, AND (III) LAST DATE AND PROCEDURES FOR FILING OBJECTIONS TO CONFIRMATION OF THE PLAN

TO:     ALL HOLDERS OF ADMINISTRATIVE CLAIMS, PROFESSIONAL FEE CLAIMS, PRIORITY TAX CLAIMS, AND CLAIMS AND INTERESTS IN CLASSES 1, 2, 5 AND 6.

### APPROVAL OF DISCLOSURE STATEMENT

PLEASE TAKE NOTICE that, by Order dated February __, 2011 (the "Disclosure Statement Order"), the United States Bankruptcy Court for the Eastern District of Virginia (the "Court") approved the *Disclosure Statement With Respect to the Second Amended Joint Plan of Liquidation of Canal Corporation and Certain of its Affiliated Debtors*, dated February 15, 2011 (as amended, the "Disclosure Statement"), as containing adequate information within the meaning of section 1125 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code").

### CONFIRMATION HEARING

PLEASE TAKE FURTHER NOTICE that on **March 29, 2011, at 11:00 a.m. prevailing Eastern Time** or as soon thereafter as counsel may be heard, a hearing will be held before Chief Judge Douglas O. Tice, Jr., at the United States Bankruptcy Court for the Eastern District of Virginia, 701 East Broad Street, Room 5100, Richmond, Virginia 23219 to consider confirmation of the Plan, as the same

---

[5]          The debtors and debtors-in-possession (collectively, the "Debtors") and the last four digits of their respective taxpayer identification numbers are as follows: Canal Corporation (f/k/a/ Chesapeake Corporation) (6880), Canal NC Company (f/k/a Chesapeake Printing and Packaging Company) (9208), Canal NY Company, Inc. (f/k/a Chesapeake Pharmaceutical Packaging Company, Inc.) (0010), Canal IH Company (f/k/a Chesapeake International Holding Company) (1532), WTM I Company (1080), Sheffield, Inc. (6314), Canal Resources Company (f/k/a Chesapeake Assets Company) (5293), Canal YR Company (f/k/a Chesapeake Recycling Company) (9383), Canal D&P Company (f/k/a Chesapeake Display and Packaging Company) (4207), Canal Virginia Company (f/k/a The Chesapeake Corporation of Virginia) (6783), Canal Corporation (Wisconsin) (f/k/a Chesapeake Corporation (Wisconsin)) (7682), Canal Corporation (Massachusetts) (f/k/a Chesapeake Corporation (Massachusetts)) (7686), Canal Corporation (D.C.) (f/k/a Chesapeake Corporation (D.C.)) (7684), Canal Corporation (Illinois) (f/k/a Chesapeake Corporation (Illinois)) (7685), Canal Corporation (Louisiana) (f/k/a Chesapeake Corporation (Louisiana)) (7681), Canal FP Company, LLC (f/k/a Chesapeake Forest Products Company, LLC) (6880), Canal DE Company (f/k/a Cary St. Company) (9092), Canal DP Company (f/k/a Delmarva Properties, Inc.) (7160), and Canal SH Company (f/k/a Stonehouse Inc.) (2481).

may be further amended or modified, and for such other and further relief as may be just and proper (the "Confirmation Hearing").

PLEASE TAKE FURTHER NOTICE that the Confirmation Hearing may be adjourned from time to time by the Court without further notice except for an announcement of the adjourned date made at the Confirmation Hearing. Additionally, the Plan may be modified in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and other applicable law, without further notice, prior to or as a result of the Confirmation Hearing.

## CLASSES OF CLAIMS AND INTERESTS NOT ENTITLED TO VOTE

PLEASE TAKE FURTHER NOTICE that, in accordance with the terms of the Plan and the Bankruptcy Code, (i) Holders of Administrative Claims, Professional Fee Claims, Priority Tax Claims, and Claims in Classes 1 and 2 are unimpaired, are conclusively presumed to have accepted the Plan and, thus, are not entitled to vote on the Plan; (ii) Holders of Claims in Class 5 will not receive any Distributions under the Plan and are presumed to have rejected the Plan; and (iii) Holders of Interests in Class 6 will not receive any Distributions under the Plan and are presumed to have rejected the Plan. Only the Holders of impaired Claims in Classes 3A, 3B, 3C and 4 are entitled to vote to accept or to reject the Plan. You have been sent this notice because you may be a Holder of an Administrative Claim, a Professional Fee Claim, a Priority Tax Claim, or a Claim or Interest in Classes 1, 2, 5 or 6.

## SUMMARY OF PLAN TREATMENT OF CLAIMS AND INTERESTS

PLEASE TAKE FURTHER NOTICE that the Plan proposes to modify the rights of certain creditors and equity securities holders of all of the Debtors except for WTM I Company (collectively, the "Plan Debtors"). The Plan establishes the following classes of Claims and Interests with the following treatment:[6]

### Unclassified - Administrative Claims

Administrative Claims include those Claims against one or more of the Plan Debtors constituting a cost or expense of administration of the Cases of the kind specified in section 503(b) of the Bankruptcy Code and entitled to priority pursuant to sections 363, 364(c)(1), 365, 503(b), 507(a)(2) or 507(b) of the Bankruptcy Code (other than a Professional Fee Claim) for the period from the Petition Date to the Effective Date. On, or as soon as is reasonably practicable after, the date that is fifteen (15) days after the later of the Effective Date and the date on which such Administrative Claim becomes an Allowed Administrative Claim, a Holder of an Allowed Administrative Claim shall receive, in full and final satisfaction, settlement and release of and in exchange for such Allowed Administrative Claim, (i) Cash equal to the unpaid portion of such Allowed Administrative Claim or (ii) such other treatment as to which such Holder and the Plan Debtors shall have agreed upon in writing; *provided, however*, that Allowed Administrative Claims with respect to liabilities incurred by a Plan Debtor in the ordinary course of business during the Cases may be paid in the ordinary course of business in accordance with the terms and conditions of any agreements relating thereto by the Plan Debtors.

### Unclassified - Professional Fee Claims

---

[6]   For a complete description of the Plan provisions, reference should be made to the Plan and Disclosure Statement, copies of which can be obtained by the methods described at the end of this Notice. Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Plan.

Professional Fee Claims include all fees and expenses claimed by Professionals retained by the Plan Debtors or the Committee that have been approved on a final basis by a Final Order. Professional Fee Claims do not include professional fees and expenses incurred by any professionals in connection with their retention and employment by the Plan Debtors on or after the Effective Date. The Plan Debtors shall pay Professionals who are entitled to reimbursement or allowance of fees and expenses from the Estates, in Cash, in the amount awarded to such Professionals by Final Order of the Bankruptcy Court, as soon as practicable after the later of the Effective Date and the date upon which any order awarding fees and expenses becomes a Final Order, in accordance with the terms of any order entered by the Bankruptcy Court governing the payment of such fees and expenses. Any final application for allowance of a Professional Fee Claim must be filed with the Bankruptcy Court and served on counsel for the Plan Debtors and the Committee and the U.S. Trustee so that it is received no later than forty-five (45) days after the Effective Date or such Professional Fee Claim shall be forever barred.

### Unclassified - Priority Tax Claims

Priority Tax Claims are Claims asserted against one or more of the Plan Debtors, other than the IRS Settlement Claim, for an amount entitled to priority under section 507(a)(8) of the Bankruptcy Code. Unless a Final Order provides otherwise, each Holder of a Priority Tax Claim that is an Allowed Claim shall receive, at the discretion of the Plan Debtors and in full and final satisfaction of such Holder's Allowed Claim, (a) Cash in an amount equal to the unpaid portion of such Allowed Claim, (b) payment of such Allowed Claim over a period not to exceed five (5) years with interest, or (c) some other, less favorable treatment as is agreed upon by the Plan Debtors and the Holder of such Allowed Priority Tax Claim. Notwithstanding the foregoing, the Holder of an Allowed Priority Tax Claim shall not be entitled to receive any payment on account of any penalty arising with respect to or in connection with the Allowed Priority Tax Claim. Any Claim or demand for any such penalty (a) will be subject to treatment as an Other General Unsecured Claim, if and to the extent an Allowed Claim, and (b) the Holder of an Allowed Priority Tax Claim shall not assess or attempt to collect such amounts from the Plan Debtors or the Assets except as an Other General Unsecured Claim, if and to the extent an Allowed Claim.

### Class 1 - Priority Non-Tax Claims

Priority Non-Tax Claims include Claims against one or more of the Plan Debtors that are entitled to priority pursuant to section 507(a) of the Bankruptcy Code and that are not Administrative Claims, Professional Fee Claims or Priority Tax Claims. Each Holder of an Allowed Class 1 Claims shall receive (x) all amounts to which such Holder is entitled on account of such Allowed Claim on the later of (i) the Effective Date, or as soon thereafter as is reasonably practicable, and (ii) the date when such Allowed Claim becomes due and payable according to its terms and conditions, or (y) such other, less favorable treatment as is agreed upon by the Plan Debtors and the Holder of such Allowed Priority Non-Tax Claim. Class 1 Claims are unimpaired and conclusively deemed to have voted to accept the Plan pursuant to section 1126(f) of the Bankruptcy Code.

### Class 2 - Secured Claims

Secured Claims include any Claim against one or more of the Plan Debtors that is secured by a valid and unavoidable lien on property in which the Estates have an interest, or that is subject to a valid right of setoff pursuant to section 553 of the Bankruptcy Code to the extent of the value of the Holder's interest in the Estates' interest in such property, or to the extent of the amount subject to setoff, as applicable, as determined by the Bankruptcy Court pursuant to sections 506(a), 553, and/or 1129 (b)(2)(A)(i)(II), as applicable. At the sole option of the Plan Debtors, (i) Allowed Class 2 Claims will be unaltered and, subject to the requirements of section 1124(2) of the Bankruptcy Code, on the Effective Date, the legal

equitable and contractual rights of the Holder of Allowed Class 2 Claims shall be reinstated in full, or (ii) the Holder of the Allowed Class 2 Claim shall receive in full satisfaction, settlement, and release of, and in exchange for, the Holder's Allowed Secured Claim, at the sole option of the Plan Debtors, (a) Cash in the amount of the Allowed Secured Claim on the later of the Effective Date and the date such Claim becomes an Allowed Claim, or as soon thereafter as practicable, (b) the property of the Estates which constitutes collateral for such Allowed Secured Claim on the later of the Effective Date and the date such Claim becomes an Allowed Claim, or as soon thereafter as practicable, or (c) such other, less favorable treatment as is agreed upon by the Plan Debtors and the Holder of such Allowed Class 2 Claim.  Class 2 Claims are unimpaired and conclusively deemed to have voted to accept the Plan pursuant to section 1126(f) of the Bankruptcy Code.

## Class 3A – Other General Unsecured Claims

Other General Unsecured Claims include any Claim against one or more of the Plan Debtors other than (1) a Secured Claim, (2) a Priority Claim, (3) an Administrative Claim, (4) an Intercompany Claim, (5) the IRS Settlement Claim, (6) a Claim subject to subordination pursuant to section 510(b) of the Bankruptcy Code, (7) a Revenue Bond Claim, (8) a Subordinated Note Claim or (9) a Claim based in whole or in part on the Holder's purchase or ownership of an Interest in the Plan Debtors.  Each Holder of an Allowed Claim in Class 3A shall receive its Ratable Amount of the Class 3A Portion of the General Unsecured Distribution Pool.  Class 3A is an impaired Class and is entitled to vote on the Plan.

## Class 3B – Revenue Bond Claims

Revenue Bond Claims include Claims arising under (a) the Solid Waste Disposal Revenue Bonds, Series 1994A issued under an Indenture of Trust, dated as of March 1, 1994, between the Industrial Development Authority of the Town of West Point, Virginia and NationsBank of Virginia, N.A., as trustee, in connection with that certain Loan Agreement, by and among Canal Corporation, the Industrial Development Authority of the Town of West Point, Virginia and NationsBank of Virginia, N.A., as trustee; or (b) the Solid Waste Disposal Revenue Refunding Bonds, Series 1994B issued under an Indenture of Trust, dated as of March 1, 1994, between the Industrial Development Authority of the Town of West Point, Virginia and NationsBank of Virginia, N.A., as trustee, in connection with that certain Loan Agreement, by and among Canal Corporation, the Industrial Development Authority of the Town of West Point, Virginia and NationsBank of Virginia, N.A., as trustee.  Each Holder of an Allowed Claim in Class 3B shall receive its Ratable Amount of both (i) the Class 3B Portion of the General Unsecured Distribution Pool; and (ii) the Class 3C Portion of the General Unsecured Distribution Pool. Class 3B is an impaired Class and is entitled to vote on the Plan.

## Class 3C – Subordinated Note Claims

Subordinated Note Claims include Claims arising under (a) the Senior Subordinated Notes due in 2011, that bear interest at 10-3/8% per annum, issued in connection with that certain Indenture dated as of November 19, 2001, by and between Canal Corporation and U.S. Bank National Association (successor to The Bank of New York), as trustee; or (b) the Senior Subordinated Notes due in 2014, that bear interest at 7% per annum, issued in connection with that certain Indenture, dated as of December 8, 2004, by and between Canal Corporation and U.S. Bank National Association (successor to Wachovia Bank, N.A.), as trustee.  Each Holder of an Allowed Claim in Class 3C shall be deemed to have received its Ratable Amount of the Class 3C Portion of the General Unsecured Distribution Pool and immediately upon the receipt thereof to have transferred such Ratable Amount to the Holders of Allowed Class 3B Claims in accordance with the contractual subordination provisions in the documents under which the Subordinated Note Claims arise and section 510(a) of the Bankruptcy Code.  Class 3C is an

impaired Class and is entitled to vote on the Plan.

### Class 4 – IRS Settlement Claim

As set forth in further detail in the IRS Settlement Agreement, the Plan and the Disclosure Statement, the IRS Settlement Claim entitles the IRS to receive an amount equal to fifty percent (50%) of all amounts available to be distributed under this Plan to Holders of Allowed (i) Priority Tax Claims under section 507(a)(8) of the Bankruptcy Code, (ii) Priority Non-Tax Claims under sections 507(a)(9) and 507(a)(10) of the Bankruptcy Code and (iii) General Unsecured Claims. Class 4 is an impaired Class and is entitled to vote on the Plan.

### Class 5 – Intercompany Claims

Intercompany Claims include Claims held by a Plan Debtor against any other Plan Debtor. In connection with, to the extent of and as a result of, the substantive consolidation of the Estates and the Cases, on the Confirmation Date or such other date as may be set by an order of the Bankruptcy Court, but subject to the occurrence of the Effective Date, all Intercompany Claims shall be deemed eliminated, cancelled and/or extinguished and the Holders of Class 5 Claims shall not be entitled to, and shall not receive or retain any property or interest in property on account of such Claims. Class 5 is an impaired Class and conclusively deemed to have voted to reject the Plan pursuant to section 1126(g) of the Bankruptcy Code.

### Class 6 – Interests

Interests include any stock or other equity ownership interest in one or more of the Plan Debtors and all dividends and distributions with respect to such stock or interest and all rights, options, warrants, or other rights to acquire any stock or other equity ownership interest in one or more of the Plan Debtors as of the Petition Date. On the Effective Date, the Interests shall be cancelled and the Holders of the Interests shall receive no property or Distribution under the Plan on account of such Interests. Class 6 is an impaired Class and conclusively deemed to have voted to reject the Plan pursuant to section 1126(g) of the Bankruptcy Code.

PLEASE TAKE FURTHER NOTICE that the Plan contains the injunction, release and exculpation provisions set forth below:

### Injunction.

*EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN, THE DOCUMENTS EXECUTED PURSUANT TO THE PLAN, OR THE CONFIRMATION ORDER, ON AND AFTER THE EFFECTIVE DATE, ALL PERSONS AND ENTITIES WHO HAVE HELD, CURRENTLY HOLD, OR MAY HOLD CLAIMS AGAINST OR INTERESTS IN THE PLAN DEBTORS OR THE ESTATES THAT AROSE PRIOR TO THE EFFECTIVE DATE (INCLUDING BUT NOT LIMITED TO STATES AND OTHER GOVERNMENTAL UNITS, AND ANY STATE OFFICIAL, EMPLOYEE, OR OTHER ENTITY ACTING IN AN INDIVIDUAL OR OFFICIAL CAPACITY ON BEHALF OF ANY STATE OR OTHER GOVERNMENTAL UNIT) WILL BE PERMANENTLY ENJOINED FROM TAKING ANY OF THE FOLLOWING ACTIONS ON ACCOUNT OF ANY SUCH CLAIMS OR INTERESTS (I) COMMENCING OR CONTINUING IN ANY MANNER, DIRECTLY OR INDIRECTLY, ANY ACTION OR OTHER PROCEEDING AGAINST ANY PROTECTED PARTY OR ANY PROPERTY OF ANY PROTECTED PARTY; (II) ENFORCING, ATTACHING, EXECUTING, COLLECTING, OR RECOVERING IN ANY MANNER, DIRECTLY OR INDIRECTLY, ANY JUDGMENT, AWARD, DECREE, OR ORDER AGAINST ANY PROTECTED PARTY; (III)*

**CREATING, PERFECTING, OR ENFORCING, DIRECTLY OR INDIRECTLY, ANY LIEN OR ENCUMBRANCE OF ANY KIND AGAINST ANY PROTECTED PARTY OR ANY PROPERTY OF ANY PROTECTED PARTY; (IV) ASSERTING OR EFFECTING, DIRECTLY OR INDIRECTLY, ANY SETOFF OR RIGHT OF SUBROGATION OF ANY KIND AGAINST OBLIGATIONS DUE TO ANY PROTECTED PARTY OR ANY PROPERTY OF ANY PROTECTED PARTY; OR (V) ANY ACT, IN ANY MANNER, IN ANY PLACE WHATSOEVER, THAT DOES NOT CONFORM TO, COMPLY WITH, OR IS INCONSISTENT WITH ANY PROVISIONS OF THE PLAN; _PROVIDED_, _HOWEVER_, THAT NOTHING CONTAINED IN THE PLAN SHALL PRECLUDE SUCH PERSONS FROM EXERCISING THEIR RIGHTS PURSUANT TO AND CONSISTENT WITH THE TERMS OF THE PLAN.**

### Debtor Release

**EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN, THE DOCUMENTS EXECUTED PURSUANT TO THE PLAN, OR THE CONFIRMATION ORDER, ON THE EFFECTIVE DATE AND EFFECTIVE AS OF THE EFFECTIVE DATE, FOR THE GOOD AND VALUABLE CONSIDERATION PROVIDED BY EACH OF THE DEBTOR RELEASEES,[7] INCLUDING, WITHOUT LIMITATION, THE SERVICES OF THE PLAN DEBTORS' PRESENT AND FORMER MEMBERS (INCLUDING EX OFFICIO MEMBERS), OFFICERS, DIRECTORS, MANAGERS, EMPLOYEES AND ADVISORS IN FACILITATING THE IMPLEMENTATION OF THE LIQUIDATION CONTEMPLATED HEREBY, EACH OF THE DEBTOR RELEASORS SHALL FULLY RELEASE (AND, AUTOMATICALLY WITHOUT FURTHER ACTION, EACH DEBTOR RELEASEE SO RELEASED SHALL BE DEEMED FULLY RELEASED BY THE DEBTOR RELEASORS) EACH DEBTOR RELEASEE AND THEIR RESPECTIVE PROPERTIES FROM ANY AND ALL CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, WHETHER ARISING PRIOR TO OR AFTER THE PETITION DATE, FORESEEN OR UNFORESEEN, LIQUIDATED OR UNLIQUIDATED, CONTINGENT OR NON-CONTINGENT, EXISTING AS OF THE EFFECTIVE DATE IN LAW OR AT EQUITY, WHETHER FOR TORT, FRAUD, CONTRACT, VIOLATIONS OF FEDERAL OR STATE SECURITIES LAWS OR OTHERWISE, ARISING FROM OR RELATED IN ANY WAY TO THE PLAN DEBTORS OR THE ESTATES, INCLUDING, WITHOUT LIMITATION, THOSE THAT ANY OF THE PLAN DEBTORS WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT IN THEIR OWN RIGHT (WHETHER INDIVIDUALLY OR COLLECTIVELY) OR THAT ANY HOLDER OF A CLAIM OR AN INTEREST OR OTHER ENTITY WOULD HAVE BEEN LEGALLY ENTITLED TO ASSERT ON BEHALF OF ANY OF THE PLAN DEBTORS OR ANY OF THE ESTATES, AND FURTHER INCLUDING THOSE IN ANY WAY RELATED TO THE CASES, THE PLAN, THE DISCLOSURE STATEMENT, THE SALE OR LIQUIDATION OF ANY PROPERTY OF THE ESTATES, THE PLAN DEBTORS' BUSINESSES AND OPERATIONS, THE PLAN DEBTORS' INTERESTS, THE PLAN DEBTORS' DEBT OBLIGATIONS, THE PLAN DEBTORS' FINANCING AGREEMENTS OR THE PLAN DEBTORS' LEASES AND OTHER CONTRACTS; _PROVIDED_, _HOWEVER_, THAT NOTHING CONTAINED IN THE PLAN SHALL PRECLUDE SUCH PERSONS FROM EXERCISING THEIR RIGHTS PURSUANT TO AND**

---

[7] For the avoidance of doubt, Debtor Releasees means, collectively, each solely in their respective capacities as such, (a) all current and former members (including ex officio members), officers, directors, managers and employees of the Plan Debtors or the Committee; (b) all attorneys, financial advisors, accountants, investment bankers, investment advisors, actuaries, and professionals of any Plan Debtor, the Committee or the members of the Committee; and (c) each of their respective predecessors and successors in interest, and all of their respective current and former members (including ex officio members), officers, directors, managers, employees, attorneys, financial advisors, accountants, investment bankers, investment advisors, actuaries, and professionals. Also for the avoidance of doubt, Debtor Releasors means the Plan Debtors, the Estates, any of their respective predecessors or successors in interest, and any Person claiming through any of the foregoing.

*CONSISTENT WITH THE TERMS OF THE PLAN.*

**Third Party Release**

*EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN, THE DOCUMENTS EXECUTED PURSUANT TO THE PLAN, OR THE CONFIRMATION ORDER, HOLDERS OF CLAIMS (A) VOTING TO ACCEPT THE PLAN OR (B) ABSTAINING FROM VOTING ON THE PLAN AND ELECTING NOT TO OPT OUT OF THE THIRD PARTY RELEASE CONTAINED IN <u>SECTION 9.5</u> OF THE PLAN (WHICH BY DEFINITION DOES NOT INCLUDE HOLDERS OF CLAIMS AND INTEREST WHO ARE DEEMED TO HAVE VOTED AGAINST THE PLAN), ON THE EFFECTIVE DATE AND EFFECTIVE AS OF THE EFFECTIVE DATE, SHALL FULLY RELEASE (AND, AUTOMATICALLY WITHOUT FURTHER ACTION, EACH RELEASED PARTY SHALL BE DEEMED RELEASED) THE RELEASED PARTIES[8] AND THEIR RESPECTIVE PROPERTY FROM ANY AND ALL CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, WHETHER ARISING PRIOR TO OR AFTER THE COMMENCEMENT DATE, FORESEEN OR UNFORESEEN, LIQUIDATED OR UNLIQUIDATED, CONTINGENT OR NON-CONTINGENT, EXISTING AS OF THE EFFECTIVE DATE IN LAW OR AT EQUITY, WHETHER FOR TORT, CONTRACT, VIOLATIONS OF FEDERAL OR STATE SECURITIES LAWS OR OTHERWISE, ARISING FROM OR RELATED IN ANY WAY TO THE PLAN DEBTORS OR THE ESTATES, INCLUDING, WITHOUT LIMITATION, THOSE IN ANY WAY RELATED TO THE CASES, THE PLAN, THE SALE OR LIQUIDATION OF ANY PROPERTY OF THE ESTATES, THE PLAN DEBTORS' BUSINESSES AND OPERATIONS, THE PLAN DEBTORS' INTERESTS, THE PLAN DEBTORS' DEBT OBLIGATIONS, THE PLAN DEBTORS' FINANCING AGREEMENTS OR THE PLAN DEBTORS' LEASES AND OTHER CONTRACTS; <u>PROVIDED</u>, <u>HOWEVER</u>, THAT NOTHING CONTAINED IN THE PLAN SHALL PRECLUDE SUCH PERSONS FROM EXERCISING THEIR RIGHTS PURSUANT TO AND CONSISTENT WITH THE TERMS OF THE PLAN; AND <u>PROVIDED</u>, <u>FURTHER</u>, THAT (I) THE PROVISIONS OF <u>SECTION 9.5</u> OF THE PLAN SHALL HAVE NO EFFECT ON THE LIABILITY OF THE RELEASED PARTIES FOR GROSS NEGLIGENCE, WILLFUL MISCONDUCT, FRAUD OR CRIMINAL CONDUCT AS DETERMINED BY A FINAL ORDER OF THE BANKRUPTCY COURT AND (II) NOTHING HEREIN CONSTITUTES A WAIVER OF ANY RIGHTS OR DEFENSES OF ANY RELEASED PARTIES WITH RESPECT TO ANY SUCH ACTIONS, INCLUDING, WITHOUT LIMITATION, DEFENSES RELATED TO VALIDITY, PRIORITY, AMOUNT AND TIMELINESS OF SUCH CLAIMS.*

**Exculpation.**

*EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN, THE DOCUMENTS EXECUTED PURSUANT TO THE PLAN, OR THE CONFIRMATION ORDER, EACH EXCULPATED PARTY[9] IS HEREBY EXCULPATED AND RELEASED FROM ANY CLAIM, CAUSE*

---

[8]     For the avoidance of doubt, Released Parties means, collectively, each solely in their respective capacities as such, all officers and directors of any Plan Debtor who served in such capacity on or after the Petition Date.

[9]     For the avoidance of doubt, Exculpated Parties means, collectively, each solely in their respective capacities as such, (a) the Plan Debtors; (b) all current and former members (including ex officio members), officers, directors, managers and employees of the Plan Debtors or the Committee; (c) all attorneys, financial advisors, accountants, investment bankers, investment advisors, actuaries, and professionals of any Plan Debtor, the Committee or the members of the Committee; and (d) each of their respective predecessors and successors in interest, and all of their respective current and former members (including ex officio members), officers, directors, managers, employees, attorneys, financial advisors,

*OF ACTION OR LIABILITY TO ANY PERSON OR ENTITY OR TO ANY HOLDER OF A CLAIM OR INTEREST, FOR ANY ACT OR OMISSION IN CONNECTION WITH OR ARISING OUT OF THEIR PARTICIPATION IN THE CASES, INCLUDING, WITHOUT LIMITATION, IN THE FORMULATION, CONFIRMATION, CONSUMMATION, AND/OR ADMINISTRATION OF THE PLAN OR THE PROPERTY TO BE DISTRIBUTED UNDER THE PLAN, EXCEPT IF SUCH ACT OR OMISSION IS DETERMINED IN A FINAL ORDER TO HAVE CONSTITUTED GROSS NEGLIGENCE OR WILLFUL MISCONDUCT, AND IN ALL RESPECTS, EACH OF SUCH PERSONS SHALL BE ENTITLED TO REASONABLY RELY UPON THE ADVICE OF COUNSEL WITH RESPECT TO THEIR DUTIES AND RESPONSIBILITIES AND SHALL BE FULLY PROTECTED IN ACTING OR IN REFRAINING FROM ACTION IN ACCORDANCE WITH SUCH ADVICE.*

## DEADLINE AND PROCEDURES FOR OBJECTIONS TO CONFIRMATION OF THE PLAN

PLEASE TAKE FURTHER NOTICE that objections, if any, to confirmation of the Plan, including any supporting memoranda, must be in writing, must be filed with the Clerk of the United States Bankruptcy Court of the Eastern District of Virginia, 701 East Broad Street, Suite 4000, Richmond, Virginia 23219 together with proof of service, and shall state the name and address of the objector, all grounds for the objection and the amount of the Claim(s) or other Interest(s) held by the objector, and shall provide proposed language to remedy such objections. Any such objection must be filed with the Court and served so that it is actually received by the Court, the following parties, and all other parties requesting or entitled to receive notice in these cases, on or before **March 22, 2011, at 4:00 p.m. prevailing Eastern Time**:

The Plan Debtors: Hunton & Williams LLP, Riverfront Plaza, East Tower, 951 East Byrd Street, Richmond, Virginia 23219-4074, Attn: Jason W. Harbour, Esq.

The Creditors Committee: (i) Greenberg Traurig, LLP, 77 West Wacker Drive, Suite 3100, Chicago, Illinois 60601, Attn: Nancy A. Peterman, Esq., and (ii) Greenberg Traurig, LLP, 200 Park Avenue, New York, New York 10166, Attn: Alan J. Brody, Esq.

The Office of the United States Trustee: 701 E. Broad St., Suite 4304, Richmond, Virginia 23219-1888, Attn: Robert B. Van Arsdale, Esq.

Any objection not filed and served as set forth above will be deemed waived and will not be considered by the Court.

---

accountants, investment bankers, investment advisors, actuaries, and professionals.

## COPIES OF THE PLAN AND THE DISCLOSURE STATEMENT

PLEASE TAKE FURTHER NOTICE that copies of the Plan and the Disclosure Statement have been filed with the Bankruptcy Court and may be viewed at no charge at www.kccllc.net/chesapeake or for a fee via PACER at http://www.vaeb.uscourts.gov/, or may be obtained at no charge by writing to Canal Corporation c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245.

HUNTON & WILLIAMS LLP

_/s/ Jason W. Harbour_
Benjamin C. Ackerly (VSB No. 09120)
Jason W. Harbour (VSB No. 68220)
Shannon E. Daily (VSB No. 79334)
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
Telephone:  (804) 788-8200
Telecopier:  (804) 788-8218

Dated:  February 22, 2011

Peter S. Partee (VSB No. 34140)
200 Park Avenue, 53rd Floor
New York, New York  10166-0136
Telephone:  (212) 309-1000
Telecopier:  (212) 309-1100


*Attorneys for the Debtors*

**EXHIBIT 3-a**
**(Class 3A - Ballot)**

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 08-36642-DOT |
| | ) | |
| CANAL CORPORATION, *et al.*, | ) | Chapter 11 |
| | ) | |
| Debtors.[10] | ) | (Jointly Administered) |
| | ) | |
| | ) | |

**BALLOT FOR HOLDERS OF OTHER GENERAL UNSECURED CLAIMS FOR ACCEPTING OR REJECTING THE SECOND AMENDED JOINT PLAN OF LIQUIDATION <u>OF CANAL CORPORATION AND CERTAIN OF ITS AFFILIATED DEBTORS</u>**

This ballot (the "<u>Ballot</u>") is being sent to parties holding Claims[11] against one or more of the Plan Debtors other than (1) a Secured Claim, (2) a Priority Claim, (3) an Administrative Claim, (4) an Intercompany Claim, (5) the IRS Settlement Claim, (6) a Claim subject to subordination pursuant to section 510(b) of the Bankruptcy Code, (7) a Revenue Bond Claim, (8) a Subordinated Note Claim or (9) a Claim based in whole or in part on the Holder's purchase or ownership of an Interest in the Plan Debtors (the "<u>Other General Unsecured Claims</u>"). If you hold Claims in other Classes in which you are entitled to vote, you will receive a Ballot for each such other Class.

---

[10]  The debtors and debtors-in-possession (collectively, the "<u>Debtors</u>") and the last four digits of their respective taxpayer identification numbers are as follows:  Canal Corporation (f/k/a/ Chesapeake Corporation) (6880), Canal NC Company (f/k/a Chesapeake Printing and Packaging Company) (9208), Canal NY Company, Inc. (f/k/a Chesapeake Pharmaceutical Packaging Company, Inc.) (0010), Canal IH Company (f/k/a Chesapeake International Holding Company) (1532), WTM I Company (1080), Sheffield, Inc. (6314), Canal Resources Company (f/k/a Chesapeake Assets Company) (5293), Canal YR Company (f/k/a Chesapeake Recycling Company) (9383), Canal D&P Company (f/k/a Chesapeake Display and Packaging Company) (4207), Canal Virginia Company (f/k/a The Chesapeake Corporation of Virginia) (6783), Canal Corporation (Wisconsin) (f/k/a Chesapeake Corporation (Wisconsin)) (7682), Canal Corporation (Massachusetts) (f/k/a Chesapeake Corporation (Massachusetts)) (7686), Canal Corporation (D.C.) (f/k/a Chesapeake Corporation (D.C.)) (7684), Canal Corporation (Illinois) (f/k/a Chesapeake Corporation (Illinois)) (7685), Canal Corporation (Louisiana) (f/k/a Chesapeake Corporation (Louisiana)) (7681), Canal FP Company, LLC (f/k/a Chesapeake Forest Products Company, LLC) (6880), Canal DE Company (f/k/a a Cary St. Company) (9092), Canal DP Company (f/k/a Delmarva Properties, Inc.) (7160), and Canal SH Company (f/k/a Stonehouse Inc.) (2481).

[11]  Capitalized terms used, but not defined herein, shall have the meaning ascribed to them in the Plan.

On February __, 2011, the United States Bankruptcy Court for the Eastern District of Virginia (the "Court") signed an order (the "Solicitation Order") which approved the *Disclosure Statement With Respect to the Second Amended Joint Plan of Liquidation of Canal Corporation and Certain of its Affiliated Debtors*, dated February 15, 2011 (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Disclosure Statement") regarding the *Second Amended Joint Plan of Liquidation of Canal Corporation and Certain of its Affiliated Debtors* (as the same may be further amended or modified, the "Plan"), and which established certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. Please use this Ballot to cast your vote to accept or reject the Plan, which is proposed by the above-captioned debtors and debtors-in-possession except for WTM I Company (collectively the "Plan Debtors"). The Plan is Exhibit A to the Disclosure Statement that accompanies this Ballot. Any party may request, at the Plan Debtors' expense, hard copies of the Disclosure Statement, together with the Plan and other exhibits annexed thereto, from the Balloting Agent. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Other General Unsecured Claims and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements under section 1129(b) of the Bankruptcy Code.

**THIS BALLOT IS TO BE USED BY HOLDERS OF CLASS 3A OTHER GENERAL UNSECURED CLAIMS. PLEASE COMPLETE, SIGN AND DATE THIS BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE TO THE AGENT SUPERVISING THE SOLICITATION, TABULATION, AND BALLOTING PROCESS (THE "BALLOTING AGENT"). THE VOTING DEADLINE IS 5:00 P.M. PREVAILING PACIFIC TIME ON MARCH 22, 2011.**

> **ITEM 1.      CLASS 3A CLAIM AMOUNT. The undersigned certifies that as of February 15, 2011 (the "Record Date"), it held an Other General Unsecured Claim in the below amount:**
>
>      $_____
>
> **ITEM 2.      CLASS 3A (OTHER GENERAL UNSECURED CLAIM) VOTE. The Holder of the Other General Unsecured Claim that relates to this Ballot votes:**

☐ to ACCEPT the Plan            ☐ to REJECT the Plan

**A VOTE TO ACCEPT THE PLAN CONSTITUTES AN ACCEPTANCE AND CONSENT TO THE THIRD PARTY RELEASE SET FORTH IN SECTION 9.5 OF THE PLAN. A VOTE TO REJECT THE PLAN INCLUDES A REJECTION OF THE THIRD PARTY RELEASE SET FORTH IN SECTION 9.5 OF THE PLAN. IF YOU ABSTAIN (CHOOSE NOT TO VOTE), SEE ITEM 3 BELOW. PLEASE SEE SECTION 9.5 OF THE PLAN FOR INFORMATION ABOUT THE THIRD PARTY RELEASE.**

**ANY BALLOT WHICH INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN OR DOES NOT INDICATE EITHER AN**

**ACCEPTANCE OR REJECTION OF THE PLAN WILL NOT BE COUNTED, <u>PROVIDED</u>, <u>HOWEVER</u>, THAT A PARTY THAT DOES NOT CAST A VOTE MAY OPT TO ACCEPT OR REJECT THE THIRD PARTY RELEASE PROVISIONS IN SECTION 9.5 OF THE PLAN BY CHECKING THE APPROPRIATE BOX IN ITEM 3 BELOW.**

**ITEM 3.        <u>RELEASE OPT-OUT ELECTION:</u>**

**<u>COMPLETE THIS ITEM 3 ONLY IF YOU DID NOT VOTE TO EITHER ACCEPT OR REJECT THE PLAN IN ITEM 2 ABOVE.</u>  PURSUANT TO THE PLAN, IF YOU RETURN A BALLOT, AND VOTE TO ACCEPT THE PLAN, YOU ARE AUTOMATICALLY DEEMED TO HAVE ACCEPTED THE THIRD PARTY RELEASE IN SECTION 9.5 OF THE PLAN.  YOU ALSO ARE DEEMED TO HAVE ACCEPTED THE THIRD PARTY RELEASE IN SECTION 9.5 OF THE PLAN IF YOU DO NOT CAST A VOTE WITH RESPECT TO THE PLAN, HOWEVER, IN THIS INSTANCE ONLY, YOU MAY CHECK A BOX BELOW TO ACCEPT OR REJECT THE THIRD PARTY RELEASE.**

**The Holder of the Other General Unsecured Claim that relates to this Ballot elects:**

☐   to ACCEPT THE THIRD PARTY RELEASE

☐   to REJECT THE THIRD PARTY RELEASE

**ITEM 4.        <u>CERTIFICATION.  By signing this Ballot, the Holder of the Other General Unsecured Claim certifies that it:</u>**

**A.  is the Holder of the Other General Unsecured Claim to which this Ballot pertains;**

**B.  has been provided with a copy of the Plan and the Disclosure Statement and that it acknowledges that the vote, or the election concerning the Third Party Release in Section 9.5 of the Plan, set forth on this Ballot is subject to all the terms and conditions set forth in the Plan and the Disclosure Statement;**

**C.  has full power and authority to vote to accept or reject the Plan and to elect to accept or reject the Third Party Release in Section 9.5 of the Plan; and**

**D.  has not submitted any other Ballots relating to the Other General Unsecured Claim that are inconsistent with the vote or election as set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote or election set forth herein.**

Name: _____
_____
          (Print or Type)

Social Security Or Federal Tax I.D. No.: _____
          (Optional)

Signature:_____

By:_____

       (If Appropriate)

Title:_____

       (If Appropriate)

Street Address:_____

City, State, Zip Code:_____

Telephone Number: _____

Date Completed:_____

No fees, commissions or other remuneration will be payable to any broker, dealer or other person for soliciting votes on the Plan. This Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan or to elect to accept or reject the Third Party Release in Section 9.5 of the Plan. Holders should not surrender, at this time, certificates representing their securities. The Balloting Agent will not accept delivery of any such certificates surrendered together with a Ballot. Moreover, this Ballot shall not constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

---

**YOUR VOTE MUST BE ACTUALLY RECEIVED BY THE BALLOTING AGENT, BY 5:00 P.M. PACIFIC TIME ON MARCH 22, 2011, OR YOUR VOTE WILL NOT BE COUNTED. FACSIMILE OR OTHER MEANS OF ELECTRONIC TRANSMISSION OF THIS BALLOT WILL NOT BE ACCEPTED.**

---

**IF YOU HAVE QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE BALLOTING AGENT AT (888) 830-4660**

## VOTING INSTRUCTIONS

All capitalized terms used in the ballot (the "Ballot") or these instructions but not otherwise defined therein shall have the meanings ascribed to them in the Plan.

Please read and follow these instructions carefully. You must transmit this Ballot to the Balloting Agent by no later than 5:00 p.m. prevailing Pacific Time on March 22, 2011, unless such time is extended (the "Voting Deadline"), or your Ballot will not be counted.

In order for your vote to count, you must:

- Complete Item 1;

- Cast ONE vote to accept or reject the Plan by checking the proper box in Item 2;

- Review the certifications in Item 4;

- Sign the Ballot – Your original signature is required on the Ballot in order for your vote to count;

- If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and provide proof of your authorization to so sign. In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot; and

- Return the completed Ballot to the Balloting Agent in the pre-addressed stamped envelope enclosed with this Ballot.

**IF YOU DO NOT CAST A VOTE WITH RESPECT TO THE PLAN, YOU MAY COMPLETE ITEM 3 TO ELECT TO ACCEPT OR REJECT THE THIRD PARTY RELEASE.**

If you believe you received the wrong form of Ballot, or if you need additional Ballots, please immediately contact the Balloting Agent.

If you wish to have your Claim allowed for purposes of voting on the Plan in a manner that is inconsistent with the Ballot you received or if you did not receive a Ballot and wish to have your Claim temporarily allowed for voting purposes only, you must serve on the Plan Debtors and file with the Bankruptcy Court, on or before March 8, 2011, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (an "Estimation Motion"). An Estimation Motion must set forth with particularity the amount and classification of which you believe your Claim should be allowed for voting purposes, and the evidence in support of your belief. In respect of any timely filed Estimation Motion, the Ballot in question shall be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Confirmation Hearing or (b) if such an order has not been entered by the Confirmation Hearing and unless the Plan Debtors and you have come to an agreement as to the relief requested in the Estimation Motion, in an amount equal to the preprinted amount on the Ballot or in the event you did not receive a Ballot, you shall not have a Ballot counted at all. The Court will schedule a hearing on such Estimation Motion to be heard at or prior to the Confirmation Hearing.

If multiple Ballots are received from the same person with respect to the same Claims prior to the Voting Deadline, the last Ballot timely received will supersede and revoke any earlier received Ballot. However, if a Holder of Claims casts Ballots received by the Balloting Agent on the same day, but which are voted inconsistently, such Ballots will not be counted.

Any Ballot that is illegible or that contains insufficient information to permit the identification of the claimant will not be counted.

Properly executed Ballots that attempt to partially accept and partially reject the Plan will not be counted.

After the Voting Deadline, no Ballot may be withdrawn or modified without the prior consent of the Plan Debtors.

This Ballot does not constitute, and shall not be deemed to be, a proof of claim or an assertion or admission of a Claim.

If you hold Claims in more than one Class under the Plan, you may receive more than one Ballot for each different Class. Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you receive.

**PLEASE MAIL YOUR BALLOT PROMPTLY. FACSIMILE OR OTHER ELECTRONIC (INCLUDING E-MAIL) TRANSMISSION OF THIS BALLOT WILL NOT BE ACCEPTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THE PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE BALLOTING AGENT AT (888) 830-4660.**

**FOR MAILING PURPOSES, THE ADDRESS OF THE BALLOTING AGENT IS: CANAL CORPORATION (F/K/A CHESAPEAKE CORPORATION) BALLOTS, C/O KURTZMAN CARSON CONSULTANTS, 2335 ALASKA AVE., EL SEGUNDO, CA 90245.**

**EXHIBIT 3-b(i)**
**(Class 3B - Beneficial Owner Ballot)**

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 08-36642-DOT |
| | ) | |
| CANAL CORPORATION, *et al.*, | ) | Chapter 11 |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |
| | ) | |

**BENEFICIAL OWNER BALLOT FOR HOLDERS OF REVENUE BOND CLAIMS FOR ACCEPTING OR REJECTING THE SECOND AMENDED JOINT PLAN OF LIQUIDATION OF CANAL CORPORATION AND CERTAIN OF ITS AFFILIATED DEBTORS**

If you are a beneficial owner (a "Beneficial Owner") of any (a) Solid Waste Disposal Revenue Bonds, Series 1994A issued under an Indenture of Trust, dated as of March 1, 1994, between the Industrial Development Authority of the Town of West Point, Virginia and NationsBank of Virginia, N.A., as trustee, in connection with that certain Loan Agreement, by and among Canal Corporation, the Industrial Development Authority of the Town of West Point, Virginia and NationsBank of Virginia, N.A., as trustee; or (b) Solid Waste Disposal Revenue Refunding Bonds, Series 1994B issued under an Indenture of Trust, dated as of March 1, 1994, between the Industrial Development Authority of the Town of West Point, Virginia and NationsBank of Virginia, N.A., as trustee, in connection with that certain Loan Agreement, by and among Canal Corporation, the Industrial Development Authority of the Town of West Point, Virginia and NationsBank of Virginia, N.A., as trustee ("Revenue Bonds"), please use this ballot (the "Ballot") to cast your vote to accept or reject the *Second Amended Joint Plan of Liquidation of Canal Corporation and Certain of its Affiliated Debtors* (as the same may be further amended or modified,

---

[1]     The debtors and debtors-in-possession (collectively, the "Debtors") and the last four digits of their respective taxpayer identification numbers are as follows:  Canal Corporation (f/k/a/ Chesapeake Corporation) (6880), Canal NC Company (f/k/a Chesapeake Printing and Packaging Company) (9208), Canal NY Company, Inc. (f/k/a Chesapeake Pharmaceutical Packaging Company, Inc.) (0010), Canal IH Company (f/k/a Chesapeake International Holding Company) (1532), WTM I Company (1080), Sheffield, Inc. (6314), Canal Resources Company (f/k/a Chesapeake Assets Company) (5293), Canal YR Company (f/k/a Chesapeake Recycling Company) (9383), Canal D&P Company (f/k/a Chesapeake Display and Packaging Company) (4207), Canal Virginia Company (f/k/a The Chesapeake Corporation of Virginia) (6783), Canal Corporation (Wisconsin) (f/k/a Chesapeake Corporation (Wisconsin)) (7682), Canal Corporation (Massachusetts) (f/k/a Chesapeake Corporation (Massachusetts)) (7686), Canal Corporation (D.C.) (f/k/a Chesapeake Corporation (D.C.)) (7684), Canal Corporation (Illinois) (f/k/a Chesapeake Corporation (Illinois)) (7685), Canal Corporation (Louisiana) (f/k/a Chesapeake Corporation (Louisiana)) (7681), Canal FP Company, LLC (f/k/a Chesapeake Forest Products Company, LLC) (6880), Canal DE Company (f/k/a Cary St. Company) (9092), Canal DP Company (f/k/a Delmarva Properties, Inc.) (7160), and Canal SH Company (f/k/a Stonehouse Inc.) (2481).

the "Plan").[2]  If you hold Claims in other Classes in which you are entitled to vote, you will receive a Ballot for each such other Class.

On February __, 2011, the United States Bankruptcy Court for the Eastern District of Virginia (the "Court") signed an order (the "Solicitation Order") which approved the *Disclosure Statement With Respect to the Second Amended Joint Plan of Liquidation of Canal Corporation and Certain of its Affiliated Debtors*, dated February 15, 2011 (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Disclosure Statement") regarding the Plan, and which established certain procedures for the solicitation and tabulation of votes to accept or reject the Plan.  Please use this Ballot to cast your vote to accept or reject the Plan, which is proposed by the above-captioned debtors and debtors-in-possession except for WTM I Company (collectively the "Plan Debtors").  The Plan is Exhibit A to the Disclosure Statement that accompanies this Ballot.  Any party may request, at the Plan Debtors' expense, hard copies of the Disclosure Statement, together with the Plan and other exhibits annexed thereto, from the Balloting Agent.  You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Revenue Bond Claims and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements under section 1129(b) of the Bankruptcy Code.

---

HOW TO VOTE

1. COMPLETE ITEM 1 (if not already filled out by your Nominee), ITEM 2, AND ITEM 3 (if applicable).

2. REVIEW THE CERTIFICATIONS CONTAINED IN ITEM 4 AND COMPLETE ITEM 4.

3. **SIGN THE BALLOT**.

4. MAKE SURE THAT YOU FORWARD YOUR BALLOT IN THE ENVELOPE PROVIDED IN SUFFICIENT TIME SO THAT IT MAY BE RECEIVED BY THE BALLOTING AGENT ON OR BEFORE THE VOTING DEADLINE.
   (a)  If your ballot has already been "prevalidated" by your Nominee, return the Ballot directly to the Balloting Agent.
   (b)  If your ballot has **not** been "prevalidated" by your Nominee, return the Ballot to your Nominee (make sure your Nominee receives your Ballot in sufficient time to submit it or a Master Ballot on your behalf before the Voting Deadline).

5. YOU MUST VOTE ***ALL OF YOUR REVENUE BOND CLAIMS*** EITHER TO ACCEPT OR TO REJECT THE PLAN AND ***MAY NOT SPLIT YOUR VOTE***.

---

An authorized signatory of an eligible Beneficial Owner may execute this Ballot, but must provide the name and address of the Beneficial Owner on this Ballot and may be required to submit evidence to the Bankruptcy Court demonstrating such signatory's authorization to vote on behalf of the

---

[2]         Capitalized terms used, but not defined herein, shall have the meaning ascribed to them in the Plan.

Beneficial Owner.  Authorized signatories voting on behalf of more than one Beneficial Owner must complete a separate Ballot for each owner.

You may receive multiple mailings containing Ballots, especially if you own your Revenue Bonds through more than one bank, broker, or other intermediary.  You should vote each Ballot that you receive for all of the Revenue Bonds that you beneficially own.  You must provide all of the information requested by this Ballot.  Failure to do so may result in the disqualification of your vote.

**THE VOTING DEADLINE IS 5:00 P.M. PREVAILING PACIFIC TIME ON MARCH 22, 2011.**

**ITEM 1.       CLASS 3B CLAIM AMOUNT.  The undersigned certifies that as of February 15, 2011 (the "Record Date"), the Holder of the Revenue Bond Claim that relates to this Ballot held a Revenue Bond Claim in the below amount:**

$_____

**ITEM 2.       CLASS 3B (REVENUE BOND CLAIM) VOTE.  The Holder of the Revenue Bond Claim that relates to this Ballot votes:**

☐ to ACCEPT the Plan              ☐ to REJECT the Plan

**A VOTE TO ACCEPT THE PLAN CONSTITUTES AN ACCEPTANCE AND CONSENT TO THE THIRD PARTY RELEASE SET FORTH IN SECTION 9.5 OF THE PLAN.  A VOTE TO REJECT THE PLAN INCLUDES A REJECTION OF THE THIRD PARTY RELEASE SET FORTH IN SECTION 9.5 OF THE PLAN.  IF YOU ABSTAIN (CHOOSE NOT TO VOTE), SEE ITEM 3 BELOW.  PLEASE SEE SECTION 9.5 OF THE PLAN FOR INFORMATION ABOUT THE THIRD PARTY RELEASE.**

**ANY BALLOT WHICH INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN OR DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN WILL NOT BE COUNTED, PROVIDED, HOWEVER, THAT A PARTY THAT DOES NOT CAST A VOTE MAY OPT TO ACCEPT OR REJECT THE THIRD PARTY RELEASE PROVISIONS IN SECTION 9.5 OF THE PLAN BY CHECKING THE APPROPRIATE BOX IN ITEM 3 BELOW.**

**ITEM 3.       RELEASE OPT-OUT ELECTION:**

**COMPLETE THIS ITEM 3 ONLY IF YOU DID NOT VOTE TO EITHER ACCEPT OR REJECT THE PLAN IN ITEM 2 ABOVE.  PURSUANT TO THE PLAN, IF YOU RETURN A BALLOT, AND VOTE TO ACCEPT THE PLAN, YOU ARE AUTOMATICALLY DEEMED TO HAVE ACCEPTED THE THIRD PARTY RELEASE IN SECTION 9.5 OF THE PLAN.  YOU ALSO ARE DEEMED TO HAVE ACCEPTED THE THIRD PARTY RELEASE IN SECTION 9.5 OF THE PLAN IF YOU DO NOT CAST A VOTE WITH RESPECT TO THE PLAN, HOWEVER, IN THIS INSTANCE ONLY, YOU MAY CHECK A BOX BELOW TO ACCEPT OR REJECT THE THIRD PARTY RELEASE.**

**The Holder of the Revenue Bond Claim that relates to this Ballot elects:**

☐ to ACCEPT THE THIRD PARTY RELEASE

☐ to REJECT THE THIRD PARTY RELEASE

**ITEM 4.**      <u>**CERTIFICATION. By signing this Ballot, the undersigned certifies that it:**</u>

    **E. is the Holder or the authorized signatory of the Revenue Bond Claim to which this Ballot pertains;**

    **F. has been provided with a copy of the Plan and the Disclosure Statement and that it acknowledges that the vote, or the election concerning the Third Party Release in Section 9.5 of the Plan, set forth on this Ballot is subject to all the terms and conditions set forth in the Plan and the Disclosure Statement;**

    **G. has full power and authority to vote to accept or reject the Plan and to elect to accept or reject the Third Party Release in Section 9.5 of the Plan; and**

    **H. has not submitted any other Ballots relating to the Revenue Bond Claim that are inconsistent with the vote or election as set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote or election set forth herein.**

Name: _____
_____
       (Print or Type)

Social Security Or Federal Tax I.D. No.:_____
       (Optional)

Signature:_____
_____

By:_____
_____
       (If Appropriate)

Title:_____
_____
       (If Appropriate)

Street Address:_____

City, State, Zip Code:_____
_____

Telephone Number: _____
_____

Date Completed:_____
_____

No fees, commissions or other remuneration will be payable to any broker, dealer or other person for soliciting votes on the Plan. This Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan or to elect to accept or reject the Third Party Release in Section 9.5 of the Plan. Holders should not surrender, at this time, certificates representing their securities. The Balloting Agent will not accept delivery of any such certificates surrendered together with a Ballot. Moreover, this Ballot shall not constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

By returning this Ballot, the Beneficial Owner of the Revenue Bonds identified in Item 1 also authorizes and instructs its Nominee (i) to furnish the voting information and the amount of Revenue Bonds the Nominee holds on its behalf in a Master Ballot transmitted to the Plan Debtors or their agent (unless this is a prevalidated ballot forwarded directly to the Balloting Agent in accordance with the Nominee's instructions or unless this Ballot has been provided by the Balloting Agent directly to the Beneficial Owner and will be forwarded by the Beneficial Owner directly to the Balloting Agent), and (ii) to retain this Ballot and related information in its records for at least one year after the Voting Deadline.

---

**YOUR VOTE MUST BE ACTUALLY RECEIVED BY THE AGENT SUPERVISING THE SOLICITATION, TABULATION, AND BALLOTING PROCESS (THE "BALLOTING AGENT"), BY 5:00 P.M. PACIFIC TIME ON MARCH 22, 2011, OR YOUR VOTE WILL NOT BE COUNTED. FACSIMILE OR OTHER MEANS OF ELECTRONIC TRANSMISSION OF THIS BALLOT WILL NOT BE ACCEPTED.**

---

**IF YOU HAVE QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE BALLOTING AGENT AT (888) 830-4660**

## VOTING INSTRUCTIONS

All capitalized terms used in the ballot (the "Ballot") or these instructions but not otherwise defined therein shall have the meanings ascribed to them in the Plan.

Please read and follow these instructions carefully. You must transmit this Ballot to the Balloting Agent by no later than 5:00 p.m. prevailing Pacific Time on March 22, 2011, unless such time is extended (the "Voting Deadline"), or your Ballot will not be counted.

In order for your vote to count, you must:

- Complete Item 1;

- Cast ONE vote to accept or reject the Plan by checking the proper box in Item 2;

- Review the certifications in Item 4;

- Sign the Ballot – Your original signature is required on the Ballot in order for your vote to count;

- If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and provide proof of your authorization to so sign. In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot;

- If your ballot has already been "prevalidated" by your Nominee, return the Ballot directly to the Balloting Agent; and

- If your ballot has **not** been "prevalidated" by your Nominee, return the Ballot to your Nominee (make sure your Nominee receives your Ballot in sufficient time to submit it or a Master Ballot on your behalf before the Voting Deadline).

**IF YOU DO NOT CAST A VOTE WITH RESPECT TO THE PLAN, YOU MAY COMPLETE ITEM 3 TO ELECT TO ACCEPT OR REJECT THE THIRD PARTY RELEASE.**

If you believe you received the wrong form of Ballot, or if you need additional Ballots, please immediately contact the Balloting Agent.

If you wish to have your Claim allowed for purposes of voting on the Plan in a manner that is inconsistent with the Ballot you received or if you did not receive a Ballot and wish to have your Claim temporarily allowed for voting purposes only, you must serve on the Plan Debtors and file with the Bankruptcy Court, on or before March 8, 2011, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (an "Estimation Motion"). An Estimation Motion must set forth with particularity the amount and classification of which you believe your Claim should be allowed for voting purposes, and the evidence in support of your belief. In respect of any timely filed Estimation Motion, the Ballot in question shall be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Confirmation Hearing or (b) if such an order has not been entered by the Confirmation Hearing and unless the Plan Debtors and you have come to an agreement as to the relief requested in the Estimation Motion, in an amount equal to the

preprinted amount on the Ballot or in the event you did not receive a Ballot, you shall not have a Ballot counted at all. The Court will schedule a hearing on such Estimation Motion to be heard at or prior to the Confirmation Hearing.

If multiple Ballots are received from the same person with respect to the same Claims prior to the Voting Deadline, the last Ballot timely received will supersede and revoke any earlier received Ballot. However, if a Holder of Claims casts Ballots received by the Balloting Agent on the same day, but which are voted inconsistently, such Ballots will not be counted.

Any Ballot that is illegible or that contains insufficient information to permit the identification of the claimant will not be counted.

Properly executed Ballots that attempt to partially accept and partially reject the Plan will not be counted.

After the Voting Deadline, no Ballot may be withdrawn or modified without the prior consent of the Plan Debtors.

This Ballot does not constitute, and shall not be deemed to be, a proof of claim or an assertion or admission of a Claim.

If you hold Claims in more than one Class under the Plan, you may receive more than one Ballot for each different Class. Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you receive.

With respect to the tabulation of Master Ballots and Ballots cast by Nominees and Beneficial Owners, the following additional rules shall apply: (a) Votes cast by Beneficial Owners through a Nominee will be applied against the positions held by such entities in the securities as of the Record Date, as evidenced by the record and depository listings. Votes submitted by a Nominee, whether pursuant to a Master Ballot or pre-validated Ballots, will not be counted in excess of the amount of the Claim held on the Record Date (the "Record Amount") of such securities held by such Nominee; (b) to the extent that conflicting votes or "overvotes" are submitted by a Nominee, whether pursuant to a Master Ballot or pre-validated Ballots, the Balloting Agent will attempt to reconcile discrepancies with the Nominees; (c) to the extent that overvotes on a Master Ballot or pre-validated Ballots are not reconcilable prior to the preparation of the vote certification, the Balloting Agent will apply the votes to accept and to reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot or pre-validated Ballots that contained the overvote, but only to the extent of the Nominee's position in the security; and (d) for purposes of tabulating votes, each Beneficial Owner will be deemed to have voted the principal amount relating to such security, although the Balloting Agent may be asked to adjust such principal amount to reflect the claim amount.

**PLEASE MAIL YOUR BALLOT PROMPTLY. FACSIMILE OR OTHER ELECTRONIC (INCLUDING E-MAIL) TRANSMISSION OF THIS BALLOT WILL NOT BE ACCEPTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THE PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE BALLOTING AGENT AT (888) 830-4660.**

**FOR MAILING PURPOSES, THE ADDRESS OF THE BALLOTING AGENT IS: CANAL CORPORATION (F/K/A CHESAPEAKE CORPORATION) BALLOTS, C/O KURTZMAN CARSON CONSULTANTS, 2335 ALASKA AVE., EL SEGUNDO, CA 90245.**

EXHIBIT 3-b(ii)
(Class 3B - Master Ballot)

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 08-36642-DOT |
| | ) | |
| CANAL CORPORATION, *et al.*, | ) | Chapter 11 |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |
| | ) | |

## MASTER BALLOT FOR ACCEPTING OR REJECTING THE SECOND
## AMENDED JOINT PLAN OF LIQUIDATION OF
## CANAL CORPORATION AND CERTAIN OF ITS AFFILIATED DEBTORS

This master ballot (the "Master Ballot") is to be used by you, as broker, bank or other Nominee (or as their proxy, holder or agent) (each of the foregoing, a "Nominee"), for beneficial owners ("Beneficial Owners") of (a) Solid Waste Disposal Revenue Bonds, Series 1994A issued under an Indenture of Trust, dated as of March 1, 1994, between the Industrial Development Authority of the Town of West Point, Virginia and NationsBank of Virginia, N.A., as trustee, in connection with that certain Loan Agreement, by and among Canal Corporation, the Industrial Development Authority of the Town of West Point, Virginia and NationsBank of Virginia, N.A., as trustee; or (b) the Solid Waste Disposal Revenue Refunding Bonds, Series 1994B issued under an Indenture of Trust, dated as of March 1, 1994, between the Industrial Development Authority of the Town of West Point, Virginia and NationsBank of Virginia, N.A., as trustee, in connection with that certain Loan Agreement, by and among Canal Corporation, the Industrial Development Authority of the Town of West Point, Virginia and NationsBank of Virginia, N.A., as trustee (collectively, the "Revenue Bonds"), to transmit the votes of such Holders in

---

[1] The debtors and debtors-in-possession (collectively, the "Debtors") and the last four digits of their respective taxpayer identification numbers are as follows: Canal Corporation (f/k/a/ Chesapeake Corporation) (6880), Canal NC Company (f/k/a Chesapeake Printing and Packaging Company) (9208), Canal NY Company, Inc. (f/k/a Chesapeake Pharmaceutical Packaging Company, Inc.) (0010), Canal IH Company (f/k/a Chesapeake International Holding Company) (1532), WTM I Company (1080), Sheffield, Inc. (6314), Canal Resources Company (f/k/a Chesapeake Assets Company) (5293), Canal YR Company (f/k/a Chesapeake Recycling Company) (9383), Canal D&P Company (f/k/a Chesapeake Display and Packaging Company) (4207), Canal Virginia Company (f/k/a The Chesapeake Corporation of Virginia) (6783), Canal Corporation (Wisconsin) (f/k/a Chesapeake Corporation (Wisconsin)) (7682), Canal Corporation (Massachusetts) (f/k/a Chesapeake Corporation (Massachusetts)) (7686), Canal Corporation (D.C.) (f/k/a Chesapeake Corporation (D.C.)) (7684), Canal Corporation (Illinois) (f/k/a Chesapeake Corporation (Illinois)) (7685), Canal Corporation (Louisiana) (f/k/a Chesapeake Corporation (Louisiana)) (7681), Canal FP Company, LLC (f/k/a Chesapeake Forest Products Company, LLC) (6880), Canal DE Company (f/k/a Cary St. Company) (9092), Canal DP Company (f/k/a Delmarva Properties, Inc.) (7160), and Canal SH Company (f/k/a Stonehouse Inc.) (2481).

respect of their Revenue Bonds to accept or reject the *Second Amended Joint Plan of Liquidation of Canal Corporation and Certain of its Affiliated Debtors* (as the same may be further amended or modified, the "Plan").[2]

On February __, 2011, the United States Bankruptcy Court for the Eastern District of Virginia (the "Court") signed an order (the "Solicitation Order") which approved the *Disclosure Statement With Respect to the Second Amended Joint Plan of Liquidation of Canal Corporation and Certain of its Affiliated Debtors*, dated February 15, 2011 (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Disclosure Statement") regarding the Plan, and which established certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. The Plan is proposed by the above-captioned debtors and debtors-in-possession except for WTM I Company (collectively the "Plan Debtors"). The Plan is Exhibit A to the Disclosure Statement that accompanies this Ballot. Any party may request, at the Plan Debtors' expense, hard copies of the Disclosure Statement, together with the Plan and other exhibits annexed thereto, from the Balloting Agent. You may wish to seek legal advice concerning the Plan and classification and treatment under the Plan.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you and the Beneficial Owners of the Revenue Bonds if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Revenue Bond Claims and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements under section 1129(b) of the Bankruptcy Code.

**PLEASE READ AND FOLLOW THE ATTACHED INSTRUCTIONS CAREFULLY. COMPLETE, SIGN, AND DATE THIS MASTER BALLOT, AND RETURN IT SO THAT IT IS ACTUALLY RECEIVED BY THE PLAN DEBTORS' BALLOTING AGENT, KURTZMAN CARSON CONSULTANTS LLC, ON OR BEFORE THE VOTING DEADLINE OF 5:00 P.M. PACIFIC TIME ON MARCH 22, 2011. IF THIS MASTER BALLOT IS NOT COMPLETED, SIGNED, AND ACTUALLY RECEIVED BY THE BALLOTING AGENT PRIOR TO THE EXPIRATION OF THE VOTING DEADLINE, THEN THE VOTES TRANSMITTED BY THIS MASTER BALLOT MAY NOT BE COUNTED.**

**Item 1. Certification of Authority to Vote**. The undersigned certifies that as of February 15, 2011, the Record Date, the undersigned (please check the applicable box):

    ❑    Is a broker, bank, or other Nominee for the Beneficial Owners of the aggregate principal amount of Revenue Bonds listed in Item 2 below, and is the registered Holder of such securities, or

    ❑    Is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other Nominee that is the registered Holder of the aggregate principal amount of Revenue Bonds listed in Item 2 below, or

    ❑    Has been granted a proxy (an original of which is attached hereto) from a broker, bank or other Nominee, or a Beneficial Owner, that is the registered Holder of the aggregate principal amount of Revenue Bonds listed in Item 2 below,

---

[2]    Capitalized terms used, but not defined herein, shall have the meaning ascribed to them in the Plan.

and, accordingly, has full power and authority to vote to accept or reject the Plan on behalf of the Beneficial Owners of the Revenue Bonds described in Item 2 below.

**Item 2. Revenue Bond Claims Votes**.  The undersigned transmits the following votes of Beneficial Owners in respect of their Revenue Bonds, and certifies that the following Beneficial Owners of Revenue Bonds, as identified by their respective customer account numbers set forth below, are Beneficial Owners of such securities as of February 15, 2011, the Record Date, and have delivered to the undersigned, as Nominee, Ballots casting such votes. (Indicate in the appropriate column the aggregate principal amount voted for each account, or attach such information to this Master Ballot in the form of the following table.)

Please note:  Each Beneficial Owner must vote all his, her, or its Revenue Bond Claims either to accept or reject the Plan, and may not split such vote.

| Your Customer Account Number of Each Beneficial Owner of Revenue Bonds | Principal Amount of Revenue Bonds Voted to ACCEPT the Plan | | Principal Amount of Revenue Bonds Voted to REJECT the Plan | | Principal Amount of Revenue Bonds Opting Out of Third Party Release |
|---|---|---|---|---|---|
| 1. | $ | OR $ | | OR $ | |
| 2. | $ | OR $ | | OR $ | |
| 3. | $ | OR $ | | OR $ | |
| 4. | $ | OR $ | | OR $ | |
| 5. | $ | OR $ | | OR $ | |
| 6. | $ | OR $ | | OR $ | |
| 7. | $ | OR $ | | OR $ | |
| 8. | $ | OR $ | | OR $ | |
| 9. | $ | OR $ | | OR $ | |
| 10. | $ | OR $ | | OR $ | |
| TOTALS | $ | | $ | | $ |

**Item 3. Certification**.  By signing this Master Ballot, the undersigned certifies that each Beneficial Owner of Revenue Bonds listed in Item 2 above has been provided with a copy of the Disclosure Statement, including the exhibits thereto, and acknowledges that the solicitation of votes is subject to all the terms and conditions set forth in the Disclosure Statement.

Name of Broker, Bank, or Other Nominee:

_____
(Print or Type)

Name of Proxy Holder or Agent for Broker, Bank, or Other Nominee (if applicable):

_____
(Print or Type)

Participant No.:_____

Signature:_____

Name of Signatory:_____

Title:_____

Street Address:_____

City, State, Zip Code:_____

Telephone Number:  _____

Date Completed:_____

## INSTRUCTIONS FOR COMPLETING THE MASTER BALLOT

---

THIS MASTER BALLOT MUST BE FORWARDED IN AMPLE TIME TO BE *ACTUALLY RECEIVED* BY THE DEBTORS' BALLOTING AGENT, KURTZMAN CARSON CONSULTANTS LLC, BY 5:00 P.M. PACIFIC TIME ON <u>MARCH 22, 2011</u> (THE "<u>VOTING DEADLINE</u>"), OR THESE VOTES OF YOUR CUSTOMERS CONTAINED THEREIN MAY NOT BE COUNTED.

FOR MAILING PURPOSES, THE ADDRESS OF THE BALLOTING AGENT IS: CANAL CORPORATION (F/K/A CHESAPEAKE CORPORATION) BALLOTS, C/O KURTZMAN CARSON CONSULTANTS, 2335 ALASKA AVE., EL SEGUNDO, CA 90245.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THE PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE BALLOTING AGENT AT (888) 830-4660.

---

**HOW TO VOTE:**

If you are both the registered owner and Beneficial Owner of any principal amount of Revenue Bonds and you wish to vote such Revenue Bonds, you may complete, execute, and return to the Balloting Agent either a Beneficial Owner Ballot or a Master Ballot.

**If you are transmitting the votes of any Beneficial Owners of Revenue Bonds other than yourself, you may *either*:**

1. Complete the Beneficial Owner Ballot Items 1 and 4 (other than the signature) and deliver to the Beneficial Owner such "prevalidated" Beneficial Owner Ballot, along with the Disclosure Statement and other materials requested to be forwarded. The Beneficial Owner should complete Items 2, 3 (if applicable), review Item 4, and execute and return the completed Ballot to the Balloting Agent so as to be received on or before the Voting Deadline;

OR

2. For any Beneficial Owner Ballots you do not "prevalidate":

Deliver the Beneficial Owner Ballot to the Beneficial Owner, along with the Disclosure Statement and other materials requested to be forwarded, and take the necessary actions to enable such Beneficial Owner to (i) complete and execute such Beneficial Owner Ballot voting to accept or reject the Plan, and (ii) return the completed and executed Beneficial Owner Ballot to you in sufficient time to enable you to complete the Master Ballot and deliver it to the Balloting Agent before the Voting Deadline; and

With respect to all Beneficial Owner Ballots returned to you, you must properly complete the Master Ballot, as follows:

a. Check the appropriate box in Item 1 on the Master Ballot;

b. Indicate the votes to accept or reject the Plan, and any elections to opt-out of the Third Party Releases, in Item 2 of this Master Ballot, as transmitted to you by the Beneficial Owners of Revenue Bonds. To identify such Beneficial Owners without

5

disclosing their names, please use the customer account number assigned by you to each such Beneficial Owner, or if no such customer account number exists, please assign a number to each account (making sure to retain a separate list of each Beneficial Owner and the assigned number).  **IMPORTANT: BENEFICIAL OWNERS MAY _NOT_ SPLIT THEIR VOTES. EACH BENEFICIAL OWNER MUST VOTE _ALL_ HIS, HER, OR ITS REVENUE BOND CLAIMS _EITHER_ TO ACCEPT OR REJECT THE PLAN. IF ANY BENEFICIAL OWNER HAS ATTEMPTED TO SPLIT SUCH VOTE, PLEASE CONTACT THE BALLOTING AGENT IMMEDIATELY.** Any Beneficial Owner Ballot or Master Ballot which is validly executed but which impermissibly attempts to split a vote will be deemed to constitute an acceptance of the Plan;

c.      Review the certification in Item 3 of the Master Ballot;

d.      Sign and date the Master Ballot, and provide the remaining information requested in Item 3;

e.      If additional space is required to respond to any item on the Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable Item of the Master Ballot to which you are responding;

f.      Multiple Master Ballots may be completed and delivered to the Balloting Agent. Votes reflected by multiple Master Ballots will be counted except to the extent that the votes thereon are duplicative of other Master Ballots.  If two or more Master Ballots are inconsistent, the latest Master Ballots actually received prior to the Voting Deadline will, to the extent of such inconsistency, supersede and revoke any prior Master Ballot.  If more than one Master Ballot is submitted and the later Master Ballot supplements rather than supersedes the earlier Master Ballot(s), please mark the subsequent Master Ballot with the words "Additional Vote" or such other language as you customarily use to indicate an additional vote that is not meant to revoke an earlier vote; and

g.      Deliver the completed and executed Master Ballot so that it is **_actually received_** by the Balloting Agent on or before the Voting Deadline.  For each completed and executed Beneficial Owner Ballot returned to you by a Beneficial Owner, either forward such Beneficial Owner Ballot (along with your Master Ballot) to the Balloting Agent or retain such Beneficial Owner Ballot in your files for at least one year from the Voting Deadline.

**PLEASE NOTE:**

With respect to the tabulation of Master Ballots and Ballots cast by Nominees and Beneficial Owners, the following additional rules shall apply: (a) Votes cast by Beneficial Owners through a Nominee will be applied against the positions held by such entities in the securities as of the Record Date, as evidenced by the record and depository listings.  Votes submitted by a Nominee, whether pursuant to a Master Ballot or pre-validated Ballots, will not be counted in excess of the amount of the Claim held on the Record Date (the "Record Amount") of such securities held by such Nominee; (b) to the extent that conflicting votes or "overvotes" are submitted by a Nominee, whether pursuant to a Master Ballot or pre-validated Ballots, the Balloting Agent will attempt to reconcile discrepancies with the Nominees; (c) to the extent that overvotes on a Master Ballot or pre-validated Ballots are not reconcilable prior to the preparation of the vote certification, the Balloting Agent will apply the votes to accept and to reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot or pre-validated

Ballots that contained the overvote, but only to the extent of the Nominee's position in the security; and (d) for purposes of tabulating votes, each Beneficial Owner will be deemed to have voted the principal amount relating to such security, although the Balloting Agent may be asked to adjust such principal amount to reflect the claim amount.

This Master Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan or to opt-out of the Third Party Release. Holders should not surrender, at this time, certificates representing their securities. The Balloting Agent will not accept delivery of any such certificates surrendered together with this Master Ballot.

No Beneficial Owner Ballot or Master Ballot shall constitute or be deemed a proof of claim, an assertion of a Claim or an admission by the Plan Debtors of the nature, validity or amount of any Claim or Interest.

**NOTHING CONTAINED HEREIN OR IN THE ENCLOSED DOCUMENTS SHALL RENDER YOU OR ANY OTHER PERSON THE AGENT OF ANY PLAN DEBTOR OR KURTZMAN CARSON CONSULTANTS, OR AUTHORIZE YOU OR ANY OTHER PERSON TO USE ANY DOCUMENT OR MAKE ANY STATEMENTS ON BEHALF OF ANY OF THEM WITH RESPECT TO THE PLAN OR DISCLOSURE STATEMENT, EXCEPT FOR THE STATEMENTS CONTAINED IN THE ENCLOSED DOCUMENTS.**

**EXHIBIT 3-c(i)**
**(Class 3C - Beneficial Owner Ballot)**

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 08-36642-DOT |
| | ) | |
| CANAL CORPORATION, *et al.*, | ) | Chapter 11 |
| | ) | |
| Debtors.[3] | ) | (Jointly Administered) |
| | ) | |
| | ) | |

**BENEFICIAL OWNER BALLOT FOR HOLDERS OF SUBORDINATED NOTE CLAIMS FOR ACCEPTING OR REJECTING THE SECOND AMENDED JOINT PLAN OF LIQUIDATION OF <u>CANAL CORPORATION AND CERTAIN OF ITS AFFILIATED DEBTORS</u>**

If you are a beneficial owner (a "<u>Beneficial Owner</u>") of any (a) Senior Subordinated Notes due in 2011, that bear interest at 10-3/8% per annum, issued in connection with that certain Indenture dated as of November 19, 2001, by and between Canal Corporation and U.S. Bank National Association (successor to The Bank of New York), as trustee; or (b) the Senior Subordinated Notes due in 2014, that bear interest at 7% per annum, issued in connection with that certain Indenture, dated as of December 8, 2004, by and between Canal Corporation and U.S. Bank National Association (successor to Wachovia Bank, N.A.), as trustee ("<u>Subordinated Notes</u>"), please use this ballot (the "<u>Ballot</u>") to cast your vote to accept or reject the *Second Amended Joint Plan of Liquidation of Canal Corporation and Certain of its Affiliated Debtors*

---

[3]         The debtors and debtors-in-possession (collectively, the "<u>Debtors</u>") and the last four digits of their respective taxpayer identification numbers are as follows: Canal Corporation (f/k/a/ Chesapeake Corporation) (6880), Canal NC Company (f/k/a Chesapeake Printing and Packaging Company) (9208), Canal NY Company, Inc. (f/k/a Chesapeake Pharmaceutical Packaging Company, Inc.) (0010), Canal IH Company (f/k/a Chesapeake International Holding Company) (1532), WTM I Company (1080), Sheffield, Inc. (6314), Canal Resources Company (f/k/a Chesapeake Assets Company) (5293), Canal YR Company (f/k/a Chesapeake Recycling Company) (9383), Canal D&P Company (f/k/a Chesapeake Display and Packaging Company) (4207), Canal Virginia Company (f/k/a The Chesapeake Corporation of Virginia) (6783), Canal Corporation (Wisconsin) (f/k/a Chesapeake Corporation (Wisconsin)) (7682), Canal Corporation (Massachusetts) (f/k/a Chesapeake Corporation (Massachusetts)) (7686), Canal Corporation (D.C.) (f/k/a Chesapeake Corporation (D.C.)) (7684), Canal Corporation (Illinois) (f/k/a Chesapeake Corporation (Illinois)) (7685), Canal Corporation (Louisiana) (f/k/a Chesapeake Corporation (Louisiana)) (7681), Canal FP Company, LLC (f/k/a Chesapeake Forest Products Company, LLC) (6880), Canal DE Company (f/k/a Cary St. Company) (9092), Canal DP Company (f/k/a Delmarva Properties, Inc.) (7160), and Canal SH Company (f/k/a Stonehouse Inc.) (2481).

(as the same may be further amended or modified, the "Plan").[4]  If you hold Claims in other Classes in which you are entitled to vote, you will receive a Ballot for each such other Class.

On February __, 2011, the United States Bankruptcy Court for the Eastern District of Virginia (the "Court") signed an order (the "Solicitation Order") which approved the *Disclosure Statement With Respect to the Second Amended Joint Plan of Liquidation of Canal Corporation and Certain of its Affiliated Debtors*, dated February 15, 2011 (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Disclosure Statement") regarding the Plan, and which established certain procedures for the solicitation and tabulation of votes to accept or reject the Plan.  Please use this Ballot to cast your vote to accept or reject the Plan, which is proposed by the above-captioned debtors and debtors-in-possession except for WTM I Company (collectively the "Plan Debtors").  The Plan is Exhibit A to the Disclosure Statement that accompanies this Ballot.  Any party may request, at the Plan Debtors' expense, hard copies of the Disclosure Statement, together with the Plan and other exhibits annexed thereto, from the Balloting Agent.  You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Subordinated Note Claims and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements under section 1129(b) of the Bankruptcy Code.

---

HOW TO VOTE

1.  COMPLETE ITEM 1 (if not already filled out by your Nominee), ITEM 2, AND ITEM 3 (if applicable).

2.  REVIEW THE CERTIFICATIONS CONTAINED IN ITEM 4 AND COMPLETE ITEM 4.

3.  **SIGN THE BALLOT**.

4.  MAKE SURE THAT YOU FORWARD YOUR BALLOT IN THE ENVELOPE PROVIDED IN SUFFICIENT TIME SO THAT IT MAY BE RECEIVED BY THE BALLOTING AGENT ON OR BEFORE THE VOTING DEADLINE.
    (a)  If your ballot has already been "prevalidated" by your Nominee, return the Ballot directly to the Balloting Agent.
    (b)  If your ballot has **not** been "prevalidated" by your Nominee, return the Ballot to your Nominee (make sure your Nominee receives your Ballot in sufficient time to submit it or a Master Ballot on your behalf before the Voting Deadline).

5.  YOU MUST VOTE ***ALL OF YOUR SUBORDINATED NOTE CLAIMS*** EITHER TO ACCEPT OR TO REJECT THE PLAN AND ***MAY NOT SPLIT YOUR VOTE***.

---

[4]  Capitalized terms used, but not defined herein, shall have the meaning ascribed to them in the Plan.

An authorized signatory of an eligible Beneficial Owner may execute this Ballot, but must provide the name and address of the Beneficial Owner on this Ballot and may be required to submit evidence to the Bankruptcy Court demonstrating such signatory's authorization to vote on behalf of the Beneficial Owner. Authorized signatories voting on behalf of more than one Beneficial Owner must complete a separate Ballot for each owner.

You may receive multiple mailings containing Ballots, especially if you own your Subordinated Notes through more than one bank, broker, or other intermediary. You should vote each Ballot that you receive for all of the Subordinated Notes that you beneficially own. You must provide all of the information requested by this Ballot. Failure to do so may result in the disqualification of your vote.

**THE VOTING DEADLINE IS 5:00 P.M. PREVAILING PACIFIC TIME ON MARCH 22, 2011.**

**ITEM 1.      CLASS 3B CLAIM AMOUNT. The undersigned certifies that as of February 15, 2011 (the "Record Date"), the Holder of the Subordinated Note Claim that relates to this Ballot held a Subordinated Note Claim in the below amount:**

$_____

**ITEM 2.      CLASS 3B (SUBORDINATED NOTE CLAIM) VOTE. The Holder of the Subordinated Note Claim that relates to this Ballot votes:**

☐ to ACCEPT the Plan          ☐ to REJECT the Plan

**A VOTE TO ACCEPT THE PLAN CONSTITUTES AN ACCEPTANCE AND CONSENT TO THE THIRD PARTY RELEASE SET FORTH IN SECTION 9.5 OF THE PLAN. A VOTE TO REJECT THE PLAN INCLUDES A REJECTION OF THE THIRD PARTY RELEASE SET FORTH IN SECTION 9.5 OF THE PLAN. IF YOU ABSTAIN (CHOOSE NOT TO VOTE), SEE ITEM 3 BELOW. PLEASE SEE SECTION 9.5 OF THE PLAN FOR INFORMATION ABOUT THE THIRD PARTY RELEASE.**

**ANY BALLOT WHICH INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN OR DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN WILL NOT BE COUNTED, PROVIDED, HOWEVER, THAT A PARTY THAT DOES NOT CAST A VOTE MAY OPT TO ACCEPT OR REJECT THE THIRD PARTY RELEASE PROVISIONS IN SECTION 9.5 OF THE PLAN BY CHECKING THE APPROPRIATE BOX IN ITEM 3 BELOW.**

**ITEM 3.      RELEASE OPT-OUT ELECTION:**

**COMPLETE THIS ITEM 3 ONLY IF YOU DID NOT VOTE TO EITHER ACCEPT OR REJECT THE PLAN IN ITEM 2 ABOVE. PURSUANT TO THE PLAN, IF YOU RETURN A BALLOT, AND VOTE TO ACCEPT THE PLAN, YOU ARE AUTOMATICALLY DEEMED TO HAVE ACCEPTED THE THIRD PARTY RELEASE IN SECTION 9.5 OF THE PLAN. YOU ALSO ARE DEEMED TO HAVE ACCEPTED THE THIRD PARTY RELEASE IN SECTION 9.5 OF THE PLAN IF YOU DO NOT CAST A VOTE WITH RESPECT TO THE PLAN,**

**HOWEVER, IN THIS INSTANCE ONLY, YOU MAY CHECK A BOX BELOW TO ACCEPT OR REJECT THE THIRD PARTY RELEASE.**

**The Holder of the Subordinated Note Claim that relates to this Ballot elects:**

☐  to ACCEPT THE THIRD PARTY RELEASE

☐  to REJECT THE THIRD PARTY RELEASE

**ITEM 4.**          **CERTIFICATION.  By signing this Ballot, the undersigned certifies that it:**

     **I.   is the Holder or the authorized signatory of the Subordinated Note Claim to which this Ballot pertains;**

     **J.   has been provided with a copy of the Plan and the Disclosure Statement and that it acknowledges that the vote, or the election concerning the Third Party Release in Section 9.5 of the Plan, set forth on this Ballot is subject to all the terms and conditions set forth in the Plan and the Disclosure Statement;**

     **K.   has full power and authority to vote to accept or reject the Plan and to elect to accept or reject the Third Party Release in Section 9.5 of the Plan; and**

     **L.   has not submitted any other Ballots relating to the Subordinated Note Claim that are inconsistent with the vote or election as set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote or election set forth herein.**

Name:  _____
          _____
                    (Print or Type)

Social Security Or Federal Tax I.D. No.:_____
          (Optional)

Signature:_____
          _____

By:_____
          _____
                    (If Appropriate)

Title:_____
          _____
                    (If Appropriate)

Street Address:_____

City, State, Zip Code:_____
          _____

Telephone Number: _____

Date Completed:_____

No fees, commissions or other remuneration will be payable to any broker, dealer or other person for soliciting votes on the Plan. This Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan or to elect to accept or reject the Third Party Release in Section 9.5 of the Plan. Holders should not surrender, at this time, certificates representing their securities. The Balloting Agent will not accept delivery of any such certificates surrendered together with a Ballot. Moreover, this Ballot shall not constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

By returning this Ballot, the Beneficial Owner of the Subordinated Notes identified in Item 1 also authorizes and instructs its Nominee (i) to furnish the voting information and the amount of Subordinated Notes the Nominee holds on its behalf in a Master Ballot transmitted to the Plan Debtors or their agent (unless this is a prevalidated ballot forwarded directly to the Balloting Agent in accordance with the Nominee's instructions or unless this Ballot has been provided by the Balloting Agent directly to the Beneficial Owner and will be forwarded by the Beneficial Owner directly to the Balloting Agent), and (ii) to retain this Ballot and related information in its records for at least one year after the Voting Deadline.

> **YOUR VOTE MUST BE ACTUALLY RECEIVED BY THE AGENT SUPERVISING THE SOLICITATION, TABULATION, AND BALLOTING PROCESS (THE "<u>BALLOTING AGENT</u>"), BY 5:00 P.M. PACIFIC TIME ON MARCH 22, 2011, OR YOUR VOTE WILL NOT BE COUNTED. FACSIMILE OR OTHER MEANS OF ELECTRONIC TRANSMISSION OF THIS BALLOT WILL NOT BE ACCEPTED.**

**IF YOU HAVE QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE BALLOTING AGENT AT (888) 830-4660**

# VOTING INSTRUCTIONS

All capitalized terms used in the ballot (the "Ballot") or these instructions but not otherwise defined therein shall have the meanings ascribed to them in the Plan.

Please read and follow these instructions carefully. You must transmit this Ballot to the Balloting Agent by no later than 5:00 p.m. prevailing Pacific Time on March 22, 2011, unless such time is extended (the "Voting Deadline"), or your Ballot will not be counted.

In order for your vote to count, you must:

- Complete Item 1;

- Cast ONE vote to accept or reject the Plan by checking the proper box in Item 2;

- Review the certifications in Item 4;

- Sign the Ballot – Your original signature is required on the Ballot in order for your vote to count;

- If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and provide proof of your authorization to so sign. In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot;

- If your ballot has already been "prevalidated" by your Nominee, return the Ballot directly to the Balloting Agent; and

- If your ballot has **not** been "prevalidated" by your Nominee, return the Ballot to your Nominee (make sure your Nominee receives your Ballot in sufficient time to submit it or a Master Ballot on your behalf before the Voting Deadline).

**IF YOU DO NOT CAST A VOTE WITH RESPECT TO THE PLAN, YOU MAY COMPLETE ITEM 3 TO ELECT TO ACCEPT OR REJECT THE THIRD PARTY RELEASE.**

If you believe you received the wrong form of Ballot, or if you need additional Ballots, please immediately contact the Balloting Agent.

If you wish to have your Claim allowed for purposes of voting on the Plan in a manner that is inconsistent with the Ballot you received or if you did not receive a Ballot and wish to have your Claim temporarily allowed for voting purposes only, you must serve on the Plan Debtors and file with the Bankruptcy Court, on or before March 8, 2011, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (an "Estimation Motion"). An Estimation Motion must set forth with particularity the amount and classification of which you believe your Claim should be allowed for voting purposes, and the evidence in support of your belief. In respect of any timely filed Estimation Motion, the Ballot in question shall be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Confirmation Hearing or (b) if such an order has not been entered by the Confirmation Hearing and unless the Plan Debtors and you have come to an agreement as to the relief requested in the Estimation Motion, in an amount equal to the

preprinted amount on the Ballot or in the event you did not receive a Ballot, you shall not have a Ballot counted at all. The Court will schedule a hearing on such Estimation Motion to be heard at or prior to the Confirmation Hearing.

If multiple Ballots are received from the same person with respect to the same Claims prior to the Voting Deadline, the last Ballot timely received will supersede and revoke any earlier received Ballot. However, if a Holder of Claims casts Ballots received by the Balloting Agent on the same day, but which are voted inconsistently, such Ballots will not be counted.

Any Ballot that is illegible or that contains insufficient information to permit the identification of the claimant will not be counted.

Properly executed Ballots that attempt to partially accept and partially reject the Plan will not be counted.

After the Voting Deadline, no Ballot may be withdrawn or modified without the prior consent of the Plan Debtors.

This Ballot does not constitute, and shall not be deemed to be, a proof of claim or an assertion or admission of a Claim.

If you hold Claims in more than one Class under the Plan, you may receive more than one Ballot for each different Class. Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you receive.

With respect to the tabulation of Master Ballots and Ballots cast by Nominees and Beneficial Owners, the following additional rules shall apply: (a) Votes cast by Beneficial Owners through a Nominee will be applied against the positions held by such entities in the securities as of the Record Date, as evidenced by the record and depository listings. Votes submitted by a Nominee, whether pursuant to a Master Ballot or pre-validated Ballots, will not be counted in excess of the amount of the Claim held on the Record Date (the "Record Amount") of such securities held by such Nominee; (b) to the extent that conflicting votes or "overvotes" are submitted by a Nominee, whether pursuant to a Master Ballot or pre-validated Ballots, the Balloting Agent will attempt to reconcile discrepancies with the Nominees; (c) to the extent that overvotes on a Master Ballot or pre-validated Ballots are not reconcilable prior to the preparation of the vote certification, the Balloting Agent will apply the votes to accept and to reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot or pre-validated Ballots that contained the overvote, but only to the extent of the Nominee's position in the security; and (d) for purposes of tabulating votes, each Beneficial Owner will be deemed to have voted the principal amount relating to such security, although the Balloting Agent may be asked to adjust such principal amount to reflect the claim amount.

**PLEASE MAIL YOUR BALLOT PROMPTLY. FACSIMILE OR OTHER ELECTRONIC (INCLUDING E-MAIL) TRANSMISSION OF THIS BALLOT WILL NOT BE ACCEPTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THE PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE BALLOTING AGENT AT (888) 830-4660.**

**FOR MAILING PURPOSES, THE ADDRESS OF THE BALLOTING AGENT IS: CANAL CORPORATION (F/K/A CHESAPEAKE CORPORATION) BALLOTS, C/O KURTZMAN CARSON CONSULTANTS, 2335 ALASKA AVE., EL SEGUNDO, CA 90245.**

**EXHIBIT 3-c(ii)**
**(Class 3C - Master Ballot)**

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 08-36642-DOT |
| | ) | |
| CANAL CORPORATION, *et al.*, | ) | Chapter 11 |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |
| | ) | |

**MASTER BALLOT FOR ACCEPTING OR REJECTING THE SECOND**
**AMENDED JOINT PLAN OF LIQUIDATION OF**
**CANAL CORPORATION AND CERTAIN OF ITS AFFILIATED DEBTORS**

This master ballot (the "Master Ballot") is to be used by you, as broker, bank or other Nominee (or as their proxy, holder or agent) (each of the foregoing, a "Nominee"), for beneficial owners ("Beneficial Owners") of (a) Senior Subordinated Notes due in 2011, that bear interest at 10-3/8% per annum, issued in connection with that certain Indenture dated as of November 19, 2001, by and between Canal Corporation and U.S. Bank National Association (successor to The Bank of New York), as trustee; or (b) the Senior Subordinated Notes due in 2014, that bear interest at 7% per annum, issued in connection with that certain Indenture, dated as of December 8, 2004, by and between Canal Corporation and U.S. Bank National Association (successor to Wachovia Bank, N.A.), as trustee ("Subordinated Notes"), to transmit the votes of such Holders in respect of their Revenue Bonds to accept or reject the *Second Amended Joint Plan of Liquidation of Canal Corporation and Certain of its Affiliated Debtors* (as the same may be further amended or modified, the "Plan").[2]

---

[1]     The debtors and debtors-in-possession (collectively, the "Debtors") and the last four digits of their respective taxpayer identification numbers are as follows:   Canal Corporation (f/k/a/ Chesapeake Corporation) (6880), Canal NC Company (f/k/a Chesapeake Printing and Packaging Company) (9208), Canal NY Company, Inc. (f/k/a Chesapeake Pharmaceutical Packaging Company, Inc.) (0010), Canal IH Company (f/k/a Chesapeake International Holding Company) (1532), WTM I Company (1080), Sheffield, Inc. (6314), Canal Resources Company (f/k/a Chesapeake Assets Company) (5293), Canal YR Company (f/k/a Chesapeake Recycling Company) (9383), Canal D&P Company (f/k/a Chesapeake Display and Packaging Company) (4207), Canal Virginia Company (f/k/a The Chesapeake Corporation of Virginia) (6783), Canal Corporation (Wisconsin) (f/k/a Chesapeake Corporation (Wisconsin)) (7682), Canal Corporation (Massachusetts) (f/k/a Chesapeake Corporation (Massachusetts)) (7686), Canal Corporation (D.C.) (f/k/a Chesapeake Corporation (D.C.)) (7684), Canal Corporation (Illinois) (f/k/a Chesapeake Corporation (Illinois)) (7685), Canal Corporation (Louisiana) (f/k/a Chesapeake Corporation (Louisiana)) (7681), Canal FP Company, LLC (f/k/a Chesapeake Forest Products Company, LLC) (6880), Canal DE Company (f/k/a Cary St. Company) (9092), Canal DP Company (f/k/a Delmarva Properties, Inc.) (7160), and Canal SH Company (f/k/a Stonehouse Inc.) (2481).

On February __, 2011, the United States Bankruptcy Court for the Eastern District of Virginia (the "Court") signed an order (the "Solicitation Order") which approved the *Disclosure Statement With Respect to the Second Amended Joint Plan of Liquidation of Canal Corporation and Certain of its Affiliated Debtors*, dated February 15, 2011 (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Disclosure Statement") regarding the Plan, and which established certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. The Plan is proposed by the above-captioned debtors and debtors-in-possession except for WTM I Company (collectively the "Plan Debtors"). The Plan is Exhibit A to the Disclosure Statement that accompanies this Ballot. Any party may request, at the Plan Debtors' expense, hard copies of the Disclosure Statement, together with the Plan and other exhibits annexed thereto, from the Balloting Agent. You may wish to seek legal advice concerning the Plan and classification and treatment under the Plan.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you and the Beneficial Owners of the Subordinated Notes if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Subordinated Note Claims and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements under section 1129(b) of the Bankruptcy Code.

**PLEASE READ AND FOLLOW THE ATTACHED INSTRUCTIONS CAREFULLY. COMPLETE, SIGN, AND DATE THIS MASTER BALLOT, AND RETURN IT SO THAT IT IS <u>ACTUALLY RECEIVED</u> BY THE PLAN DEBTORS' BALLOTING AGENT, KURTZMAN CARSON CONSULTANTS LLC, ON OR BEFORE THE VOTING DEADLINE OF 5:00 P.M. PACIFIC TIME ON MARCH 22, 2011. IF THIS MASTER BALLOT IS NOT COMPLETED, SIGNED, AND <u>ACTUALLY RECEIVED</u> BY THE BALLOTING AGENT PRIOR TO THE EXPIRATION OF THE VOTING DEADLINE, THEN THE VOTES TRANSMITTED BY THIS MASTER BALLOT MAY NOT BE COUNTED.**

**Item 1. Certification of Authority to Vote**. The undersigned certifies that as of February 15, 2011, the Record Date, the undersigned (please check the applicable box):

❑ Is a broker, bank, or other Nominee for the Beneficial Owners of the aggregate principal amount of Subordinated Notes listed in Item 2 below, and is the registered Holder of such securities, or

❑ Is acting under a power of attorney and/or agency (a copy of which will be provided upon request) granted by a broker, bank, or other Nominee that is the registered Holder of the aggregate principal amount of Subordinated Notes listed in Item 2 below, or

❑ Has been granted a proxy (an original of which is attached hereto) from a broker, bank or other Nominee, or a Beneficial Owner, that is the registered Holder of the aggregate principal amount of Subordinated Notes listed in Item 2 below,

and, accordingly, has full power and authority to vote to accept or reject the Plan on behalf of the Beneficial Owners of the Subordinated Notes described in Item 2 below.

---

[2]     Capitalized terms used, but not defined herein, shall have the meaning ascribed to them in the Plan.

**Item 2. Subordinated Note Claims Votes**.  The undersigned transmits the following votes of Beneficial Owners in respect of their Subordinated Notes, and certifies that the following Beneficial Owners of Subordinated Notes, as identified by their respective customer account numbers set forth below, are Beneficial Owners of such securities as of February 15, 2011, the Record Date, and have delivered to the undersigned, as Nominee, Ballots casting such votes. (Indicate in the appropriate column the aggregate principal amount voted for each account, or attach such information to this Master Ballot in the form of the following table.)

Please note:  Each Beneficial Owner must vote all his, her, or its Subordinated Note Claims either to accept or reject the Plan, and may not split such vote.

| Your Customer Account Number of Each Beneficial Owner of Subordinated Notes | Principal Amount of Subordinated Notes Voted to ACCEPT the Plan | | Principal Amount of Subordinated Notes Voted to REJECT the Plan | | Principal Amount of Subordinated Notes Opting Out of Third Party Release |
|---|---|---|---|---|---|
| 1. | $ | OR | $ | OR | $ |
| 2. | $ | OR | $ | OR | $ |
| 3. | $ | OR | $ | OR | $ |
| 4. | $ | OR | $ | OR | $ |
| 5. | $ | OR | $ | OR | $ |
| 6. | $ | OR | $ | OR | $ |
| 7. | $ | OR | $ | OR | $ |
| 8. | $ | OR | $ | OR | $ |
| 9. | $ | OR | $ | OR | $ |
| 10. | $ | OR | $ | OR | $ |
| TOTALS | $ | | $ | | $ |

**Item 3.  Certification**.  By signing this Master Ballot, the undersigned certifies that each Beneficial Owner of Subordinated Notes listed in Item 2 above has been provided with a copy of the Disclosure Statement, including the exhibits thereto, and acknowledges that the solicitation of votes is subject to all the terms and conditions set forth in the Disclosure Statement.

Name of Broker, Bank, or Other Nominee:

_____
(Print or Type)


Name of Proxy Holder or Agent for Broker,
Bank, or Other Nominee (if applicable):

_____
(Print or Type)


Participant No.:_____

Signature:_____

Name of Signatory:_____

Title:_____

Street Address:_____

City, State, Zip Code:_____

Telephone Number:  _____

Date Completed:_____

## INSTRUCTIONS FOR COMPLETING THE MASTER BALLOT

THIS MASTER BALLOT MUST BE FORWARDED IN AMPLE TIME TO BE *ACTUALLY RECEIVED* BY THE DEBTORS' BALLOTING AGENT, KURTZMAN CARSON CONSULTANTS LLC, BY 5:00 P.M. PACIFIC TIME ON MARCH 22, 2011 (THE "VOTING DEADLINE"), OR THESE VOTES OF YOUR CUSTOMERS CONTAINED THEREIN MAY NOT BE COUNTED.

FOR MAILING PURPOSES, THE ADDRESS OF THE BALLOTING AGENT IS: CANAL CORPORATION (F/K/A CHESAPEAKE CORPORATION) BALLOTS, C/O KURTZMAN CARSON CONSULTANTS, 2335 ALASKA AVE., EL SEGUNDO, CA 90245.

IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THE PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE BALLOTING AGENT AT (888) 830-4660.

**HOW TO VOTE:**

If you are both the registered owner and Beneficial Owner of any principal amount of Subordinated Notes and you wish to vote such Subordinated Notes, you may complete, execute, and return to the Balloting Agent either a Beneficial Owner Ballot or a Master Ballot.

**If you are transmitting the votes of any Beneficial Owners of Subordinated Notes other than yourself, you may *either*:**

1.  Complete the Beneficial Owner Ballot Items 1 and 4 (other than the signature) and deliver to the Beneficial Owner such "prevalidated" Beneficial Owner Ballot, along with the Disclosure Statement and other materials requested to be forwarded. The Beneficial Owner should complete Items 2, 3 (if applicable), review Item 4, and execute and return the completed Ballot to the Balloting Agent so as to be received on or before the Voting Deadline;

OR

2.  For any Beneficial Owner Ballots you do not "prevalidate":

    Deliver the Beneficial Owner Ballot to the Beneficial Owner, along with the Disclosure Statement and other materials requested to be forwarded, and take the necessary actions to enable such Beneficial Owner to (i) complete and execute such Beneficial Owner Ballot voting to accept or reject the Plan, and (ii) return the completed and executed Beneficial Owner Ballot to you in sufficient time to enable you to complete the Master Ballot and deliver it to the Balloting Agent before the Voting Deadline; and

With respect to all Beneficial Owner Ballots returned to you, you must properly complete the Master Ballot, as follows:

a.  Check the appropriate box in Item 1 on the Master Ballot;

b.  Indicate the votes to accept or reject the Plan, and any elections to opt-out of the Third Party Releases, in Item 2 of this Master Ballot, as transmitted to you by the Beneficial Owners of Subordinated Notes. To identify such Beneficial Owners without

disclosing their names, please use the customer account number assigned by you to each such Beneficial Owner, or if no such customer account number exists, please assign a number to each account (making sure to retain a separate list of each Beneficial Owner and the assigned number). **IMPORTANT: BENEFICIAL OWNERS MAY _NOT_ SPLIT THEIR VOTES. EACH BENEFICIAL OWNER MUST VOTE _ALL_ HIS, HER, OR ITS SUBORDINATED NOTE CLAIMS _EITHER_ TO ACCEPT OR REJECT THE PLAN. IF ANY BENEFICIAL OWNER HAS ATTEMPTED TO SPLIT SUCH VOTE, PLEASE CONTACT THE BALLOTING AGENT IMMEDIATELY.** Any Beneficial Owner Ballot or Master Ballot which is validly executed but which impermissibly attempts to split a vote will be deemed to constitute an acceptance of the Plan;

c.      Review the certification in Item 3 of the Master Ballot;

d.      Sign and date the Master Ballot, and provide the remaining information requested in Item 3;

e.      If additional space is required to respond to any item on the Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable Item of the Master Ballot to which you are responding;

f.      Multiple Master Ballots may be completed and delivered to the Balloting Agent. Votes reflected by multiple Master Ballots will be counted except to the extent that the votes thereon are duplicative of other Master Ballots. If two or more Master Ballots are inconsistent, the latest Master Ballots actually received prior to the Voting Deadline will, to the extent of such inconsistency, supersede and revoke any prior Master Ballot. If more than one Master Ballot is submitted and the later Master Ballot supplements rather than supersedes the earlier Master Ballot(s), please mark the subsequent Master Ballot with the words "Additional Vote" or such other language as you customarily use to indicate an additional vote that is not meant to revoke an earlier vote; and

g.      Deliver the completed and executed Master Ballot so that it is _**actually received**_ by the Balloting Agent on or before the Voting Deadline. For each completed and executed Beneficial Owner Ballot returned to you by a Beneficial Owner, either forward such Beneficial Owner Ballot (along with your Master Ballot) to the Balloting Agent or retain such Beneficial Owner Ballot in your files for at least one year from the Voting Deadline.

**PLEASE NOTE:**

With respect to the tabulation of Master Ballots and Ballots cast by Nominees and Beneficial Owners, the following additional rules shall apply: (a) Votes cast by Beneficial Owners through a Nominee will be applied against the positions held by such entities in the securities as of the Record Date, as evidenced by the record and depository listings. Votes submitted by a Nominee, whether pursuant to a Master Ballot or pre-validated Ballots, will not be counted in excess of the amount of the Claim held on the Record Date (the "Record Amount") of such securities held by such Nominee; (b) to the extent that conflicting votes or "overvotes" are submitted by a Nominee, whether pursuant to a Master Ballot or pre-validated Ballots, the Balloting Agent will attempt to reconcile discrepancies with the Nominees; (c) to the extent that overvotes on a Master Ballot or pre-validated Ballots are not reconcilable prior to the preparation of the vote certification, the Balloting Agent will apply the votes to accept and to reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballot or pre-validated

Ballots that contained the overvote, but only to the extent of the Nominee's position in the security; and (d) for purposes of tabulating votes, each Beneficial Owner will be deemed to have voted the principal amount relating to such security, although the Balloting Agent may be asked to adjust such principal amount to reflect the claim amount.

This Master Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan or to opt-out of the Third Party Release. Holders should not surrender, at this time, certificates representing their securities. The Balloting Agent will not accept delivery of any such certificates surrendered together with this Master Ballot.

No Beneficial Owner Ballot or Master Ballot shall constitute or be deemed a proof of claim, an assertion of a Claim or an admission by the Plan Debtors of the nature, validity or amount of any Claim or Interest.

**NOTHING CONTAINED HEREIN OR IN THE ENCLOSED DOCUMENTS SHALL RENDER YOU OR ANY OTHER PERSON THE AGENT OF ANY PLAN DEBTOR OR KURTZMAN CARSON CONSULTANTS, OR AUTHORIZE YOU OR ANY OTHER PERSON TO USE ANY DOCUMENT OR MAKE ANY STATEMENTS ON BEHALF OF ANY OF THEM WITH RESPECT TO THE PLAN OR DISCLOSURE STATEMENT, EXCEPT FOR THE STATEMENTS CONTAINED IN THE ENCLOSED DOCUMENTS.**

**EXHIBIT 3-d**
**(Class 4 - Ballot)**

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 08-36642-DOT |
| | ) | |
| CANAL CORPORATION, *et al.*, | ) | Chapter 11 |
| | ) | |
| Debtors.[3] | ) | (Jointly Administered) |
| | ) | |
| | ) | |

**BALLOT FOR HOLDER OF IRS SETTLEMENT CLAIM FOR ACCEPTING OR REJECTING THE SECOND AMENDED JOINT PLAN OF LIQUIDATION OF CANAL CORPORATION AND CERTAIN OF ITS AFFILIATED DEBTORS**

This ballot (the "Ballot") is being sent to the party holding the IRS Settlement Claim.[4]. If you hold Claims in other Classes in which you are entitled to vote, you will receive a Ballot for each such other Class.

On February __, 2011, the United States Bankruptcy Court for the Eastern District of Virginia (the "Court") signed an order (the "Solicitation Order") which approved the *Disclosure Statement With Respect to the Second Amended Joint Plan of Liquidation of Canal Corporation and Certain of its Affiliated Debtors*, dated February 15, 2011 (including all exhibits thereto and as amended, modified or supplemented from time to time, the "Disclosure Statement") regarding the *Second Amended Joint Plan of*

---

[3]      The debtors and debtors-in-possession (collectively, the "Debtors") and the last four digits of their respective taxpayer identification numbers are as follows: Canal Corporation (f/k/a/ Chesapeake Corporation) (6880), Canal NC Company (f/k/a Chesapeake Printing and Packaging Company) (9208), Canal NY Company, Inc. (f/k/a Chesapeake Pharmaceutical Packaging Company, Inc.) (0010), Canal IH Company (f/k/a Chesapeake International Holding Company) (1532), WTM I Company (1080), Sheffield, Inc. (6314), Canal Resources Company (f/k/a Chesapeake Assets Company) (5293), Canal YR Company (f/k/a Chesapeake Recycling Company) (9383), Canal D&P Company (f/k/a Chesapeake Display and Packaging Company) (4207), Canal Virginia Company (f/k/a The Chesapeake Corporation of Virginia) (6783), Canal Corporation (Wisconsin) (f/k/a Chesapeake Corporation (Wisconsin)) (7682), Canal Corporation (Massachusetts) (f/k/a Chesapeake Corporation (Massachusetts)) (7686), Canal Corporation (D.C.) (f/k/a Chesapeake Corporation (D.C.)) (7684), Canal Corporation (Illinois) (f/k/a Chesapeake Corporation (Illinois)) (7685), Canal Corporation (Louisiana) (f/k/a Chesapeake Corporation (Louisiana)) (7681), Canal FP Company, LLC (f/k/a Chesapeake Forest Products Company, LLC) (6880), Canal DE Company (f/k/a Cary St. Company) (9092), Canal DP Company (f/k/a Delmarva Properties, Inc.) (7160), and Canal SH Company (f/k/a Stonehouse Inc.) (2481).

[4]      Capitalized terms used, but not defined herein, shall have the meaning ascribed to them in the Plan.

*Liquidation of Canal Corporation and Certain of its Affiliated Debtors* (as the same may be further amended or modified, the "<u>Plan</u>"), and which established certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. Please use this Ballot to cast your vote to accept or reject the Plan, which is proposed by the above-captioned debtors and debtors-in-possession except for WTM I Company (collectively the "<u>Plan Debtors</u>"). The Plan is <u>Exhibit A</u> to the Disclosure Statement that accompanies this Ballot. Any party may request, at the Plan Debtors' expense, hard copies of the Disclosure Statement, together with the Plan and other exhibits annexed thereto, from the Balloting Agent. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the IRS Settlement Claim and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements under section 1129(b) of the Bankruptcy Code.

**THIS BALLOT IS TO BE USED BY HOLDERS OF CLASS 4 IRS SETTLEMENT CLAIM. PLEASE COMPLETE, SIGN AND DATE THIS BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE TO THE AGENT SUPERVISING THE SOLICITATION, TABULATION, AND BALLOTING PROCESS (THE "<u>BALLOTING AGENT</u>"). THE VOTING DEADLINE IS 5:00 P.M. PREVAILING PACIFIC TIME ON MARCH 22, 2011.**

> **ITEM 1.      CLASS 4 CLAIM. The undersigned certifies that as of February 15, 2011 (the "Record Date"), it held the IRS Settlement Claim:**
>
> **ITEM 2.      CLASS 4 (IRS SETTLEMENT CLAIM) VOTE. The Holder of the IRS Settlement Claim votes:**
>
> ☐ to ACCEPT the Plan            ☐ to REJECT the Plan
>
> **A VOTE TO ACCEPT THE PLAN CONSTITUTES AN ACCEPTANCE AND CONSENT TO THE THIRD PARTY RELEASE SET FORTH IN SECTION 9.5 OF THE PLAN. A VOTE TO REJECT THE PLAN INCLUDES A REJECTION OF THE THIRD PARTY RELEASE SET FORTH IN SECTION 9.5 OF THE PLAN. IF YOU ABSTAIN (CHOOSE NOT TO VOTE), SEE ITEM 3 BELOW. PLEASE SEE SECTION 9.5 OF THE PLAN FOR INFORMATION ABOUT THE THIRD PARTY RELEASE.**
>
> **ANY BALLOT WHICH INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN OR DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN WILL NOT BE COUNTED, <u>PROVIDED</u>, <u>HOWEVER</u>, THAT A PARTY THAT DOES NOT CAST A VOTE MAY OPT TO ACCEPT OR REJECT THE THIRD PARTY RELEASE PROVISIONS IN SECTION 9.5 OF THE PLAN BY CHECKING THE APPROPRIATE BOX IN ITEM 3 BELOW.**
>
> **ITEM 3.      RELEASE OPT-OUT ELECTION:**

**COMPLETE THIS ITEM 3 ONLY IF YOU DID NOT VOTE TO EITHER ACCEPT OR REJECT THE PLAN IN ITEM 2 ABOVE.  PURSUANT TO THE PLAN, IF YOU RETURN A BALLOT, AND VOTE TO ACCEPT THE PLAN, YOU ARE AUTOMATICALLY DEEMED TO HAVE ACCEPTED THE THIRD PARTY RELEASE IN SECTION 9.5 OF THE PLAN.  YOU ALSO ARE DEEMED TO HAVE ACCEPTED THE THIRD PARTY RELEASE IN SECTION 9.5 OF THE PLAN IF YOU DO NOT CAST A VOTE WITH RESPECT TO THE PLAN, HOWEVER, IN THIS INSTANCE ONLY, YOU MAY CHECK A BOX BELOW TO ACCEPT OR REJECT THE THIRD PARTY RELEASE.**

**The Holder of the IRS Settlement Claim elects:**

☐   to ACCEPT THE THIRD PARTY RELEASE

☐   to REJECT THE THIRD PARTY RELEASE

**ITEM 4.        CERTIFICATION.  By signing this Ballot, the Holder of the IRS Settlement Claim certifies that it:**

**M.**  is the Holder of the IRS Settlement Claim;

**N.  has been provided with a copy of the Plan and the Disclosure Statement and that it acknowledges that the vote, or the election concerning the Third Party Release in Section 9.5 of the Plan, set forth on this Ballot is subject to all the terms and conditions set forth in the Plan and the Disclosure Statement;**

**O.  has full power and authority to vote to accept or reject the Plan and to elect to accept or reject the Third Party Release in Section 9.5 of the Plan; and**

**P.  has not submitted any other Ballots relating to the IRS Settlement Claim that are inconsistent with the vote or election as set forth in this Ballot or that, as limited by the terms of the Solicitation Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote or election set forth herein.**

Name: _____

(Print or Type)

Social Security Or Federal Tax I.D. No.:_____

(Optional)

Signature:_____

By:_____

(If Appropriate)

Title:_____

_____
     (If Appropriate)

Street Address:_____

City, State, Zip Code:_____
_____

Telephone Number: _____
_____

Date Completed:_____
_____

No fees, commissions or other remuneration will be payable to any broker, dealer or other person for soliciting votes on the Plan. This Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan or to elect to accept or reject the Third Party Release in Section 9.5 of the Plan. Holders should not surrender, at this time, certificates representing their securities. The Balloting Agent will not accept delivery of any such certificates surrendered together with a Ballot. Moreover, this Ballot shall not constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

---

**YOUR VOTE MUST BE ACTUALLY RECEIVED BY THE BALLOTING AGENT, BY 5:00 P.M. PACIFIC TIME ON MARCH 22, 2011, OR YOUR VOTE WILL NOT BE COUNTED. FACSIMILE OR OTHER MEANS OF ELECTRONIC TRANSMISSION OF THIS BALLOT WILL NOT BE ACCEPTED.**

---

**IF YOU HAVE QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE BALLOTING AGENT AT (888) 830-4660**

## VOTING INSTRUCTIONS

All capitalized terms used in the ballot (the "Ballot") or these instructions but not otherwise defined therein shall have the meanings ascribed to them in the Plan.

Please read and follow these instructions carefully. You must transmit this Ballot to the Balloting Agent by no later than 5:00 p.m. prevailing Pacific Time on March 22, 2011, unless such time is extended (the "Voting Deadline"), or your Ballot will not be counted.

In order for your vote to count, you must:

- Complete Item 1;

- Cast ONE vote to accept or reject the Plan by checking the proper box in Item 2;

- Review the certifications in Item 4;

- Sign the Ballot – Your original signature is required on the Ballot in order for your vote to count;

- If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and provide proof of your authorization to so sign. In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot; and

- Return the completed Ballot to the Balloting Agent in the pre-addressed stamped envelope enclosed with this Ballot.

**IF YOU DO NOT CAST A VOTE WITH RESPECT TO THE PLAN, YOU MAY COMPLETE ITEM 3 TO ELECT TO ACCEPT OR REJECT THE THIRD PARTY RELEASE.**

If you believe you received the wrong form of Ballot, or if you need additional Ballots, please immediately contact the Balloting Agent.

If you wish to have your Claim allowed for purposes of voting on the Plan in a manner that is inconsistent with the Ballot you received or if you did not receive a Ballot and wish to have your Claim temporarily allowed for voting purposes only, you must serve on the Plan Debtors and file with the Bankruptcy Court, on or before March 8, 2011, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (an "Estimation Motion"). An Estimation Motion must set forth with particularity the amount and classification of which you believe your Claim should be allowed for voting purposes, and the evidence in support of your belief. In respect of any timely filed Estimation Motion, the Ballot in question shall be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Confirmation Hearing or (b) if such an order has not been entered by the Confirmation Hearing and unless the Plan Debtors and you have come to an agreement as to the relief requested in the Estimation Motion, in an amount equal to the preprinted amount on the Ballot or in the event you did not receive a Ballot, you shall not have a Ballot counted at all. The Court will schedule a hearing on such Estimation Motion to be heard at or prior to the Confirmation Hearing.

If multiple Ballots are received from the same person with respect to the same Claims prior to the Voting Deadline, the last Ballot timely received will supersede and revoke any earlier received Ballot. However, if a Holder of Claims casts Ballots received by the Balloting Agent on the same day, but which are voted inconsistently, such Ballots will not be counted.

Any Ballot that is illegible or that contains insufficient information to permit the identification of the claimant will not be counted.

Properly executed Ballots that attempt to partially accept and partially reject the Plan will not be counted.

After the Voting Deadline, no Ballot may be withdrawn or modified without the prior consent of the Plan Debtors.

This Ballot does not constitute, and shall not be deemed to be, a proof of claim or an assertion or admission of a Claim.

If you hold Claims in more than one Class under the Plan, you may receive more than one Ballot for each different Class. Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you receive.

**PLEASE MAIL YOUR BALLOT PROMPTLY. FACSIMILE OR OTHER ELECTRONIC (INCLUDING E-MAIL) TRANSMISSION OF THIS BALLOT WILL NOT BE ACCEPTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THE PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE BALLOTING AGENT AT (888) 830-4660.**

**FOR MAILING PURPOSES, THE ADDRESS OF THE BALLOTING AGENT IS: CANAL CORPORATION (F/K/A CHESAPEAKE CORPORATION) BALLOTS, C/O KURTZMAN CARSON CONSULTANTS, 2335 ALASKA AVE., EL SEGUNDO, CA 90245.**

<u>EXHIBIT 4</u>

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 08-36642-DOT |
| | ) | |
| CANAL CORPORATION, *et al.*, | ) | Chapter 11 |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |
| | ) | |

**NOTICE OF (I) POSSIBLE ASSUMPTION OR ASSUMPTION AND ASSIGNMENT OF
EXECUTORY CONTRACTS AND UNEXPIRED LEASES; (II) FIXING OF CURE
<u>AMOUNTS; AND (III) DEADLINE TO OBJECT THERETO</u>**

**PLEASE TAKE NOTICE** that on January 7, 2011, the above-captioned debtors and debtors-in-possession except for WTM I Company (collectively, the "<u>Plan Debtors</u>") filed in the United States Bankruptcy Court for the Eastern District of Virginia (the "<u>Bankruptcy Court</u>") the *Debtors' Motion for Order (I) Approving the Disclosure Statement; (II) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Plan, Including (A) Approving Form and Manner of Solicitation Procedures, (B) Approving Form and Notice of the Confirmation Hearing, (C) Establishing Record Date and Approving Procedures for Distribution of Solicitation Packages, (D) Approving Forms of Ballots, (E) Establishing Deadline for Receipt of Ballots and (F) Approving Procedures for Vote Tabulations; (III) Establishing Deadline and Procedures for Filing Objections (A) to Confirmation of the Plan, and (B) to Proposed Cure Amounts; and (IV) Granting Related Relief* (the "<u>Voting Procedures Motion</u>"). The Voting Procedures Motion sought approval of, among other things, procedures for the fixing of Cure Amounts (as defined below) in connection with the potential assumption or assumption and assignment of certain executory contracts and unexpired leases (collectively, the "<u>Contracts</u>") pursuant to the *Second Amended Joint Plan of Liquidation of Canal Corporation and Certain of its Affiliated Debtors*, dated February 15,

---

[1]        The debtors and debtors-in-possession (collectively, the "<u>Debtors</u>") and the last four digits of their respective taxpayer identification numbers are as follows:   Canal Corporation (f/k/a/ Chesapeake Corporation) (6880), Canal NC Company (f/k/a Chesapeake Printing and Packaging Company) (9208), Canal NY Company, Inc. (f/k/a Chesapeake Pharmaceutical Packaging Company, Inc.) (0010), Canal IH Company (f/k/a Chesapeake International Holding Company) (1532), WTM I Company (1080), Sheffield, Inc. (6314), Canal Resources Company (f/k/a Chesapeake Assets Company) (5293), Canal YR Company (f/k/a Chesapeake Recycling Company) (9383), Canal D&P Company (f/k/a Chesapeake Display and Packaging Company) (4207), Canal Virginia Company (f/k/a The Chesapeake Corporation of Virginia) (6783), Canal Corporation (Wisconsin) (f/k/a Chesapeake Corporation (Wisconsin)) (7682), Canal Corporation (Massachusetts) (f/k/a Chesapeake Corporation (Massachusetts)) (7686), Canal Corporation (D.C.) (f/k/a Chesapeake Corporation (D.C.)) (7684), Canal Corporation (Illinois) (f/k/a Chesapeake Corporation (Illinois)) (7685), Canal Corporation (Louisiana) (f/k/a Chesapeake Corporation (Louisiana)) (7681), Canal FP Company, LLC (f/k/a Chesapeake Forest Products Company, LLC) (6880), Canal DE Company (f/k/a Cary St. Company) (9092), Canal DP Company (f/k/a Delmarva Properties, Inc.) (7160), and Canal SH Company (f/k/a Stonehouse Inc.) (2481).

2011 (as amended, the "<u>Plan</u>"),[2] and the deadline to object to such Cure Amounts, assumptions or assumptions and assignments.

      **PLEASE TAKE FURTHER NOTICE** that on the schedule annexed hereto as <u>Exhibit A</u>, the Plan Debtors have indicated the cure amounts that the Plan Debtors believe must be paid to compensate the non-Plan Debtor parties for any actual pecuniary losses arising from any defaults under the Plan Debtors' Contracts that may be assumed, or assumed and assigned, under the Plan (in each instance, the "<u>Cure Amount</u>").[3]

      **PLEASE TAKE FURTHER NOTICE** that any party objecting to the Cure Amounts, whether or not such party previously filed a proof of claim with respect to amounts due under the applicable agreement, or objecting to the potential assumption or assumption and assignment of such Contract(s), shall be required to file and serve an objection, in writing, setting forth with specificity any and all cure obligations that the objecting party asserts must be cured or satisfied in respect of the Contracts and/or any and all objections to the potential assumption or assumption and assignment of such agreements, together with all documentation supporting such cure claim or objection. Any objections to the proposed assumption or assumption and assignment of the Contract(s) and/or the corresponding Cure Amount(s), must be filed with the Clerk of the Bankruptcy Court for the Eastern District of Virginia, 701 East Broad Street, Suite 4000, Richmond, Virginia 23219, and served upon each of the following notice parties so that the objection is received no later than **March 22, 2011, at 4:00 p.m. prevailing Eastern Time** (the "<u>Cure Objection Deadline</u>"):

      <u>The Plan Debtors</u>: Hunton & Williams LLP, Riverfront Plaza, East Tower, 951 East Byrd Street, Richmond, Virginia 23219-4074, Attn: Jason W. Harbour, Esq.

      <u>The Creditors Committee</u>: (i) Greenberg Traurig, LLP, 77 West Wacker Drive, Suite 3100, Chicago, Illinois 60601, Attn: Nancy A. Peterman, Esq., and (ii) Greenberg Traurig, LLP, 200 Park Avenue, New York, New York 10166, Attn: Alan J. Brody, Esq.

      <u>The Office of the United States Trustee</u>: 701 E. Broad St., Suite 4304, Richmond, Virginia 23219-1888, Attn: Robert B. Van Arsdale, Esq.

      **PLEASE TAKE FURTHER NOTICE** that if an objection is timely filed and the parties are unable to settle such objection, a hearing with respect to the assumption or assumption and assignment of your Contract and/or your Cure Amount will be held at the time of the Confirmation Hearing (**March 29, 2011, at 11:00 a.m. prevailing Eastern Time** or such other hearing date to which the parties may mutually agree before Chief Judge Douglas O. Tice, Jr., United States Bankruptcy Court for the Eastern District of Virginia, 701 East Broad Street, Room 5100, Richmond, Virginia 23219.

      **PLEASE TAKE FURTHER NOTICE** that in the event that no objection is timely filed with respect to a Contract, the counterparty to such Contract shall be deemed to have consented to the Cure

---

[2]    Capitalized terms used, but not defined herein, shall have the meanings ascribed to them in the Plan.

[3]    To the extent that any Contract previously has been rejected in part, with respect to certain portions of a Contract, the inclusion of such Contract on <u>Exhibit A</u> refers solely to the proposed assumption of those portions of the Contract not previously rejected pursuant to Court Order.

Amount proposed by the Plan Debtors and shall be forever enjoined and barred from seeking any additional amount(s) on account of the Plan Debtors' cure obligations under section 365 of the Bankruptcy Code or otherwise from the Plan Debtors or their Estates.  In addition, if no timely objection is filed with respect to a Contract, upon the Effective Date of the Plan, the Plan Debtors or the assignee, and the counterparty to such Contract shall enjoy all of the rights and benefits under the Contract without the necessity of obtaining any party's written consent to the Plan Debtors' assumption or assumption and assignment of the Contract, and such counterparty shall be deemed to have waived any right to object, consent, condition or otherwise restrict the Plan Debtors' assumption or assumption and assignment of the Contract.

**PLEASE TAKE FURTHER NOTICE** that if you agree with assumption or assumption and assignment of your Contract and the Cure Amount indicated, you need not take any further action.

**PLEASE TAKE FURTHER NOTICE** that the inclusion of a Contract herein is without prejudice to the Plan Debtors' right to modify their election to assume, assume and assign or to reject such Contract prior to the entry of a final, non-appealable order (which order may be the order confirming the Plan) deeming such Contract assumed, assumed and assigned or rejected, and inclusion of a Contract herein is not a final determination that such Contract will, in fact, be assumed or assumed and assigned.

**PLEASE TAKE FURTHER NOTICE** that the inclusion of a Contract herein shall not constitute or be deemed to be a determination or admission by the Plan Debtors that such document is, in fact, an executory contract or unexpired lease within the meaning of section 365 of the Bankruptcy Code or that the Plan Debtors have any liability thereunder.

Dated:  February 22, 2011

HUNTON & WILLIAMS LLP

  /s/  *Jason W. Harbour*             
Benjamin C. Ackerly (VSB No. 09120)
Jason W. Harbour (VSB No. 68220)
Shannon E. Daily (VSB No. 79334)
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
Telephone:  (804) 788-8200
Telecopier:  (804) 788-8218

Peter S. Partee (VSB No. 34140)
200 Park Avenue, 53rd Floor
New York, New York  10166-0136
Telephone:  (212) 309-1000
Telecopier:  (212) 309-1100

*Attorneys for the Debtors*